UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| **VIKRAM P. GROVER d/b/a** "IX ADVISORS" a/k/a "IXA," | : : : |
| **Plaintiff,** | : : |
| v. | : : : |
| **NET SAVINGS LINK, INC.,** a Colorado corporation and formerly organized as a Nevada corporation, **WILTON GROUP, LIMITED,** as registered in the Isle of Man, U.K., **WILTON UK (GROUP), LIMITED,** as registered in England and Wales, U.K., **CHINA FOOD AND BEVERAGE CO.,** a Colorado corporation, and **JAMES A. TILTON,** | : : : : : : : : : : : : : : |
| **Defendants.** | : : |

Civil Action No. 1:21-cv-05054
Honorable Mary M. Rowland

===============================

**PLAINTIFF VIKRAM P. GROVER'S INITIAL STATUS REPORT**

The Plaintiff, Vikram P. Grover (hereinafter "Mr. Grover" or the "Plaintiff"), pursuant to Federal Rule of Civil Procedure 26(f) and as ordered by the Honorable U.S. District Court for the Northern District of Illinois, respectfully submits his Initial Status Report. The Plaintiff is submitting this Initial Status Report solely on his own behalf, as none of the Defendants, despite having been served with process, have filed a responsive pleading or even entered an appearance in the pending litigation. As detailed below, the Plaintiff has filed Requests for Entry of Default Pursuant to Rule 55(a) against each Defendant in this action.

1

## I. NATURE OF THE CASE

A. The Plaintiff's attorney of record is Philip M. Giordano, Esq. (admitted *pro hac vice*), REED & GIORDANO, P.A., Giordano & Company, P.C., 47 Winter Street, Suite 800 Boston, Massachusetts 02108-4774; Telephone: (617) 723-7755; Facsimile: (617) 723-7756; Email: pgiordano@reedgfiordano.com. The Plaintiff has also engaged local counsel, Jeffrey R. Tone, Esq., KATTEN & TEMPLE, LLP, 209 South LaSalle Street, Suite 950 Chicago, Illinois 60604; Telephone: (312) 663-4400; Facsimile: (312) 663-0900; Email: jtone@kattentemple.com. As of the date hereof, no counsel on behalf of any Defendant has filed a Notice of Appearance in the instant action.

B. The basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, as the Parties are of complete diversity and the amount in controversy exceeds $75,000.00. The Plaintiff Vikram P. Grover d/b/a IX Advisors a/k/a IXA, is an individual residing at 2810 Bristol Drive, Unit No. 309, Lisle, Illinois 60532. Defendant Net Savings Link, Inc. (hereinafter "NSAV"), is a Colorado corporation (Colorado Entity ID No. 20171168922), having its principal place of business located at 2374 Route 390, Post Office Box 609, Mountainhome, Pennsylvania 18342. The Defendant, Wilton-Isle of Man, is, and was, an entity registered in the Isle of Man, the United Kingdom of Great Britain and Northern Ireland (hereinafter the "U.K."), with a registered number 015996V and with a registered office at Grosvenor House, 66-67 Athol Street, Douglas, Isle of Man, IM1 1JE, U.K. The Defendant, Wilton-UK, is, and was, an entity registered in England and Wales, in the U.K., with a registered number 04179664 and with a registered office at 26 Grosvenor Street, Mayfair, London W1K 4QW, U.K. China Food and Beverage Company (hereinafter "CHIF"), is a Colorado corporation (Colorado Entity ID No. 20191953400), having its principal place of business located at 26 Grosvenor Street, Mayfair, London, England, U.K. W1K 4QW. The

Defendant, James A. Tilton (hereinafter "Tilton"), is an individual domiciled in New York at 175 W 93rd Street, Apartment No. 5D, New York City, New York 10025.

On September 24, 2021, this Honorable Court ordered the Plaintiff to file his Jurisdictional Supplement, in that the Plaintiff had based certain jurisdictional allegations upon "information and belief," which are insufficient to establish diversity jurisdiction in the District Court for the Northern District of Illinois. On October 20, 2021, the Plaintiff filed his Jurisdictional Supplement, which established subject matter jurisdiction, based upon diversity, in this action.  Also on October 20, 2021, a minute order was entered by this Court with the finding that the Plaintiff, having established, at least for pleading purposes, that there is complete diversity, has complied with this Court's order requiring a jurisdictional supplement as to subject matter jurisdiction. (ECF No. 7).

C. The Plaintiff, Vikram P. Grover, has alleged causes of action based upon breach of contract, unjust enrichment, violations of Illinois Securities Law of 1953, *as amended*, 815 ILCS §§ 5/, *et seq*.; "control person liability," as provided by the Illinois Securities Law of 1953, *as amended,* 815 ILSC § 5/2.4; Illinois Wage Payment and Collection Act (hereinafter the "IWPCA"), *as amended,* 820 ILCS §§ 115/1, *et seq*.; violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, *as amended,* 815 ILCS §§ 505, tortious interference and,  *inter alia*, related claims against the Defendants.

