UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

VIKRAM P. GROVER d/b/a
 "IX ADVISORS" a/k/a "IXA,"

      Plaintiff,

      v.

NET SAVINGS LINK, INC., a
 Colorado corporation and formerly
 organized as a Nevada corporation,
WILTON GROUP, LIMITED, as
 registered in the Isle of Man, U.K.,
WILTON UK (GROUP), LIMITED, as
 registered in England and Wales, U.K.,
CHINA FOOD AND BEVERAGE CO.,
 a Colorado corporation, and
JAMES A. TILTON,

      Defendants.

===============================

Civil Action No. 1:21-CV-05054
Honorable Mary M. Rowland

**REQUEST FOR HEARING**

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
HIS MOTION FOR SUMMARY JUDGMENT FOR DAMAGES AND
EQUITABLE RELIEF AGAINST DEFENDANT JAMES A. TILTON**

**I. INTRODUCTION**

The Plaintiff, Vikram P. Grover d/b/a IX Advisors a/k/a IXA (hereinafter the "Plaintiff," or "Plaintiff Grover"), pursuant to Rules 56 of the Federal Rules of Civil Procedure and Rule 56.1(c) of the Local Rules of the United States District Court for the Northern District of Illinois, respectfully submits his Reply Memorandum in Support of Summary Judgment on Counts V-XV, inclusive, of Plaintiff's Complaint, as alleged against the Defendant, James A. Tilton (hereinafter the "Defendant" or "Tilton") in the above-captioned action. As set forth below, Defendant Tilton has failed to submit any papers which demonstrate that any material fact is in dispute, or that the

1

Plaintiff is not entitled to a Summary Judgment as a matter of law. Furthermore, the Plaintiff contends that Defendant's Paragraph 10 of his "Response," dated February 21, 2024 (hereinafter the "Response") and "Additional Response" to the Summary Judgment Motion, as filed on February 27, 2024, in violation of this Court's Minute Entry, dated December 5, 2023 (hereinafter the "December 5th Order' or the "Order") and must be stricken. *See* Dkt. No. 146.

For the reasons stated previously and in the Reply Memorandum herewith, Plaintiff Grover hereby respectfully reasserts his request that Summary Judgment be entered against Defendant Tilton as to Count V (Unjust Enrichment), Count VI (Tortious Interference with Advantageous Business and Contractual Relations), Count VII (Tortious Interference with Prospective Economic Advantage), Count VIII (Promissory Estoppel/Detrimental Reliance – Oral Contract), Count IX (Fraud and Deceit), Count X (Negligent Misrepresentation), Count XI (Violations of Illinois Wage Act/ 820 ILCS §§ 115/1), Count XII (Violations of Illinois Securities Law of 1953), Count XIII ("Controlling Persons" Liability Under Illinois Securities Law of 1953), Count XIV (Violations of Illinois Consumer Fraud and Deceptive Business Practices Act/ILCS §§ 505), and Count XV (Civil Conspiracy).

The Plaintiff respectfully requests a hearing and oral argument on its Motion for Summary Judgment against Defendant Tilton.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff restates, and incorporates by reference, his "Factual and Procedural Background" and "Statement of Undisputed Material Facts" (hereinafter "SMF"), as previously submitted and attached to his original Memorandum of Law.

## III. STANDARD OF REVIEW

The Plaintiff restates, and incorporates by reference, his "Standard of Review" as previously submitted in his original Memorandum of Law.

# IV. ARGUMENT

## A. Defendant's Response Fails to Raise Any Genuine Issue of Material Fact or Argument That Plaintiff is Not Entitled to Judgment As a Matter of Law

To begin, Defendant's underdeveloped factual contentions and failure to substantiate such facts with any foundation in law demonstrates that there is no genuine issue of material fact or legal basis that obstructs the award of Summary Judgment in favor of Plaintiff. Rule 56(e) of the Federal Rules of Civil Procedure states:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."

