UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | : | |
|---|---|---|
| **VIKRAM P. GROVER d/b/a** | : | |
| **"IX ADVISORS" a/k/a "IXA,"** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **NET SAVINGS LINK, INC.**, a | : | |
|  Colorado corporation and formerly | : | |
|  organized as a Nevada corporation, | : | **Civil Action No. 1:21-CV-05054** |
| **WILTON GROUP, LIMITED**, as | : | **Honorable Mary M. Rowland** |
|  registered in the Isle of Man, U.K., | : | |
| **WILTON UK (GROUP), LIMITED**, as | : | |
|  registered in England and Wales, U.K., | : | |
| **CHINA FOOD AND BEVERAGE CO.**, | : | **REQUEST FOR HEARING** |
|  a Colorado corporation, and | : | |
| **JAMES A. TILTON,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

===============================

### PLAINTIFF VIKRAM GROVER'S MOTION FOR PREJUDGMENT INTEREST ON JUDGMENT AGAINST THE CORPORATE DEFENDANTS

The Plaintiff, Vikram P. Grover d/b/a IX Advisors a/k/a IXA (hereinafter the "Plaintiff," or "Mr. Grover"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, respectfully submits his Motion for Prejudgment Interest on the award of $57,903,750.00 against the Defendants, Net Savings Link, Inc. (hereinafter "NSAV"), Wilton Group, Limited ((hereinafter "Wilton Isle of Man"), Wilton UK (Group), Limited (hereinafter "Winton UK," and, with Wilton Isle of Man, collectively hereinafter as "Wilton Group" or "Wilton"), and China Food and Beverage Co. (hereinafter "CHIF") (collectively hereinafter the "Corporate Defendants"), as entered on December 5, 2023. For the reasons set forth below, the Plaintiff respectfully requests that prejudgment interest at the rate of five percent (5%) per annum be included in the final award

1

amount, accruing from August 2, 2021 – the date on which the Plaintiff sustained his damages on the breach of contract by the Corporate Defendants. The Plaintiff respectfully request a hearing on his Motion.

## ARGUMENT

    A.    **Procedural History**

On September 23, 2021, the Plaintiff initiated this action against, *inter alia*, the Corporate Defendants for various claims, including violations of the securities laws, the Illinois Wage Act, and breach of contract arising from the Corporate Defendants' failure to issue NSAV shares, as compensation to Mr. Grover, upon a change of control and as specified in his contract. *See* Dkt. No. 1. Over two (2) years later, after counsel for the Corporate Defendants withdrew over nonpayment, the Corporate Defendants found themselves in default. *See* Dkt. Nos. 114-117. After failing to remedy the default, this Court granted the Plaintiff's Motion for an Entry of Default Judgment on December 5, 2023. *See* Dkt. No. 146.

In anticipation of the entry of Default Judgment, on December 4, 2023, the Plaintiff filed a Motion for Leave to file a Memorandum regarding the damages calculation in the amount $57,903,750.00 the judgment amount against the Corporate Defendants. *See* Dkt. No. 143. This Court granted the Plaintiff's Motion for Leave, and awarded the Plaintiff $57,903,750.00 based on the total amount of damages suffered from the Corporate Defendants' breach of contract. *See* Dkt. No. 146. This Court additionally awarded the Plaintiff post-judgment interest and attorney's fees and costs. *See id.* On January 9, 2024, the Plaintiff filed his Motion for an award of attorney's fees of $99,066.30 and costs of $11,932.29, which motion remains pending. *See* Dkt. No. 148. The Plaintiff brings the current Motion before this Court in order to collect the prejudgment interest on

the amount otherwise owed to him on August 2, 2021, the date on which the full extent of his damages and injuries occurred.

### B. Illinois Prejudgment Interest Statute, 815 ILCS 205/2, Permits this Court to Award Prejudgment Interest

The Plaintiff should be awarded prejudgment interest on the judgment against the Corporate Defendants in order to obtain full compensation for the lost time-value of his money. "Prejudgment interest is an element of damages – it is used to make the victim whole." *In re Oil Spill by the Amoco Cadiz*, 954 F.2d 1279, 1333 (7th Cir. 1992). "Money has a time value, and prejudgment interest is therefore necessary in the ordinary case to compensate a plaintiff fully for a loss suffered at time 't' and not compensated until 't + 1, 2, 3 ... n.'" *Partington v. Broyhill Furniture Industries, Inc.*, 999 F.2d 269, 274 (7th Cir. 1993).

"In diversity cases governed by *Erie*, federal courts look to state law to determine the availability of (and rules for computing) prejudgment interest." *In re Amoco Cadiz*, 954 F.2d at 1333. "In Illinois, there are three sources that may provide authority for an award of prejudgment interest: (1) statute; (2) agreement of the parties; and (3) equity." *Chemetall GmbH v. ZR Energy, Inc.*, 2001 WL 1104604 at *14 (N.D. Ill. Sept. 18, 2001). Under Illinois' Prejudgment Interest Statute, 815 ILCS 205/2, prejudgment interest may be awarded in a breach of contract action. *See* 815 ILCS 205/2. Specifically, the statute provides that: "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or *other instrument of writing*." *See id.* (emphasis added).

Illinois states courts have routinely held that a "contract [is] a written instrument within the meaning of the statute." *Kehoe v. Wildman, Harrold, Allen and Dixon*, 2008 WL 5274336 at *14 (Ill. App. Ct. 2008) ("judgment of the circuit court denying the plaintiff's motion for interest is reversed and remanded with directions to award interest under the Interest Act [back] to the date

of the breach"). Therefore, if "the contract was breached," and the court entered damages for breach of contract, "plaintiff [is] entitled to interest" which should be entered by the Court after the entering of a final Judgment, when it is entered against the Corporate Defendants. *Id.*

Separate from attorney's fees, costs and post-judgment interest, each of which has yet to be determined, this Court entered judgment against the Corporate Defendants for $57,903,750.00, the amount of damages sustained by the Plaintiff on August 2, 2021 due to the Corporate Defendants' breach of contract. As the Plaintiff's contract with the Corporate Defendants is a "written instrument" for purposes of Illinois' Prejudgment Interest Statute, this Court may permit prejudgment interest at five percent (5%) per annum on the issued judgment. Five percent of $57,903,750.00 is $2,895,187.50 per year, or $5,790,375.00 for the two (2) years between August 2, 2021 and August 2, 2023. On a per diem basis, an additional $991,502.57 in interest has accrued during the 125 days from August 3, 2023 through December 5, 2023, the date of the award. Thus, a total of **$6,781,877.57** of prejudgment interest through December 5, 2023 has accrued.

C.  **Conclusion**

For the reasons stated herein, the Plaintiff respectfully moves this Honorable Court an additional award of prejudgment interest of **$6,781,877.57** against the Corporate Defendants.

Dated: May 5, 2024                 Respectfully submitted,
PLAINTIFF, Vikram P. Grover,

By his Attorneys,

*/s/ Philip M. Giordano*
Philip M. Giordano, Esq. (admitted *pro hac vice*)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

4

## **CERTIFICATE OF SERVICE**

I, Philip M. Giordano, do hereby certify that on this 5th day of May, 2024, I caused to be served a true and correct copy of Plaintiff Vikram Grover's Motion for an Award of Prejudgment Interest Against the Corporate Defendants, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all parties or counsel of record, and by emailing a true copy of the same to Defendant James A. Tilton.

Dated: May 5, 2024                                          */s/ Philip M. Giordano*
                                                            Philip M. Giordano