UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| VIKRAM P. GROVER d/b/a "IX ADVISORS" a/k/a "IXA," | : |
| Plaintiff, | : |
| v. | : |
| NET SAVINGS LINK, INC., a Colorado corporation and formerly organized as a Nevada corporation, WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., WILTON UK (GROUP), LIMITED, as registered in England and Wales, U.K., CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and JAMES A. TILTON, | : |
| Defendants. | : |
| v. | : |
| PACIFIC STOCK TRANSFER, NSAVX, INC., a Wyoming corporation, and JOHN DOE CORP., a/k/a NSAVX.COM, a Puerto Rican corporation, | : |
| Trustee-Defendants. | : |

Civil Action No. 1:21-CV-05054

REQUEST FOR ORAL ARGUMENT
ON AN EMERGENCY BASIS

===============================

ORDER ON PLAINTIFF VIKRAM P. GROVER'S
EMERGENCY MOTION FOR ATTACHMENT AND ATTACHMENT BY
TRUSTEE PROCESS AGAINST THE DEFENDANTS AND DEFENDANT-AGENTS

ROWLAND, J.

1

WHEREFORE, upon motion of the Plaintiff, Vikram Grover, and upon review of the Memoranda, Affidavits, <u>Exhibits</u> and other filings, and upon a hearing as to the merits of such applications, and with consideration of the submissions, filings and arguments of the Parties:

HOLDING AND FINDING that on December 5, 2023, this Court rendered a Default Judgment against the Defendants, Net Savings Link, Inc., Wilton Group, Limited, Wilton UK (Group), Limited, and China Food and Beverage Company (collectively hereinafter as the "Corporate Defendants") in the amount of $57,903,750.00; and

HOLDING AND FINDING that on June 21, 2024, the Plaintiff filed his Emergency Motion for Attachment and Attachment by Trustee Process against the Defendants, Net Savings Link, Inc. (hereinafter "NSAV"), China Food and Beverage Co. (hereinafter "CHIF"), Wilton Group, Limited (hereinafter "Wilton Isle of Man"), Wilton UK Group, Limited (hereinafter "Wilton UK," and collectively, with Wilton Isle of Man, hereinafter as "Wilton Group" or Wilton"), and James A. Tilton (hereinafter "Tilton") (collectively the "Defendants"), together with their officers, directors, representatives, employees, agents and persons, and any and all subsidiaries, affiliates, parents and/or entities acting in concert with them with actual notice of this Court's Orders, including but not limited to Pacific Stock Transfer Co. (hereinafter the "Pacific Stock" or "Pacific") and NSAVx, Inc., a corporation duly organized in the State of Wyoming (hereinafter "NSAVx-Wyoming"), and John Doe Corp a/k/a NSAVx, Inc., a corporation duly organized in Puerto Rico (hereinafter "NSAVx-PR" and collectively, with Pacific and NSAVx-Wyoming, hereinafter as the "Defendant-Agents"), seeking to attach certain assets and shares while awaiting disposition of the remaining claim against the individual Defendant, Mr. Tilton; and

HOLDING AND FINDING that the Plaintiff has adequately shown at least one (1) of the (10) varieties of cause as listed in 735 ILCS 5/4-101; and

HOLDING AND FINDING that the Plaintiff has demonstrated a reasonable likelihood of success on the merits of his claims against Defendants NSAV and James Tilton.

HOLDING AND FINDING that, pursuant its 2024 Quarterly Report, NSAV reported a total of **$315,808,737.00** in Total Assets, including a total of **$229,198,725.00** in intangible assets via its "cryptocurrency holdings."

HOLDING AND FINDING that, due to likelihood of fraud, the absence of any evidence to the contrary that establishing the legitimacy of such assets and such NSAV Quarterly Report, the Plaintiff has reasonably requested an Order of Attachment on all assets of Defendant NSAV.

HOLDING AND FINDING that, due to the absence of any evidence to the contrary that establishing the legitimacy of such assets and such NSAV Quarterly Report, the Plaintiff has reasonably requested an Order of Attachment on all NSAV Shares in possession, custody and/or control of its Transfer Agent, Pacific Stock Transfer and/or any successor transfer agent, and any and all shares in possession, custody and/or control of James A. Tilton, until such assets can be readily identified.

HOLDING AND FINDING that an Order of Attachment on <u>all</u> of NSAV's Total Assets in an amount equaling **$315,808,737.00** be entered against Defendant NSAV in order to ensure satisfaction of the Plaintiff's award.

HOLDING AND FINDING that an Order of Attachment on all NSAV shares in possession, custody and/or control of Pacific Stock Transfer, and/or any successor transfer agent, be entered.

HOLDING AND FINDING that an Order of Attachment on all NSAV shares in possession, custody and/or control of Defendant James A. Tilton, totaling **40,000,000 Series A Preferred Shares**, be entered.

THEREFORE, It is hereby ORDERED that the Plaintiff's Emergency Motion for Attachment and Attachment by Trustee Process against the Defendants and Defendant-Agents is **GRANTED**; it is

FURTHER ORDERED that an Order of Attachment shall enter on <u>all</u> of NSAV's Total Assets in an amount equaling **$315,808,737.00** be entered against Defendant NSAV in order to ensure satisfaction of the Plaintiff's award.

FURTHER ORDERED that an Order of Attachment shall enter against the Defendants and Defendant-Agents in the amount of Fifty-Seven Million — Eight Hundred – Fifty-Three Thousand – Seven Hundred – Fifty and 00/100 (**$57,853,750.00**) U.S. Dollars; and a **$50,000.00** debenture (convertible into 1.25% of NSAV's fully diluted outstanding shares, or Ninety – Six Million – Eight Hundred Seventy – Five Thousand (96,875,000) shares of Series B stock, convertible into freely tradeable shares of NSAV common stock); and it is

FURTHER ORDERED that an Attachment shall enter against the Defendants and Defendant-Agents for any and all shares of NSAV and/or CHIF, as held by Pacific and/or any successor transfer agent including, but not limited to the **2,150,697,026** NSAV shares as held by Pacific and/or other Enjoined Defendants and/or Transfer Agents; it is

**SO ORDERED**.

/s/ *Mary M Rowland*
_____
Honorable Mary M. Rowland
United States District Judge

DATE: June 26, 2024

## CERTIFICATE OF SERVICE

I, Philip M. Giordano, do hereby certify that on the 21st day of June, 2024, I caused to be served a true and correct copy of Plaintiff Vikram Grover's [Proposed] Attachment Order against Defendants and Defendant-Agents, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all counsel and parties of record.

Dated: June 21, 2024					*/s/ Philip M. Giordano*
								Philip M. Giordano