# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

====================================

| | |
|---|---|
| **VIKRAM P. GROVER d/b/a** : <br> **"IX ADVISORS" a/k/a "IXA,"** : <br> : <br>       **Plaintiff,** : <br> : <br>       **v.** : <br> : <br> **NET SAVINGS LINK, INC., a** : <br>   **Colorado corporation and formerly** : <br>   **organized as a Nevada corporation,** : <br> **WILTON GROUP, LIMITED, as** : <br>   **registered in the Isle of Man, U.K.,** : <br> **WILTON UK (GROUP), LIMITED, as** : <br>   **registered in England and Wales, U.K.,** : <br> **CHINA FOOD AND BEVERAGE CO.,** : <br>   **a Colorado corporation, and** : <br> **JAMES A. TILTON,** : <br> : <br>       **Defendants.** : <br> : <br>       **v.** : <br> : <br> **PACIFIC STOCK TRANSFER,** : <br> **NSAVX, INC., a Wyoming corporation,** : <br> **and JOHN DOE CORP., a/k/a** : <br> **NSAVX.COM, a Puerto Rican** : <br> **corporation,** : <br> : <br>       **Trustee-Defendants.** : <br> : | <u>**Civil Action No. 1:21-CV-05054**</u> <br><br> <u>**REQUEST FOR ORAL ARGUMENT**</u> <br> <u>**ON AN EMERGENCY BASIS**</u> |

====================================

**ORDER ON PLAINTIFF VIKRAM P. GROVER'S**
**EMERGENCY MOTION FOR TEMPORARY, PRELIMINARY AND**
**PERMANENT EQUITABLE AND INJUNCTIVE RELIEF AND SPECIFIC**
<u>**PERFORMANCE AS AGAINST DEFENDANT AND DEFENDANT-AGENTS**</u>

**ROWLAND, J.**

1

WHEREFORE, upon motion of the Plaintiff, Vikram Grover, and upon review of the Memoranda, Affidavits, <u>Exhibits</u> and other filings, and upon a hearing as to the merits of such applications, and with consideration of the submissions, filings and arguments of the Parties:

HOLDING AND FINDING that on December 5, 2023, this Court rendered a Default Judgment against the Defendants, Net Savings Link, Inc., Wilton Group, Limited, Wilton UK (GROUP), Limited, and China Food and Beverage Company (collectively hereinafter as the "Corporate Defendants") in the amount of $57,903,750.00; and

HOLDING AND FINDING that on June 21, 2024, Plaintiff filed his Emergency Motion for Preliminary Injunctive and Equitable Relief and for Specific Performance Against the Defendants, Net Savings Link, Inc. (hereinafter "NSAV"), China Food and Beverage Co. (hereinafter "CHIF"), Wilton Group, Limited (hereinafter "Wilton Isle of Man"), Wilton UK Group, Limited (hereinafter "Wilton UK," and collectively, with Wilton Isle of Man, hereinafter as "Wilton Group" or Wilton"), and James A. Tilton (hereinafter "Tilton") (collectively the "Defendants"), together with their officers, directors, representatives, employees, agents and persons, and any and all subsidiaries, affiliates, parents and/or entities acting in concert with them with actual notice of this Court's Orders, including but not limited to Pacific Stock Transfer Co. (hereinafter "Pacific Stock" or "Pacific") and NSAVx, Inc., a corporation duly organized in the State of Wyoming (hereinafter "NSAVx-Wyoming"), and John Doe Corp a/k/a NSAVx, Inc., a corporation duly organized in Puerto Rico (hereinafter "NSAVx-PR" and collectively, with Pacific and NSAVx-Wyoming, hereinafter as the "Defendant-Agents"), seeking injunctive relief to prohibit, *inter alia*, the Defendants and Defendant-Agents from transferring or conveying assets; and

HOLDING AND FINDING that Plaintiff has demonstrated a reasonable likelihood of success on the merits of his claims against the Defendant NSAV; and

HOLDING AND FINDING that Plaintiff has shown that he will suffer irreparable harm absent an order of injunction; and

HOLDING AND FINDING that Plaintiff lacks an adequate remedy at law.

THEREFORE, It is hereby ORDERED that Plaintiff's Emergency Motion for Preliminary Injunctive and Equitable Relief and for Specific Performance Against Defendants and Defendant-Agents is **<u>GRANTED</u>**; it is

FURTHER ORDERED that Defendants and the Defendant-Agents, and together with the parties' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B), and any and all alter egos, affiliates and/or third-parties with actual notice of the Court's Order (collectively hereinafter the "Enjoined Defendants") are precluded and prohibited from transferring, conveying, distributing and/or otherwise moving, directly and/or indirectly, any and all assets, tangible or intangible, directly or indirectly, of the Defendants to any other party, third-persons and/or entity; it is

FURTHER ORDERED that the Enjoined Defendants convey, assign and transfer, directly and/or indirectly, to any third-party, including but not limited to Pacific, NSAVx-Wyoming, NSAVx-PR, and/or any and all officers, directors, representatives, employees, agents and persons, and any and all subsidiaries, affiliates, parents and/or entities acting in concert with them with actual notice of this Court's Orders-egos, and related entities, within not more than three (3) business days from the date of the Court's Order, any and all assets, monies, credits, rights, contracts and/or things, tangible and/or intangible, that have been removed, sold, encumbered,

hypothecated, conveyed, transferred, assigned and/or moved, directly or indirectly, from the Defendants and the Defendant-Agents back to such Defendant since the commencement of this litigation; it is

FURTHER ORDERED that the Enjoined Defendants identify and describe, in complete detail, with all relevant information, writing and under oath, by an authorized officer of each such Defendant and Enjoined Defendant, the custodian, location amount, and all complete details, data and information, as to any and all assets, monies, credits, rights, contracts and/or things, tangible and/or intangible, that have been removed, sold, encumbered, hypothecated, conveyed, transferred, assigned and/or moved, directly or indirectly, from the Defendants and the Defendant-Agents since the commencement of this litigation; it is

FURTHER ORDERED that the Enjoined Defendants identify and describe, in complete detail, with all relevant information, writing and under oath, by an authorized officer of each such Defendant and Enjoined Defendant, the custodian, location amount, and all complete details, data and information, as to any and all shares of common stock and/or other classes of stock of each Defendant and Enjoined Defendant, as held from September 23, 2021 to the date of the Order, and deliver any and all documentation regarding, relating or supporting the same, by Defendant NSAV and as certified, under oath and by the pains and penalties of perjury, by the Chief Executive Officer of Defendant NSAV; and it is

FURTHER ORDERED that the Enjoined Defendants are precluded and prohibited from creating, issuing and/or establishing any additional or new classes of equity or debt of any such Defendant or Enjoined Defendant, without the prior written notice to the Plaintiff and his counsel, and/or without prior approval from this Court

**SO ORDERED**.

/s/ _Mary M Rowland_ _____

Honorable Mary M. Rowland

DATE: June 26, 2024

United States District Judge

**CERTIFICATE OF SERVICE**

       I, Philip M. Giordano, do hereby certify that on the 21st day of June, 2024, I caused to be served a true and correct copy of Plaintiff Vikram Grover's [Proposed] Injunction Order, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all counsel and parties of record.

Dated: June 21, 2024                              */s/ Philip M. Giordano*
                                            Philip M. Giordano