UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| VIKRAM P. GROVER d/b/a "IX ADVISORS" a/k/a "IXA," | |
| Plaintiff, | |
| v. | |
| NET SAVINGS LINK, INC., a Colorado corporation and formerly organized as a Nevada corporation, WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., WILTON UK (GROUP), LIMITED, as registered in England and Wales, U.K., CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and JAMES A. TILTON, | Civil Action No. 1:21-CV-05054 <br><br> REQUEST FOR ORAL ARGUMENT ON AN EMERGENCY BASIS |
| Defendants. | |
| v. | |
| PACIFIC STOCK TRANSFER, NSAVX, INC., a Wyoming corporation, and JOHN DOE CORP., a/k/a NSAVX.COM, a Puerto Rican corporation, | |
| Trustee-Defendants. | |

===============================

**PLAINTIFF VIKRAM P. GROVER'S EMERGENCY MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST THE CORPORATE DEFENDANTS**

The Plaintiff, Vikram P. Grover d/b/a IX Advisors a/k/a IXA (hereinafter the "Plaintiff," or "Plaintiff Grover"), on an <u>emergency basis</u> and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, respectfully submits his Motion for Entry of Final Judgment on the award against the Defendants, Net Savings Link, Inc., Wilton Group, Limited, Wilton UK (Group), Limited, and

1

China Food and Beverage Co. (hereinafter the "Corporate Defendants"), as entered on December 5, 2023. For the reasons set forth below, the Plaintiff respectfully requests that this Court order an entry of final judgment against the Corporate Defendants in the amount of **$57,903,750.00**, plus prejudgment interest of **$6,781,877.57**, plus attorney's fees of **$99,066.30** and plus costs of **$11,932.29**, for a total of **$64,796,626.16**, together with post-judgment interest.

The Plaintiff respectfully requests that the instant Motion be granted on the papers at this Court's earliest convenience, or, in the alternative and in the discretion of this Honorable Court, requests a hearing on Wednesday, July 10th, or as convenient thereafter for the Court. In support of emergency treatment of the instant Motion, the Plaintiff respectfully has filed, contemporaneously herewith, an Emergency Motion for a Short Order of Notice.

## ARGUMENT

### A. Procedural History

On September 23, 2021, the Plaintiff initiated this action against the Corporate Defendants and Defendant James A. Tilton for various claims, including violations of the securities laws, the Illinois Wage Act, and breach of contract arising from the Corporate Defendants' failure to issue NSAV shares, as compensation to Mr. Grover, upon a change of control and as specified in his contract. *See* Dkt. No. 1. Over two (2) years later, after counsel for the Corporate Defendants withdrew over nonpayment, the Corporate Defendants found themselves in default. *See* Dkt. Nos. 114-117. After failing to remedy the default, this Court granted the Plaintiff's Motion for an Entry of Default Judgment on December 5, 2023. See Dkt. No. 146.

In anticipation of the entry of Default Judgment, on December 4, 2023, the Plaintiff filed a Motion for Leave to file a Memorandum regarding the damages calculation to be used in evaluating the judgment amount against the Corporate Defendants. *See* Dkt. No. 143. This Court

granted the Plaintiff's Motion for Leave, and awarded the Plaintiff $57,903,750.00 based on the total amount of damages suffered from the Corporate Defendants' breach of contract. *See* Dkt. No. 146. This Court additionally awarded the Plaintiff post-judgment interest and attorney's fees and costs. *See id*. On January 9, 2024, the Plaintiff filed his motion for an award of attorney's fees of $99,066.30 and costs of $11,932.29, which motion remains pending. *See* Dkt. No. 148. On May 5, 2024, the Plaintiff additionally filed a Motion for Prejudgment Interest on Judgment Against the Corporate Defendants, seeking to include $6,781,877.57, the interest accrued from the date on which the Plaintiff sustained his damages on the breach of contract by the Corporate Defendants, in the final judgment amount, which motion remains pending. *See* Dkt. No. 160.

