UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| VIKRAM P. GROVER d/b/a "IX ADVISORS" a/k/a "IXA," | : <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| NET SAVINGS LINK, INC., a Colorado corporation and formerly organized as a Nevada corporation, WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., WILTON UK (GROUP), LIMITED, as registered in England and Wales, U.K., CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and JAMES A. TILTON, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |
| v. | : |
| PACIFIC STOCK TRANSFER, NSAVX, INC., a Wyoming corporation, JOHN DOE CORP., a/k/a NSAVX.COM, a Puerto Rican corporation, and JOHN DOES 1-100, | : <br> : <br> : <br> : <br> : |
| Trustee-Defendants. | : <br> : |

Civil Action No. 1:21-CV-05054
Honorable Mary M. Rowland

**REQUEST FOR ORAL ARGUMENT ON AN EMERGENCY BASIS**

===============================

**PLAINTIFF VIKRAM P. GROVER'S EMERGENCY MOTION FOR A SHORT ORDER OF NOTICE FOR CONSIDERATION OF HIS EMERGENCY MOTION FOR APPOINTMENT OF JOHN BUSACCA AS CHIEF RESTRUCTURING OFFICER (CRO) FOR DEFENDANT NET SAVINGS LINK, INC. (NSAV)**

The Plaintiff, Vikram P. Grover (hereinafter "Mr. Grover"), pursuant to Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois, respectfully moves this Honorable Court, <u>on an emergency basis</u>, on a Short Order of Notice for a

1

remote or telephonic hearing on Wednesday, July 17, 2024, which is the third (3rd) business day after the filing of the instant Emergency Motion, or at such date as may be reasonably convenient for the Court, for an Order appointing John Busacca (hereinafter "Mr. Busacca") appointing John Busacca, as Chief Restructuring Officer (hereinafter the "CRO") of the Defendant, Net Savings Link, Inc. (hereinafter the "Defendant," or "NSAV"), and any and all subsidiaries, affiliates, parents and/or entities and/or agents acting in concert with them with actual notice of this Court's orders, including but not limited to NSAVx, Inc., a corporation duly organized in the State of Wyoming (hereinafter "NSAVx-Wyoming"), and John Doe Corp. a/k/a NSAVx.com, a corporation duly organized in Puerto Rico (hereinafter "NSAVx-PR"), and John Does 1-100 (hereinafter "John Does" and collectively, with NSAVx-Wyoming, NSAVx-PR, and the John Does, hereinafter as the "Defendant-Agents").

In support hereof, the Plaintiff states that he has learned of, and continues to learn of, a series of actions, statements and/or other conduct intended to defeat the enforcement of this Court's Order for an attachment by trustee process, dated June 26, 2024 (hereinafter the "Attachment Order") (Dkt. No. 167), and its Order for preliminary injunctive and equitable relief, dated June 26, 2024 (hereinafter the "Injunction Order") (Dkt. No. 168). As a result and in order to avoid the Defendants, the Defendant-Agents, and certain third-parties, including but not limited to the John Does 1-100, it is critically important for this Honorable Court to appoint a restructuring officer, in accordance with Rule 66, with (1) the powers traditionally granted to a receiver pursuant to 28 U.S.C. §3103(b)(1), and (2) those powers traditionally granted to CROs. In support hereof, the Plaintiff submits his Memorandum of Law, with Exhibits, and relies upon the previously filed Affidavit of Vikram P. Grover, (hereinafter the "Grover Affidavit") and the Affidavit of Philip M. Giordano, Esq., with **Exhibits** (hereinafter the "Giordano Affidavit"), dated June 2024.

2

As detailed in the various papers filed herewith, the Defendants and/or Defendant-Agents continue to take steps and actions to fraudulently convey assets and transfer or assign the same beyond the judicial reach of this Honorable Court. Moreover, the Defendant-Agents are actively seeking to circumvent and defeat the enforceability of the Court's Attachment Order, dated June 26, 2024 (Dkt No. 167) and Injunction Order, dated June 26, 2024 (Dkt. No. 168). As a result, an emergency exists and the Plaintiff will suffer irreparable harm in the absence of a Short Order of Notice. Mr. Grover further states that the facts set forth in the various Motions are largely and substantially undisputed and are based upon the Default Judgment entered against the Corporate Defendants months ago.

WHEREFORE, the Plaintiff, Vikram P. Grover, respectfully moves this Honorable Court on an emergency basis, for a Short Order of Notice as to the Plaintiff's Emergency Motion for the Appointment of John Busacca as Chief Restructuring Officer (CRO) for NSAV, and its affiliated entities and agents. By this Emergency Motion, the Plaintiff respectfully requests oral argument at a hearing, on an emergency basis, on a Short Order of Notice for remote or telephonic hearing on July 17, 2024, which is the third (3rd) business day after filing of the instant Emergency Motion, or at such date as may be reasonably convenient for the Court.

        Respectfully submitted,
        PLAINTIFF, Vikram Grover,
        By his Attorney,

        */s/ Philip M. Giordano* .
        Philip M. Giordano, Esq.
        Giordano & Company, P.C.
        REED & GIORDANO, P.A.
        One McKinley Square, 6th Floor
        Boston, Massachusetts 02109
        Telephone: (617) 723-7755
Dated: July 12, 2024         Email: pgiordano@reedgiordano.com

## **CERTIFICATE OF SERVICE**

      I, Philip M. Giordano, do hereby certify that on the 12th day of July, 2024, I caused to be served a true and correct copy of Plaintiff Vikram Grover's Emergency Motion for a Short Order of Notice as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all counsel and parties of record.


Dated: July 12, 2024                                */s/ Philip M. Giordano*
                                                                 Philip M. Giordano