D. The Plaintiff seeks damages based upon the failure to the Defendants to deliver to Mr. Grover a total of 484,375,000 shares of NSAV's Series B preferred shares, which are convertible, on a one-to-one basis, into the publicly tradeable shares of NSAV common stock. The Plaintiff notes that, according to OTCMarkets.com, NSAV has traded at a high of $0.1493 / share, and a low of $0.0003 / share in the past fifty-two (52) weeks. Plaintiff Grover states that NSAV common stock closed at $0.025 / share on January 6, 2022, which, for 484,375,000 shares, equals

damages of approximately $12,109,375.00. Given the price, volume and float of the Defendant's public shares, the Plaintiff has also requested specific performance for the issuance and delivery of the 484,375,000 Series B preferred NSAV shares, convertible into freely tradeable shares of NSAV common stock. The Plaintiff also seeks general, special, and consequential damages, including, but not limited to general, special, and consequential damages, including, but not limited to, loss of profits, lost opportunity, interest, and other damages, injuries, and losses, in accordance with his statutory claims, and costs, interest, and reasonable attorney's fees, .

E.   The material legal issues include the Illinois securities laws, the Consumer Fraud and Deceptive Businesses Practices violations, the Wage Act, breaches of contract, the terms and conditions of the employment of Grover and the compensation due to the Plaintiff. The major factual issues are likely to arise as to the liability of the certain Defendants as "control persons," or otherwise pursuant to the various statutory claims filed by the Plaintiff. Grover asserts that the claims for breach of contract and his rights as a third-party beneficiary are clear and unequivocal, due to an absence of ambiguities in the contracts. In short, there can be no dispute that Defendant NSAV has failed to deliver shares of NSAV stock to the Plaintiff, as his compensation.

F.   The Plaintiff states that each Defendant has been served with process and all Defendants have failed to file an Answer or other responsive pleading, on a timely basis or at all. To date, no Defendant has engaged counsel who has filed a Notice of Appearance in this action. On December 23, 2021, the Plaintiff filed his Request for Entry of Default Pursuant to Rule 55(a) as to Defendants Wilton UK Group Limited, and Wilton Group Limited. On December 24th, the Plaintiff filed his Request for Entry of Default Pursuant to Rule 55(a) as to Defendants Net Savings Link, Inc., and China Food and Beverage Co. Finally, on December 30, 2021, the Plaintiff filed

his Request for Entry of Default Pursuant to Rule 55(a) as to Defendant James A. Tilton. No Defendant has filed papers in response to any Request for Entry of Default Pursuant to Rule 55(a).

## II. DISCOVERY AND PENDING MOTIONS

    A.    In the event that the Defendants seek to defend the litigation, the Plaintiff intends to utilize standard discovery methods, including written discovery, depositions, and third-party discovery. The Plaintiff may seek discovery by Letters Rogatory, if necessary, as to discovery of Defendants Wilton UK Group Limited and Wilton Group Limited, which are duly organized and headquartered in the United Kingdom. The Plaintiff will likely seek electronic discovery and serve Requests for Production of Documents, Interrogatories, Requests for Admissions, Deposition Notices and third-party discovery.

    B.    Rule 26(a)(1) Disclosures and the issuance of the first set of discovery requests will likely occur in the first quarter of 2022.

    C.    The Plaintiff anticipates using expert discovery.

    D.    Subject to the pending Rule 55(a) Requests, the Plaintiff anticipates filing motions for interim pre-judgment relief.

    E.    The Plaintiff agrees to service of pleadings and other papers by electronic means pursuant to Federal Rules of Civil Procedure 5(b)(2)(E).

## III. TRIAL

    A.    The Plaintiff has filed a Complaint with a Demand for a Jury Trial.

    B.    In the event that the Defendants seek to defend the litigation and subject to discovery requirements, the Plaintiff anticipates being ready for trial in late 2022 or early 2023.

    C.    The Plaintiff estimates that trial will be approximately one (1) to two (2) weeks.

## IV. CONSENT AND SETTLEMENT DISCUSSIONS

A. In the event that the Defendants seek to defend the litigation, the Plaintiff is willing to discuss with the Defendants the jurisdiction of the Magistrate Judge.

B. To date, no settlement discussions have occurred.

C. The Plaintiff does not request a settlement conference at this time.


Dated: January 7, 2022                        Respectfully submitted,
PLAINTIFF, Vikram P. Grover,

By his Attorneys,


    */s/ Philip M. Giordano*
Philip M. Giordano, Esq. (admitted *pro hac vice*)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
47 Winter Street, Suite 800
Boston, Massachusetts 02108-4774
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com


Jeffrey R. Tone, Esq.
KATTEN & TEMPLE, LLP
The Rookery Building
209 South LaSalle Street, Suite 950
Chicago, Illinois 60604
Telephone: (312) 663-4400
Facsimile: (312) 663-0900
Email: jtone@kattentemple.com

## **CERTIFICATE OF SERVICE**

      I, Philip M. Giordano, do hereby certify that on this 7th day of January, 2022, I caused to be served a true and correct copy of Plaintiff Vikram Grover's Initial Status Report as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all parties or counsel of record

Dated: January 7, 2022                                */s/ Philip M. Giordano*
                                                             Philip M. Giordano