Fed. R. Civ. P. 56(e). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," and must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Here, Defendant, as the nonmoving party, has failed to reach his burden in demonstrating that there is a genuine issue in this case. First, the factual contentions in Defendant's Response are largely unsubstantiated by any evidence or supporting documentation. Indeed, Defendant provides only one supporting document to attempt to prove the validity of one of his factual contentions on a largely irrelevant point. *See* Defendant's Response, p. 4, ¶ 12. The "supporting document" is a purported "copy-and-paste" of an apparent email from Mr. Grover regarding Plaintiff's knowledge of a loan agreement between Defendant and former NSAV CEO Steven Baritz, that was allegedly "pasted" into the text of Defendant's Response. *See id.* The Defendant has fail to provide a true copy of the email, or submit any such "email" with his Response. This Court should accord little to no weight to such "copied-and-pasted" emails or other documents, which appear to be mere

creations of the Defendant's vivid imagination. Additionally, even with such "emails" as pasted into his Response, the Defendant provides no supporting evidence or factual basis on which he relies to support the remaining "facts" in his Response.

Moreover, any genuine dispute that Defendant could raise as to his facts have largely been mooted by his admissions of fact in Plaintiff's Request for Admissions (RFA). As previously stated in Plaintiff's Memorandum of Law, on October 23, 2023, this Court deemed all of Plaintiff's Admissions, as previously served on Tilton months earlier, as admitted. *See* Dkt. No. 126. Admissions made can serve as the factual predicate for summary judgment. *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

As a result, the Defendant has largely admitted to the facts sufficient to support the basis that Plaintiff succeeds on his claims as a matter of law. Defendant Tilton does not provide any objection to these admissions. Thus, as laid out in his Memorandum of Law and accompanying Statement of Undisputed Material Facts, the Plaintiff has adequately demonstrated the lack of a genuine dispute as to material facts that could hinder an award to Plaintiff on his claims.

Additionally, Tilton also fails to provide any legal basis that demonstrates that Plaintiff's claims would not be meritorious. The second prong of the summary judgment standard is that the movant demonstrate he is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Conversely, then, "a party opposing summary judgment must inform the trial judge of the reasons, *legal* or factual, why summary judgment should not be entered. ... If the opposing party fails to do so, the claim is deemed waived and the nonmoving party will lose the motion." *De v. City of Chicago*, 912 F. Supp. 2d 709, 733 (N.D. Ill. 2012) (emphasis added). Defendant's Response lacks any supporting citation to the controlling law of the Northern District of Illinois, Seventh Circuit Court of Appeals, or Supreme Court. As such, Defendant has not demonstrated Plaintiff's claims

are legally insufficient or that Plaintiff is not entitled to judgment as a matter of law. Thus, Plaintiff's Motion for Summary Judgment against Defendant Tilton must be granted.

      **B.**     **Defendant's Contention He Lacked Knowledge of Plaintiff's Consulting Agreement is Not Material**

Next, as provided in his Response, Defendant's assertions that he was unaware of the existence of Plaintiff's Consulting Agreement with Net Savings Link, Inc. (NSAV), even if true, is an immaterial fact for purposes of Summary Judgment. Rule 56(a) of the Federal Rules of Civil Procedure states, in pertinent part, that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any *material* fact." (emphasis added). "As to materiality, the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As such, only disputes over material facts that may affect the outcome of the suit under governing law will affect whether this Court grants summary judgment. *See id.*

Here, Defendant's contention that he lacked knowledge of the actual agreement between Mr. Grover and NSAV regarding Plaintiff's bonus and payment layout, even if accepted as true, is an immaterial fact. Defendant begins his Response with seven (7) paragraphs dedicated to disputing Plaintiff's contention that Defendant was aware of Plaintiff's Consulting Agreement. *See* Defendant's Response, Dkt. No. 154, ¶¶ 3-9. As stated in Plaintiff's previously submitted Memorandum of Law and SMF, Plaintiff's Consulting Agreement with NSAV was executed on August 21, 2015, and provided Plaintiff's bonus incentive which would be received upon a "change of control" resulting from any Merger and Acquisition or Joint Venture (MA/JV) transaction. *See* Plaintiff's SMF, ¶¶ 5-7. Defendant further contends that he only became aware of such Agreement in 2019. *See* Defendant's Response, ¶ 5.