On June 21, 2024, the Plaintiff filed various motions contemporaneously, including an Emergency Motion for a Short Order of Notice, an Emergency Motion for an Attachment and Attachment by Trustee Process Against the Defendants and Defendant-Agents, and an Emergency Motion for Temporary, Preliminary and/or Permanent, Equitable and Injunctive Relief, and Specific Performance against the Defendants and Defendant-Agents, seeking to enjoin the Corporate Defendants from fraudulently transferring and conveying assets and crypto-currency to various recently-created third-party entities in other jurisdictions. *See* Dkt Nos. 161-163. On June 24, 2024, the Plaintiff's motion for a hearing on these various motions was granted. *See* Dkt. No. 164. On June 26, 2024, such hearing was held, and, because the Corporate Defendants remain unrepresented, this Court granted the Plaintiff's various motions and entered the Plaintiff's proposed orders related thereto. *See* Dkt. Nos. 167-168. The Plaintiff brings the current Motion before this Court and respectfully requests that this Court order an entry of final judgment against the Corporate Defendants in the amount of **$57,903,750.00**, pursuant to its December 5, 2023 Minute Entry, plus prejudgment interest of **$6,781,877.57**, plus attorney's fees of **$99,066.30** and

plus costs of **$11,932.29**, for a total of **$64,796,626.16**, together with post-judgment interest in an amount to be calculated by the Court and/or the Clerk's Office.

> **B.    Federal Rule of Civil Procedure 54(b) Permits This Court to Direct the Entry of Final Judgment Against the Corporate Defendants**

Under Federal Rule of Civil Procedure (FRCP) 54(b), this Court should order an entry of final judgment against the Corporate Defendants in the amount of **$64,796,626.16**. FRCP 54(b) permits "a district court dealing with multiple claims or multiple parties to direct the entry of final judgment as to fewer than all of the claims or parties; to do so, the court must make an express determination that there is no just reason for delay." *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 2 (1980). In particular, the Federal Rules of Civil Procedure state:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. Pro. 54(b).

Here, as established in the Plaintiff's motions filed on June 21, 2024 and the related affidavit and memoranda filed therewith, it is reasonable to believe that the Corporate Defendants are attempting to fraudulently avoid satisfying the Default Judgment rendered against them on December 5, 2023. Since the Corporate Defendants remain unrepresented, and because this Court has entered the Plaintiff's orders of attachment and injunctive relief with respect to the Corporate Defendants' assets, the time is ripe for this Court to order an entry of final judgment upon the Corporate Defendants. Given these facts, the Plaintiff respectfully submits that there is no just reason for delaying the entry of a final judgment against the Corporate Defendants in the instant

action, and doing so will not impact the outstanding Motion for Summary Judgment by the Plaintiff against the Defendant, James Tilton.

### C. Final Judgment is Necessary on an Emergency Basis

On June 26, 2024, this Court entered Orders, *inter alia*, for attachment by trustee process of the Corporate Defendants' assets (hereinafter the "Attachment Order") and for equitable and injunctive relief (hereinafter the "Injunction Order," and collectively, with the Attachment Order, the "June 26th Orders" or the "Orders") as to the assets and shares of, inter alia, Net Savings Link, Inc. (hereinafter "NSAV"). Dkt. Nos. 167 & 168. Since that time, counsel for the Plaintiff has communicated with and delivered and/or served copies of the Orders upon certain third-parties, purportedly with possession, custody, and/or control over the shares and/or assets of NSAV, and who have rejected compliance with such Orders. While the Plaintiff is anticipating the filing of additional Motions for contempt or other possible relief, Mr. Grover contends that it is appropriate to enter Final Judgment as to the Corporate Defendants.