Even if Tilton was generally unaware of Plaintiff's exact Consulting Agreement with NSAV (which has zero evidentiary support), the Defendant does not dispute that he was aware that Mr. Grover was to receive an issuance of 387,500,000 Series B preferred shares of NSAV stock and $50,000.00 in debentures. Indeed, prior to the executing of the "Binding Change of Control Agreement," Tilton had personally circulated numerous Letters of Intent (LOI) to the Plaintiff which explicitly contained the provision that Mr. Grover was to receive shares upon the change of control. *See* SMF, ¶¶ 21-23. Further, the Binding Change of Control Agreement contains the express provision that: "Steven Baritz and Vikram Grover will each be issued three hundred eighty-seven million, five hundred thousand (387,500,000) Series B preferred shares and $50,000.00 in debentures paying 0% interest." SMF, ¶ 31. Defendant further admits that he was aware of this obligation to tender these shares to the Plaintiff. SMF, ¶ 37.

As such, Defendant's knowledge of his obligation to compensate Plaintiff, and his subsequent refusal to do so, supports the basis of Plaintiff's legal claims concerning fraud, unjust enrichment, promissory estoppel, and violations of the Illinois Wage Act and Security Law. Defendant's self-serving claim that he was not aware of the specific Consulting Agreement executed between NSAV and Plaintiff does nothing to refute Plaintiff's claims, as a matter of law. Thus, Defendant's contention of the fact that he was unaware of Mr. Grover's specific Consulting Agreement before 2019 is "immaterial" for purposes of summary judgment and Plaintiff's Motion for Summary Judgment should be granted.

C. **Defendant's Response As to Paragraph 10 and His "Additional Response" to Plaintiff's Summary Judgment Motion Should Be Stricken**

Further, pursuant to Local Rule 56.1(e)(2), the Plaintiff respectfully submits that Paragraph 10 of Defendant's Response and his subsequent "Additional Response" to Plaintiff's Summary Judgment Motion (Dkt. No. 155) should be stricken. First, Paragraph 10 of Defendant's Response

should be stricken because it discloses confidential settlement information. Federal Rule of Evidence 408 states, in pertinent part, that:

> "(a) Prohibited Uses. Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: ...
>
> (2) conduct or a statement made during compromise negotiations about the claim."

FRE 408.

Here, Paragraph 10 of Defendant's Response flatly attempts to prove the validity of a fact by disclosing alleged conduct of the plaintiff during settlement negotiations. Paragraph 10 of Defendant's Response states: "This was a totally untrue statement by plaintiff and ironic, as NSAV not being DTC eligible was a major reason why plaintiff did not accept the settlement agreement last year." *See* Defendant's Response, p. 4. Defendant's Response attempts to show that the purported inability, in settlement discussions, of NSAV's securities to be deposited through the Depository Trust Company (DTC) in 2023 was a motivating force as to why the Wilton Group allegedly backed out of any transaction with NSAV back in 2015. *Id.*

First, Defendant's only source of evidence demonstrating the validity of this fact is an assertion that Plaintiff backed out of settlement negotiations due to this reason. Such evidence is clearly barred by the Federal Rules as it attempts to use Plaintiff's alleged conduct during compromise negotiations that were held earlier in this litigation.
Second, Plaintiff's improper attempt to create a nexus between a 2015 decision by Defendant Wilton and a 2023 settlement discussion has absolutely zero evidentiary support. Tilton is blatantly trying to pluck a fact out of the proverbial air factual basis in a fictional effort to create some kind of connection to these completely distinct, separate facts.

Third, Tilton is also trying improperly seeking to reopen the Default Judgments against the Corporate Defendants, including the Wilton Group, which were entered by this Court on December 5, 2023. In its Minute Entry of November 8, 2023, the Court expressly stated that, "Mr. Tilton has no right to appear on behalf of the corporate defendants as he is not an attorney." *See* Dkt. No. 142. As a result, Paragraph 10 of Defendant's Response should be stricken.