For example, on or about June 27, 2024, counsel for the Plaintiff communicated with the attorney for the NSAV transfer agent, Trustee-Defendant Pacific Stock Transfer, Inc. (hereinafter "PTSC"), Mark A. Harmon, Esq. of the law firm Chiesa, Shahinian & Giantomasi P.C., in New York City. *See* Email Exchange between Philip M. Giordano, Esq. and Mark A. Harmon, Esq., dated June 27, 2024, as attached, restated and incorporated by reference herein as **Exhibit A**. While Trustee-Defendant PTSC has indicated that "it will not process any requests by NSAV or any of the other named defendants, to issue additional shares or transfer shares currently registered in their names," it asserts that "requests to transfer from other registered shareholders and those requests will be honored as PSTC." *Id.*

Needless to say, the Plaintiff has certain information that Defendants and/or others are in the process of taking steps to circumvent this Court's Orders, including by using other entities, other jurisdictions, and moving assets, shares and to become unreachable. With the potential that such third-parties and/or Defendants are thumbing their collective noses at the Court's Orders and with the need to secure assets and shares to satisfy the Plaintiff's Default Judgment, it is necessary and appropriate for the Plaintiff to request emergency relief.

C.     **Conclusion**

WHEREFORE, and for the reasons stated herein, the Plaintiff respectfully moves this Honorable Court to order an entry of final judgment against the Corporate Defendants in the amount of **$64,796,626.16**, together with post-judgment interest in an amount to be calculated. The Plaintiff respectfully requests that the instant Motion be granted on the papers at this Court's earliest convenience, or, in the alternative and in the discretion of this Honorable Court, requests that his Emergency Motion for Short Order of Notice be granted, and that this Court schedule a hearing on Wednesday, July 10th, or as may be convenient thereafter for the Court.

Dated: July 3, 2024

Respectfully submitted,
PLAINTIFF, Vikram P. Grover,

By his Attorneys,

*/s/ Philip M. Giordano*
Philip M. Giordano, Esq. (admitted *pro hac vice*)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

## CERTIFICATE OF SERVICE

  I, Philip M. Giordano, do hereby certify that on this 3rd day of July, 2024, I caused to be served a true and correct copy of Plaintiff Vikram Grover's Emergency Motion for Entry of Final Judgment against the Corporate Defendants, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all counsel and parties of record.


Dated: July 3, 2024              */s/ Philip M. Giordano*
                        Philip M. Giordano

# Exhibit "A"

| From: | Harmon, Mark A. |
|---|---|
| To: | Phil Giordano |
| Cc: | Julian Frare |
| Subject: | RE: Grover v. Net Savings |
| Date: | Thursday, June 27, 2024 1:52:32 PM |
| Attachments: | image001.png |
| | image002.png |

Mr. Giordano:

Thank you for your prompt response.

I am troubled by the notion that you sought relief in Court that would impact PSTC without giving notice to it that you were making such an application. Doing so by amending the caption to name PSTC as defendant without effecting service of process is also concerning, as it makes it appear that PSTC is a party to the action that has engaged in wrongful conduct. It also denied PSTC the opportunity to express why some of the relief sought might not have been appropriate. Under the circumstances, I will not "accept service" on behalf of PSTC; it is not a party or even a relief party to this action. You may, however, consider that notice given to me is notice to PSTC.

Regarding the Orders which have been entered, PSTC is not a trustee of any property of the defendants. It does not have possession of or hold any shares of NSAV or CHIF. PSTC is a transfer agent and maintains books and records reflecting registered ownership of shares. It does not have possession of any shares. Accordingly, there is no property to attach. Had PSTC been given notice of your submission, this could have been explained and the vagueness of the Order you sought avoided.

As for the Injunction Order, it seems to indicate that actual notice of the application was given to PSTC. Yet, in response to my inquiry above, you have not responded that such notice was provided. That said, now that PSTC has notice of the Injunction Order, it will not process any requests by NASV or any of the other named defendants, to issue additional shares or transfer shares currently registered in their names. You should be aware, however, that PSTC routinely receives requests to transfer from other registered shareholders and those requests will be honored as PSTC is obligated to do under applicable rules and regulations promulgated by the SEC and under provisions of the Uniform Commercial Code.

I am available to discuss the above at your convenience.