Finally, Defendant's "Additional Response" to Plaintiff's Summary Judgment Motion must also be stricken by this Court. The Defendant's "Additional Response," submitted on February 27, 2024, was filed six (6) days after Defendant's opposition deadline and one (1) day before Plaintiff's Reply deadline as set by this Court in its December 5th Order. *See* Dkt. No. 146. The December 5, 2023 Minute Entry expressly dictated that: "These dates will NOT be extended." *Id.* (original caps). Importantly, Defendant has demonstrated he was aware of his deadline to respond, as his Response was timely filed on February 21, 2024. This Court has routinely stricken responsive documents to summary judgment motions due to untimeliness, especially in cases where the defendant has consistently failed to meet previous Court deadlines. *See Vakharia v. Little Co. of Mary Hosp.*, No. 94 C 5599, 2002 WL 485362, at *5 (N.D. Ill. Mar. 29, 2002). As such, the Plaintiff respectfully contends that Defendant's "Additional Response" to Plaintiff's Motion for Summary Judgment be stricken in its entirety.

### D. <u>Defendant's Objections to Service of Process Have Been Waived</u>

Lastly, Defendant's sudden objection to the manner and method of service of process in this litigation has already been waived. A defendant waives objections to improper service of process when an attorney files an appearance on behalf of the defendant, the defendant files a responsive pleading that does not raise any objection to the service of process, or when the defendant is repeatedly involved in the litigation. *See Trustees of Cent. Laborers' Welfare Fund v.*

*Lowery*, 924 F.2d 731, 734 (7th Cir. 1991).

Here, Tilton's apparent objection to the Plaintiff's service of process has been waived for all of the above reasons. In his Response, Defendant states: "I ask the Honorable Court to decide if the service to me personally was valid and act accordingly." *See* Defendant's Response, p. 7, ¶15. Defendant's dilatory objections as to service of process come after almost three (3) years of active participation in this litigation. During that three (3) year period, Tilton has had an attorney appear on his behalf (Dkt. No. 32), and which attorney filed of an Answer, on Tilton's behalf, that fails to raise an objection to service of process (Dkt. No. 36). Even when ignoring the obvious procedural deficiencies in such an objection, Plaintiff respectfully asserts that there can be no doubt that, at this point in the litigation, Tilton has waived any objections to the proper means and method of service of process upon him.

## V. CONCLUSION

For the reasons stated above, the Plaintiff respectfully submits once again that Summary Judgment on Counts V-XV, inclusive, should be entered against Defendant Tilton, and for damages in the amount of **$57,903,750.00**, with statutory interest, in an amount to be calculated. Furthermore, pursuant to the Party's Non-Circumvention Agreement, the Illinois Wage Payment Act, 815 ILCS 115/14, the Illinois Security Law, 815 ILCS 5/13, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a(c), Plaintiff Grover submits once more that this Court should award reasonable attorney's fees and costs and expenses, as incurred in the investigation, preparation and prosecution of the instant action. Lastly, the Plaintiff submits once more that this Court should enter specific performance of the various Agreements as detailed herein, and thus requests the issuance of Three Hundred Eighty-Seven Million, Five Hundred Thousand (387,500,000) Series B preferred NSAV shares, convertible into freely tradeable shares of the common stock of Defendant NSAV, and a $50,000.00 debenture (convertible into 1.25% of NSAV's fully diluted outstanding shares, or Ninety – Six Million – Eight Hundred Seventy – Five Thousand (96,875,000) shares of Series B stock, convertible into freely tradeable shares of NSAV common stock), to Plaintiff Grover. The Plaintiff requests a hearing on his Motion.

Dated: February 28, 2024

Respectfully submitted,
PLAINTIFF, Vikram P. Grover,
By his Attorneys,

*/s/ Philip M. Giordano*
Philip M. Giordano, Esq. (admitted *pro hac vice*)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

Jeffrey R. Tone, Esq.
KATTEN & TEMPLE, LLP
The Rookery Building
209 South LaSalle Street, Suite 950
Chicago, Illinois 60604
Telephone: (312) 663-4400
Facsimile: (312) 663-0900
Email: jtone@kattentemple.com

## CERTIFICATE OF SERVICE

       I, Philip M. Giordano, do hereby certify that on this 28th day of February, 2024, I caused to be served a true and correct copy of Plaintiff Vikram Grover's Reply Memorandum of Law in Support of his Motion for Summary Judgment, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all parties or counsel of record, and by emailing a true copy of the same to Defendant James A. Tilton.

Dated: February 28, 2024                         */s/ Philip M. Giordano*
                                                                        Philip M. Giordano