**MARK HARMON**
Counsel
Chiesa Shahinian & Giantomasi PC

O 212.324.7259
mharmon@csglaw.com
11 Times Square, 34th Floor | New York, NY 10036

csglaw.com | LinkedIn

**From:** Phil Giordano <pgiordano@reedgiordano.com>
**Sent:** Thursday, June 27, 2024 12:25 PM
**To:** Harmon, Mark A. <mharmon@csglaw.com>
**Cc:** Phil Giordano <pgiordano@reedgiordano.com>; Julian Frare <jfrare@reedgiordano.com>
**Subject:** RE: Grover v. Net Savings

\* External Message \*

Mr. Harmon — Thank you for your inquiry.

As you know, I am counsel to the Plaintiff, Vikram P. Grover, Dkt. No. 1:21-cv-05054 in the litigation pending in the U.S. District Court in the Northern District of Illinois. Please be informed that on June 21, 2024, the Plaintiff filed his Emergency Motions for a Short Order of Notice, for an Attachment by Trustee Process, and for Injunctive Relief, with the U.S. District Court, and which identified Pacific Stock Transfer Company as a prospective Trustee-Defendant.

Yesterday (June 26th) during a hearing scheduled for 3:00 p.m. (CT) / 4:00 p.m. (ET), Judge Rowland heard argument as to the Plaintiff's Emergency Motions and issued the attached Minute Entry. (see attached). After the hearing, the Court requested that the Plaintiff resubmit his [Proposed] Orders to her Courtroom Clerk, which occurred shortly after the hearing.

Earlier today, the Court entered Orders on the Plaintiff's Emergency Motion for an Attachment and Emergency Motion for Preliminary and Permanent Injunctive Relief, which are presumably self-explanatory. (copies are attached). Once you have had an opportunity to review the Orders and the various filings, I agree that we should have a discussion about the Court Orders. Additionally, please also confirm that, by this email, you are accepting service of the Attachment Order and Injunction Order, on behalf of Pacific Stock Transfer Company.

Thanks again.
Phil Giordano


Very truly yours,
Philip M. Giordano, Esq.
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

---

The information and/or documents accompanying this email contains information from the law firm

of Reed & Giordano, P.A. and Giordano & Company, P.C., which is confidential or privileged. The information and/or documents are intended to be for the use of the individual or entity identified in the email address above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this email and/or any attachments is strictly prohibited. If you have received this email in error, please notify us by email and by telephone immediately so that we can arrange for the retrieval of the email and attachments at no cost to you.

**From:** Harmon, Mark A. <mharmon@csglaw.com>
**Sent:** Thursday, June 27, 2024 12:07 PM
**To:** Phil Giordano <pgiordano@reedgiordano.com>
**Subject:** Grover v. Net Savings

Mr. Giordano:

I am counsel for Pacific Stock Transfer Company. Yesterday, PSTC received from James Tilton copies of proposed orders submitted in connection with an action pending in the United States District Court, Northern District of Illinois. I understand that you are counsel for the plaintiffs in that action.

I understand that the receipt of these proposed orders was the first notice that PSTC had of the pendency of this action. Nevertheless, the proposed orders indicate that PSTC has been named in the action as a Trustee-Defendant. Please advise on what basis PSTC has been brought into this action, whether there has been prior service of any pleadings on PSTC, and what relief is being sought from PSTC in connection with this action.

I am available for a discussion if that would be a better way to start sharing information relative to PSTC's involvement in this action.



MARK HARMON
Counsel
Chiesa Shahinian & Giantomasi PC

O 212.324.7259
mharmon@csglaw.com
11 Times Square, 34th Floor | New York, NY 10036

csglaw.com | LinkedIn

*Please Note: The information contained in this email message is a PRIVATE communication that may contain confidential attorney-client information. If you are not the intended recipient, do not read, copy or use it or disclose it to others. If you have received this message in error, please notify the sender immediately by replying to this message and then delete it from your system.*

*Thank you.*