## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

==============================

|  |  |  |
|---|---|---|
| VIKRAM P. GROVER d/b/a "IX ADVISORS" a/k/a "IXA," | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| NET SAVINGS LINK, INC., a Colorado corporation and formerly organized as a Nevada corporation, | : | Civil Action No. 1:21-CV-05054 |
| WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., | : | Honorable Mary M. Rowland |
| WILTON UK (GROUP), LIMITED, as registered in England and Wales, U.K., | : | |
| CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and | : | REQUEST FOR HEARING |
| JAMES A. TILTON, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| v. | : | |
| PACIFIC STOCK TRANSFER, | : | |
| NSAVX, INC., a Wyoming corporation, | : | |
| JOHN DOE CORP., a/k/a | : | |
| NSAVX.COM, a Puerto Rican corporation, and JOHN DOES 1-100, | : | |
| | : | |
| Trustee-Defendants. | : | |
| | : | |

==============================

**PLAINTIFF VIKRAM P. GROVER'S EMERGENCY MOTION TO FILE [PROPOSED] SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS EMERGENCY MOTION TO APPOINT JOHN BUSACCA AS CHIEF RESTRUCTURING OFFICER (CRO) AND AS FURTHER OPPOSITION TO DEFENDANT TILTON'S MOTION TO VACATE**

The Plaintiff, Vikram P. Grover d/b/a IX Advisors a/k/a IXA (hereinafter the "Plaintiff," or "Plaintiff Grover"), respectfully moves this Honorable Court for leave to file his Supplemental Memorandum with **Exhibits**, and thereby additional information as only recently available, and

support of his Emergency Motion to Appoint John Busacca as the Chief Restructuring Officer (CRO) of Defendant NSAV, and in opposition to the Motion to Vacate of Defendant Tilton, in the form attached hereto as **Exhibit A**. The Plaintiff respectfully requests a hearing, on an <u>emergency basis</u>, on the pending Busacca CRO Motion, and other Motions, on either July 22, 23 or 24, 2024, or on such time and date as may be convenient for this Court.

WHEREFORE, the Plaintiff, Vikram P. Grover, respectfully moves this Honorable Court for leave to file his Supplemental Memorandum with **Exhibits**, in the form attached hereto as **Exhibit A**. Mr. Grover respectfully requests a hearing, on an <u>emergency basis</u>, on the pending Motions on July 22, 23 or 24, 2024, or on such time and date as may be convenient for this Court.

Dated: July 18, 2024

Respectfully submitted,
PLAINTIFF, Vikram P. Grover,

By his Attorneys,

*/s/ Philip M. Giordano*
Philip M. Giordano, Esq. (admitted *pro hac vice*)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

## <u>CERTIFICATE OF SERVICE</u>

I, Philip M. Giordano, do hereby certify that on the 18th day of July, 2024, I caused to be served a true and correct copy of Plaintiff Vikram P. Grover's Emergency Motion for Leave to File [Proposed] Supplemental Memorandum, with **<u>Exhibits</u>**, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all counsel and parties of record.


Dated: July 18, 2024                            <u>*/s/ Philip M. Giordano*</u>
                                                         Philip M. Giordano

# Exhibit "A"

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

```
===============================
                                     :
VIKRAM P. GROVER d/b/a               :
  "IX ADVISORS" a/k/a "IXA,"         :
                                     :
        Plaintiff,                   :
                                     :
    v.                               :
                                     :
NET SAVINGS LINK, INC., a            :
  Colorado corporation and formerly  :
  organized as a Nevada corporation, :        Civil Action No. 1:21-CV-05054
WILTON GROUP, LIMITED, as            :        Honorable Mary M. Rowland
  registered in the Isle of Man, U.K.,:
WILTON UK (GROUP), LIMITED, as       :
  registered in England and Wales, U.K.,:
CHINA FOOD AND BEVERAGE CO.,         :        REQUEST FOR HEARING
  a Colorado corporation, and        :
JAMES A. TILTON,                     :
                                     :
        Defendants.                  :
                                     :
    v.                               :
PACIFIC STOCK TRANSFER,              :
NSAVX, INC., a Wyoming corporation,  :
JOHN DOE CORP., a/k/a                :
NSAVX.COM, a Puerto Rican            :
corporation, and JOHN DOES 1-100,    :
                                     :
        Trustee-Defendants.          :
                                     :
===============================
```

## PLAINTIFF VIKRAM P. GROVER'S [PROPOSED] SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS EMERGENCY MOTION TO APPOINT JOHN BUSACCA AS CHIEF RESTRUCTURING OFFICER (CRO) AND AS FURTHER OPPOSITION TO DEFENDANT TILTON'S MOTION TO VACATE

The Plaintiff, Vikram P. Grover d/b/a IX Advisors a/k/a IXA (hereinafter the "Plaintiff," or

"Plaintiff Grover"), respectfully submits his Supplemental Memorandum to this Honorable Court

to support his Emergency Motion to Appoint John Busacca as the Chief Restructuring Officer

1

(hereinafter "CRO") of Defendant Net Savings Link, Inc. (hereinafter "NSAV") and to further detail unfolding events, the obstruction of this Court's Attachment Order and Injunction Order (hereinafter the "Orders"), the inability of the Plaintiff and his counsel to secure the assets and shares of the Defendant and the increasing volatility as to Defendant NSAV. *See, e.g.,* Dkt. No. 177. By this Supplemental Memorandum, the Plaintiff respectfully requests a hearing, on an <u>emergency basis</u>, on the pending Motions on July 22, 23 or 24, 2024, or on such time and date as may be convenient for this Court.

Initially, the Plaintiff contends that it important to note that to date, individuals claiming to be officers, directors and/or control shareholders of Defendant NSAV, including but not limited to Defendant Tilton, have refused and failed to comply with the Orders. Certain individuals associated with and/or in a position of control over NSAV, have checkered backgrounds, which include conduct which has the potential to defraud the Plaintiff, as he seeks to preserve assets and shares for his anticipated Judgment in this action, and to maintain the status quo and preserve the viability of NSAV

 For example, a certain individual named Alfonso Knoll has apparently been in a position of influence or control over events related to NSAV, its cryptocurrency and/or exchange, and/or assets or shares. *See* various filings and **<u>Exhibits</u>**.  Mr. Knoll and his entity, "Active World Holdings, Inc. d/b/a "Active World Club" (hereinafter "AWC"), have recently been defendants in a federal court litigation, styled as "*Scott Bean v. Active World Holdings, Inc. d/b/a "Active World Club," and Alfonso Knoll*, Civil Action No. 5:23-cv-00292-KNS (U.S. Dist. Ct., E.D. PA) ("Knoll Litigation"), involving allegations of fraudulent inducement that was "similar to a Ponzi scheme," as to tokens, cryptocurrency and fraudulent conduct by Knoll and his entity, AWC. *See* Docket for *Scott Bean v. Active World Holdings, Inc. d/b/a "Active World Club," and Alfonso Knoll*, Civil

2

Action No. 5:23-cv-00292-KNS (U.S. Dist. Ct., E.D. PA), attached, restated and incorporated by reference as **Exhibit 1**; *see also* Complaint in the Knoll Litigation, attached, restated and incorporated by reference as **Exhibit 2**.

According to the Complaint, the plaintiff alleged as follows:

> "The parties negotiated, … and put into the Settlement Agreement the deal they had reached. AWC and Knoll, jointly and severally, are responsible under the Settlement Agreement for paying [plaintiff] $1,023,250.00. The payments were to be payable pursuant to a schedule. However, if AWC sold its cryptocurrency exchange before any default occurred, the entire amount would become due and payable at the closing of the sale."

Knoll Litigation Complaint (**Exhibit 2**), ¶ 18, at p.5.

Unfortunately, Knoll defrauded the plaintiff, using Defendant NSAV as a vehicle, and the plaintiff alleged as follows:

> "19.     A sale of the cryptocurrency exchange is exactly what happened. The Settlement Agreement was executed by the parties on December 15, 2022. Then, on December 20, 2022, AWC sold the cryptocurrency exchange. *Knoll admitted in a recording released December 28, 2022 on Twitter entitled "AWC's 1st full year, crypto industry outlook, & plans for 2023 & beyond" that the sale of the AWC cryptocurrency exchange had already occurred. Consistent with this admission, the financial statements released by **Net Savings Link, Inc.** ("NSL") admits that it purchased AWC's cryptocurrency exchange with a promissory note for $2.5 million*. The full amount owed on the Settlement Agreement of $1,023,250.00 is, thus, due and payable to [plaintiff]. No grace periods apply, and no notice of default was required.
>
> 20.     Because of [plaintiff's] experience with AWC and Knoll, he wanted to examine the contracts for the sale of the cryptocurrency exchange. Under Section 21 of the Settlement Agreement, Been requested the production of the contract for the sale of AWC's cryptocurrency exchange and any accompanying documents that relate to the sale by AWC or the closing of the transaction of the cryptocurrency exchange. AWC and Knoll have failed to provide these documents. AWC's and Knoll's obligation to do so is clear, and they are in default under the Settlement Agreement for failing to turn over the requested documents….
>
> 23.     Knoll operates AWC as something similar to a Ponzi scheme. He lies about AWC's financial wherewithal in hopes of getting more cash in before his promises to pay people back come due. And then he does it all over again. Been has been damaged by this scheme and the Settlement Amount is now due and payable."

Knoll Litigation Complaint (**Exhibit 2**), ¶¶ 19, 20 & 23, at pp.5-6 (emphasis added). As stated in the Complaint, NSAV financial statements demonstrate that it purchased AWC's cryptocurrency exchange for a price of $2.5 million, memorialized by a promissory note. *Id.* Defendants NSAV and Tilton, together with Knoll, have failed and refused, to turn over any assets or any books and records regarding the $2.5 million cryptocurrency exchange to the Plaintiff or his counsel

On February 7, 2024, Judgment entered against Knoll, in the amount of $921,925.00, which remains outstanding at the present time. Knoll Litigation Judgment, attached, restated and incorporated by reference herein as **Exhibit 3**. Knoll has refused to provide any explanation to Mr. Grover or to his counsel as to the whereabouts of the multi-million dollar NSAV assets, or how or why Knoll has the ability to move assets or incur obligations of Defendant NSAV. Alfonso Knoll has thumbed his nose at this Court's Attachment Order and Injunction Order, and time is of the essence for the appointment of John Busacca as Chief Restructuring Officer (CRO), with the powers and authority of a receiver, and for the enforcement of the Orders.

Additionally, the Plaintiff has learned that an individual identified as Michael Osborn is a control person and/or executive of NSAV, and has the authority or influence of decision-making over activities of Defendant NSAV. *See* Unverified Document, attached, restated and incorporated by reference as **Exhibit 4**; *see also* Unverified Document, attached, restated and incorporated by reference as **Exhibit 5**. Nevertheless, a certain Michael Osborn has been involved in extensive litigation for financial crimes in the past, including a Colorado District Court case in which he pled guilty to and was sentenced to seventy-seven (77) months in prison for wire fraud and money laundering. *See* U.S. Attorney's Office, D. Colorado, Press Release, dated December 6, 2016, as attached, restated and incorporated by reference herein as **Exhibit 6**. Furthermore, the U.S. Securities and Exchange Commission (hereinafter the "SEC") filed a civil injunctive action against

Michael Osborn for a fraudulent scheme to sell investments in convertible debt. *See* SEC Litigation Release No. 23773, dated March 9, 2017, attached restated and incorporated by reference herein as **Exhibit 7**

Finally, there are extraordinary events being discussed in various online forums as to Defendant NSAV, the veracity of which cannot be verified but are extremely troubling. For example, and as announced in a "press release" last night, NSAV purportedly cancelled a large, upcoming cryptocurrency event with its shareholders in Nashville, Tennessee. *See* Unverified Document, attached, restated and incorporated by reference as **Exhibit 8**. According to the unverified **Exhibit**, members of the NSAV management team were, purportedly, going to meet with shareholders at the event to discuss the company's present activities and release of new cryptocurrency tokens, as well as provide updates on the projected future of NSAV's growth. *Id.*

The document characterized as a "press release" vaguely references "threats against [NSAV's] team" as the reason for the cancellation, without providing any information on the substance of the threats, or on an alternative venue, or time, for the event. *Id.* Additionally, the document couched as a "press release" announced the resignation of "Kevin Simon," the "CEO" of NSAV, due to the ambiguous threats purportedly levied against NSAV's team. *Id.*.

The alleged resignation of "Kevin Simon" as NSAV "CEO" also purportedly noted that Simon was becoming "Chief Marketing Officer" or "CMO," which conveniently also appeared on NSAV's private Discord server in a post. *See* Unverified Document, attached, restated and incorporated by reference as **Exhibit 9**. Mysteriously, as noted by omission in the NSAV "press release" and through various unverified documents identified as "Discord posts," the Defendant allegedly has no succession plan for their CEO, and are currently scrambling to interview and hire

a new face of the company. *See* Unverified Document, attached, restated and incorporated by reference as **Exhibit 4**.

Moreover, certain unverified information apparently has indicated that a certain user in NSAV's private Discord server by the name "Div_Dev" may be Michael Osborn, acting a "programmer" for NSAV, and purportedly may be an executive for other entities, which allegedly "alter egos," "affiliates" under the federal securities laws, and/or agents, entities or persons in active concert with Defendant NSAV. *See* **Exhibit 4**; *see also* Unverified Document, attached, restated and incorporated by reference as **Exhibit 5**.

Given the Plaintiff's various filings regarding potential fraud, and as expressed fully in his Final Judgment Motion, the Attachment Motion, the Injunction Motion and the Opposition to Defendant Tilton's Vacate Motion, the Plaintiff respectfully requests that a hearing in the coming days as to Plaintiff's Motion to Appoint John Busacca as the Chief Restructuring Officer (CRO) of NSAV in order  so as to reign in the Defendant's dishonest and deceitful corporate misdeeds. *See* Dkt Nos. 161-163, 165.

Dated: July 18, 2024                    Respectfully submitted,
                                        PLAINTIFF, Vikram P. Grover,
                                        By his Attorneys,


                                        */s/ Philip M. Giordano*
                                        Philip M. Giordano, Esq. (admitted pro hac vice)
                                        Giordano & Company, P.C.
                                        REED & GIORDANO, P.A.
                                        One McKinley Square, 6th Floor
                                        Boston, Massachusetts 02109-2724
                                        Telephone: (617) 723-7755
                                        Facsimile: (617) 723-7756
                                        Email: pgiordano@reedgiordano.com

## **CERTIFICATE OF SERVICE**

      I, Philip M. Giordano, do hereby certify that on the 18th day of July, 2024, I caused to be served a true and correct copy of Plaintiff Vikram P. Grover's [Proposed] Supplemental Memorandum, with **Exhibits**, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all counsel and parties of record.

Dated: July 18, 2024                              */s/ Philip M. Giordano*
                                             Philip M. Giordano

# **Exhibit "1"**

Case: 1:21-cv-05054 Document #: 180 Filed: 07/18/24 Page 13 of 50 PageID #:2286

CLOSED,A/R

# United States District Court
## Eastern District of Pennsylvania (Allentown)
## CIVIL DOCKET FOR CASE #: 5:23-cv-00292-KNS

BEEN v. ACTIVE WORLD HOLDINGS, INC. et al
Assigned to: DISTRICT JUDGE KAI N. SCOTT
Cause: 28:1330 Breach of Contract

Date Filed: 01/24/2023
Date Terminated: 02/07/2024
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**SCOTT BEEN**

represented by **DAVID AUGUSTUS**
HENDERSHOT COWART PC
1800 BERING DRIVE, SUITE 600
HOUSTON, TX 77057
713-783-3110
Email: daugustus@hchlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KANDIS L. KOVALSKY**
Kang Haggerty LLC
123 S Broad Street
Suite 1950
Philadelphia, PA 19109
215-525-5850
Email: kkovalsky@kanghaggerty.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SIMON W HENDERSHOT , III**
Simon W. Hendershot, P.C.
1800 Bering Dr., Suite 600
Houston, TX 77057
713-783-3110
Email: trey@hchlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JUSTIN J. SERIANNI**
Kang Haggerty LLC
123 S. Broad Street
Suite 1950
Philadelphia, PA 19109
215-525-5850
Email: jserianni@kanghaggerty.com
*ATTORNEY TO BE NOTICED*

**Jeffrey J Rizzo , Jr**
Flaster Greenberg PC
1717 Arch Street

Suite 3300
Philadelphia, PA 19103
215-320-3757
Email: jeffrey.rizzo@flastergreenberg.com
*TERMINATED: 08/10/2023*

**Lauren Goodfellow**
Kang Haggerty LLC
123 S Broad St
Suite 1670
Philadelphia, PA 19109
215-525-1145
Email: lgoodfellow@kanghaggerty.com
*TERMINATED: 06/02/2023*

**RAYMOND L. PANNETON**
HENDERSHOT COWART, P.C.
1800 BERING DRIVE, SUITE 600
HOUSTON, TX 77057
717-783-3110
Email: rpanneton@hchlawyers.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ACTIVE WORLD HOLDINGS, INC.**
*doing business as*
ACTIVE WORLD CLUBS

represented by **George Meany Lutz**
Hartman, Valeriano, Magovern & Lutz, P.C.
1025 Berkshire Blvd.
Ste. 700
Wyomissing, PA 19610
610-763-0745
Fax: 610-779-7473
Email: glutz@hvmllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALFONSO KNOLL**

represented by **George Meany Lutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Creditor**

**WFD Capital LLC**

represented by **Andrew Roman Perrong**
Perrong Law LLC
2657 Mt. Carmel Ave
Glenside, PA 19038
215-225-5529
Fax: 888-329-0305
Email: a@perronglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**ALFONSO KNOLL**                    represented by **George Meany Lutz**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**ACTIVE WORLD HOLDINGS, INC.**       represented by **George Meany Lutz**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**SCOTT BEEN**                        represented by **DAVID AUGUSTUS**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **KANDIS L. KOVALSKY**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **SIMON W HENDERSHOT , III**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **JUSTIN J. SERIANNI**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Lauren Goodfellow**
                                                    (See above for address)
                                                    *TERMINATED: 06/02/2023*

                                                    **RAYMOND L. PANNETON**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/24/2023 | 1 | COMPLAINT against ACTIVE WORLD HOLDINGS, INC. D/B/A ACTIVE WORLD CLUBS, ALFONSO KNOLL ( Filing fee $ 402 receipt number BPAEDC-16452161.), filed by SCOTT BEEN. (Attachments: # 1 Civil Cover Sheet, # 2 Designation Form)(KOVALSKY, KANDIS) (Entered: 01/24/2023) |
| 01/24/2023 | 2 | NOTICE of Appearance by Lauren Goodfellow on behalf of SCOTT BEEN with Certificate of Service (Attachments: # 1 Certificate of Service)(Goodfellow, Lauren) (Entered: 01/24/2023) |
| 01/25/2023 | 3 | ORDER THAT COUNSEL FOR PLAINTIFF[S] MUST SERVE THIS ORDER ON EVERY PARTY TO THIS CASE IMMEDIATELY AFTER THE PARTYS FIRST APPEARANCE, UNLESS THIS CASE WAS REMOVED FROM STATE COURT, IN WHICH CASE THIS RESPONSIBILITY FALLS ON COUNSEL FOR THE PARTY WHO REMOVED THE CASE; |

| | | ETC. AS HEREIN. SIGNED BY HONORABLE JOSEPH F. LEESON, JR ON 1/25/23. 1/25/23 ENTERED AND COPIES E-MAILED.(mas) (Entered: 01/25/2023) |
|---|---|---|
| 01/25/2023 | 4 | Summons Issued as to ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL. Forwarded To: Counsel on 1/25/23 (mas) (Entered: 01/25/2023) |
| 01/25/2023 | 5 | CERTIFICATE OF SERVICE by SCOTT BEEN re 3 Order, (KOVALSKY, KANDIS) (Entered: 01/25/2023) |
| 01/26/2023 | 6 | MOTION for Pro Hac Vice *for David Augustus*, MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number APAEDC-16459144.) filed by SCOTT BEEN.Affidavit, Certificate of Service. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit, # 3 Certificate of Service)(KOVALSKY, KANDIS) (Entered: 01/26/2023) |
| 01/27/2023 | 7 | ORDER THAT THE MOTION FOR ADMISSION PRO HAC VICE, ECF NO. 6 , IS DENIED WITHOUT PREJUDICE TO THE RIGHT TO BE REFILED ON THE COURTS FORM APPLICATION, ALONG WITH PAYMENT OF THE REQUIRED FEE. SIGNED BY HONORABLE JOSEPH F. LEESON, JR ON 1/27/23.1/27/23 ENTERED AND COPIES E-MAILED.(mas) (Entered: 01/27/2023) |
| 01/27/2023 | 8 | ACCEPTANCE OF SERVICE Re: accepted summons and complaint for ACTIVE WORLD HOLDINGS, INC. on 1/27/2023, answer due 2/17/2023. (KOVALSKY, KANDIS) (Entered: 01/27/2023) |
| 01/27/2023 | 9 | ACCEPTANCE OF SERVICE Re: accepted summons and complaint for ALFONSO KNOLL on 1/27/2023, answer due 2/17/2023. (KOVALSKY, KANDIS) (Entered: 01/27/2023) |
| 01/31/2023 | 10 | NOTICE of Appearance by George Meany Lutz on behalf of ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL (Lutz, George) (Entered: 01/31/2023) |
| 01/31/2023 | 11 | MOTION for Pro Hac Vice *for David Augustus*, MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number APAEDC-16468992.) filed by SCOTT BEEN.Certificate of Service. (KOVALSKY, KANDIS) (Entered: 01/31/2023) |
| 01/31/2023 | 12 | MOTION for Pro Hac Vice *for Raymond Panneton*, MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number APAEDC-16469038.) filed by SCOTT BEEN.Certificate of Service. (KOVALSKY, KANDIS) (Entered: 01/31/2023) |
| 01/31/2023 | 13 | ORDER THAT THE APPLICATION OF DAVID AUGUSTUS, ESQ. TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(B) IS GRANTED. SIGNED BY HONORABLE JOSEPH F. LEESON, JR ON 1/31/23.1/31/23 ENTERED AND COPIES E-MAILED.(er) (Entered: 01/31/2023) |
| 01/31/2023 | 14 | ORDER THAT THE APPLICATION OF RAYMOND L. PANNETON, ESQ. TO PRACTICE IN THIS COURT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(B) IS GRANTED. SIGNED BY HONORABLE JOSEPH F. LEESON, JR ON 1/31/23.1/31/23 ENTERED AND COPIES E-MAILED.(er) (Entered: 01/31/2023) |
| 02/01/2023 | 15 | MOTION for Pro Hac Vice *for Simon Hendershot, III*, MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number APAEDC-16473322.) filed by SCOTT BEEN.Certificate of Service. (KOVALSKY, KANDIS) (Entered: 02/01/2023) |
| 02/02/2023 | 16 | ORDER OF 2/2/23 THAT THE APPLICATION OF SIMON HENDERSHOT, III, ESQUIRE TO PRACTICE IN THIS COURT PURSUANT TO LRCP 83.5.2(b) IS GRANTED. SIGNED BY JUDGE: JOSEPH F. LEESON JR ON 2/2/23. 2/2/23 ENTERED AND COPIES E-MAILED. (DT) (Entered: 02/02/2023) |
| 02/05/2023 | 17 | Disclosure Statement Form pursuant to FRCP 7.1 by ACTIVE WORLD HOLDINGS, INC..(Lutz, George) (Entered: 02/05/2023) |
| 02/17/2023 | 18 | ANSWER to Complaint together with and Counterclaim , COUNTERCLAIM against SCOTT BEEN by ALFONSO KNOLL, ACTIVE WORLD HOLDINGS, INC..(Lutz, George) (Entered: 02/17/2023) |

| 02/22/2023 | 19 | ORDER THAT THE ABOVE CAPTIONED IS REASSIGNED FROM THE CALENDAR OF THE HONORABLE JOSEPH F. LEESON, JR., TO THE HONORABLE KAI N. SCOTT FOR FURTHER PROCEEDINGS. SIGNED BY GEORGE V WYLESOL, CLERK OF COURT ON 2/21/23. 2/22/23 ENTERED AND COPIES E-MAILED.(mas) (Entered: 02/22/2023) |
|---|---|---|
| 03/01/2023 | 20 | ORDER THAT AN INITIAL PRETRIAL CONFERENCE PURSUANT TO FED. R. CIV. P. 16 SHALL BE HELD ON MARCH 21, 2023, AT 1:30PM, IN CHAMBERS, ROOM 5614, UNITED STATES COURTHOUSE, 601 MARKET STREET, PHILADELPHIA, PENNSYLVANIA. IT IS FURTHER ORDERED AS FOLLOWS: THE PARTIES SHALL MAKE THE REQUIRED INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(A) AT LEAST ONE DAY PRIOR TO THE INITIAL PRETRIAL CONFERENCE. COUNSEL SHALL COMPLETE AND ELECTRONICALLY FILE THE REQUIRED REPORT OF RULE 26(F) MEETING INCORPORATING ALL THE INFORMATION DESCRIBED IN THE ATTACHED FORM REPORT SEVEN (7) DAYS BEFORE RULE 16 MEETING. THE REPORT IS ALSO AVAILABLE AS AN EDITABLE WORD DOCUMENT ON JUDGE SCOTTS JUDGE INFO PAGE. ETC. SIGNED BY HONORABLE KAI N. SCOTT ON 3/1/23. (Attachments: # 1 Rule 26 F Form) 3/1/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 03/01/2023) |
| 03/02/2023 | 21 | *Scott Been's* ANSWER to 18 Answer to Complaint, Counterclaim by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 03/02/2023) |
| 03/14/2023 | 22 | Report Of *Rule 26(f) Meeting (Joint Report)* by SCOTT BEEN. (KOVALSKY, KANDIS) (Entered: 03/14/2023) |
| 03/22/2023 | 23 | Minute Entry for proceedings held before HONORABLE KAI N. SCOTT. Rule 16 Pretrial Conference held on 3/21/2023 (va) (Entered: 03/22/2023) |
| 03/22/2023 | 24 | ORDER REFERRRING CASE TO MAGISTRATE JUDGE ELIZABETH T. HEY FOR SETTLEMENT. SIGNED BY HONORABLE KAI N. SCOTT ON 3/21/23. 3/22/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 03/22/2023) |
| 03/23/2023 | 25 | SCHEDULING ORDER: FINAL PRETRIAL CONFERENCE SET FOR 1/16/2024 AT 11:00 AM IN CHAMBERS. DISCOVERY DUE BY 7/14/2023. MOTIONS DUE BY 11/3/2023. MOTION IN LIMINE DUE BY 1/9/2024. MOTION FOR SUMMARY JUDGMENT DUE BY 11/3/2023. PLAINTIFF PRETRIAL MEMO DUE BY 1/9/2024. DEFENDANT PRETRIAL MEMO DUE BY 1/9/2024. TRIAL POOL SET FOR 1/23/2024. ETC. SIGNED BY HONORABLE KAI N. SCOTT ON 3/23/23. 3/23/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 03/23/2023) |
| 03/24/2023 | 26 | NOTICE FROM CHAMBERS OF JUDGE HEY RE: This matter having been referred to Judge Hey for the purposes of conducting settlement proceedings,the following procedures shall apply (see Judge Heys policies and procedures):http://www.paed.uscourts.gov/judges-info/magistrate-judges/elizabeth-t-hey. ETC.(sg) (Entered: 03/27/2023) |
| 04/14/2023 | 27 | ORDER THAT A SETTLEMENT CONFERENCE WILL BE HELD ON 6/13/23 AT 1:30 P.M. BY VIDEO CONFERENCE; ETC.. SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 4/14/23. 4/14/23 ENTERED AND E-MAILED.(JL) Modified on 6/7/2023 (bw). *VACATED PER ORDER No. 35 (Entered: 04/14/2023) |
| 05/16/2023 | 28 | First MOTION to Compel *Production* filed by SCOTT BEEN.Memorandum. (Attachments: # 1 Memorandum)(HENDERSHOT, SIMON) (Entered: 05/16/2023) |
| 05/16/2023 | 29 | Proposed Pretrial Order *on Plaintiff Scott Been's Motion to Compel Production* by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 05/16/2023) |
| 05/17/2023 | 30 | NOTICE of Hearing: STATUS CONFERENCE SET FOR 5/18/2023 AT 01:30 PM VIA TELEPHONE BEFORE HONORABLE KAI N. SCOTT. (Attachments: # 1 Form)(va) (Entered: 05/17/2023) |
| 05/23/2023 | 31 | Minute Entry for proceedings held before HONORABLE KAI N. SCOTT. Re: A Status Conference was held on 5/18/23. (fdc) (Entered: 05/23/2023) |

| 05/24/2023 | 32 | NOTICE of Hearing on Motion 28 First MOTION to Compel *Production* : MOTION HEARING SET FOR 6/13/2023 11:00 AM IN Courtroom 4A BEFORE HONORABLE KAI N. SCOTT.(sfl) (Entered: 05/24/2023) |
|---|---|---|
| 06/02/2023 | 33 | NOTICE of Withdrawal of Appearance by Lauren Goodfellow on behalf of SCOTT BEEN (Attachments: # 1 Certificate of Service)(Goodfellow, Lauren) (Entered: 06/02/2023) |
| 06/02/2023 | 34 | NOTICE of Appearance by Jeffrey J Rizzo, Jr on behalf of SCOTT BEEN with Certificate of Service (Attachments: # 1 Certificate of Service)(Rizzo, Jeffrey) (Entered: 06/02/2023) |
| 06/07/2023 | 35 | ORDER THAT ALL PARTIES WISH TO CANCEL THE SETTLEMENT CONFERENCE, THE ORDER SCHEDULING IT IS VACATED 27 . SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 6/7/23. 6/7/23 ENTERED AND COPIES E-MAILED.(bw) (Entered: 06/07/2023) |
| 06/08/2023 | 36 | Statement *in Support of Motion to Compel* by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 06/08/2023) |
| 06/12/2023 | 37 | AMENDED DOCUMENT by SCOTT BEEN. Amendment to 36 Statement *in Support of Motion to Compel*. (Attachments: # 1 Text of Proposed Order)(HENDERSHOT, SIMON) (Entered: 06/12/2023) |
| 06/13/2023 | 38 | Minute Entry for proceedings held before HONORABLE KAI N. SCOTT Motion Hearing held on 6/13/23 Court Reporter: ESR. (jaa, ) (Entered: 06/13/2023) |
| 06/15/2023 | 39 | Proposed Pretrial Order *on Plaintiff Scott Been's Motion to Compel Production* by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 06/15/2023) |
| 06/15/2023 | 40 | TRANSCRIPT of Oral Argument on Motion to Compel held on 6/13/23, before Judge Kai N. Scott. Court Reporter/Transcriber: Jessica B. Cahill, CER/CET-708, Maukele Transcribers, LLC. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/6/2023. Redacted Transcript Deadline set for 7/17/2023. Release of Transcript Restriction set for 9/13/2023. (fdc) (Entered: 06/15/2023) |
| 06/15/2023 | 41 | Notice of Filing of Official Transcript with Certificate of Service re 40 Transcript - PDF,, 6/15/23 Entered & E-mailed. (fdc) (Entered: 06/15/2023) |
| 06/16/2023 | 42 | ORDER GRANTING IN PART 28 MOTION TO COMPEL PRODUCTION. WITHIN FOURTEEN (14) DAYS OF THE DATE OF THE ENTRY OF THIS ORDER, DEFENDANTS ACTIVE WORLD HOLDINGS, INC. D/B/A ACTIVE WORLD CLUB AND ALFONSO KNOLL (DEFENDANTS) SHALL, WITH RESPECT TO REQUEST FOR PRODUCTION (RFP) NOS. 4, 5, 18, 19, 20, 28, 29, 34, 46, 63, AND 64, PRODUCE DOCUMENTS RESPONSIVE TO EACH OF THESE RFPS, OR STATE THAT AFTER REASONABLE DILIGENCE NO DOCUMENTS EXIST THAT ARE RESPONSIVE TO THE PARTICULAR RFP. DEFENDANTS AGREE TO WITHDRAW ALL OBJECTIONS TO THE PRODUCTION OF DOCUMENTS WITH RESPECT TO THESE RFPS. WITHIN FOURTEEN (14) DAYS OF THE DATE OF THE ENTRY OF THIS ORDER, DEFENDANTS SHALL, WITH RESPECT TO RFP NOS. 13, 23, 24, 25, 26, 36, AND 38, PRODUCE DOCUMENTS RESPONSIVE TO EACH OF THESE RFPS WITH THE INVESTOR(S) OR PAYEE(S) NAMES ONLY REDACTED, EXCEPT THAT SCOTT BEENS NAME OR ALFONSO KNOLLS NAME (AND THE NAMES OF ENTITIES THAT ARE AFFILIATED WITH OR CONTROLLED BY ALFONSO KNOLL) SHALL NOT BE REDACTED, OR STATE THAT AFTER REASONABLE DILIGENCE NO DOCUMENTS EXIST THAT ARE RESPONSIVE TO THE PARTICULAR RFP. DEFENDANTS AGREE TO WITHDRAW ALL OBJECTIONS TO THE PRODUCTION OF DOCUMENTS WITH RESPECT TO THESE RFPS, EXCEPT WITH RESPECT TO THE IDENTITIES OF THE PEOPLE REDACTED. ETC. SIGNED BY HONORABLE KAI N. SCOTT ON 6/16/23. 6/16/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 06/16/2023) |

| 07/13/2023 | 43 | Joint MOTION for Discovery filed by SCOTT BEEN.Agreed Motion Regarding Fact Discovery. (HENDERSHOT, SIMON) (Entered: 07/13/2023) |
|---|---|---|
| 07/18/2023 | 44 | ORDER GRANTING 43 MOTION REGARDING DISCOVERY. THE 25 SCHEDULING ORDER IS AMENDED FOR THE DEPOSITIONS OF ACTIVE WORLD HOLDINGS, INC AND ALFONSO KNOLL SHALL TAKE PLACE NO LATER THAN 8/15/23. SIGNED BY HONORABLE KAI N. SCOTT ON 7/17/23. 7/18/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 07/18/2023) |
| 08/01/2023 | 45 | Emergency MOTION for Protective Order *and for an Order Enjoining the Plaintiff from Threatening and Endangering the Defendants)* filed by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL.Certificate of Service.(Lutz, George) (Entered: 08/01/2023) |
| 08/01/2023 | 46 | RESPONSE to Motion re 45 Emergency MOTION for Protective Order *and for an Order Enjoining the Plaintiff from Threatening and Endangering the Defendants)* filed by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 08/01/2023) |
| 08/01/2023 | 47 | NOTICE of Hearing: STATUS CONFERENCE SET FOR 8/1/2023 03:30 PM IN Telephone Conference BEFORE HONORABLE KAI N. SCOTT.(sg) (Entered: 08/01/2023) |
| 08/01/2023 | 48 | NOTICE of Withdrawal of Motion re Emergency Motion for Protective Order and for an Order Enjoining the Plaintiff from Threatening and Endangering the Defendants filed by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL.(Lutz, George) Modified on 8/9/2023 (md). (Entered: 08/01/2023) |
| 08/09/2023 | 49 | MOTION for Partial Summary Judgment filed by SCOTT BEEN.Memorandum. (Attachments: # 1 Memorandum Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment on the Settlement Agreement)(HENDERSHOT, SIMON) (Entered: 08/09/2023) |
| 08/09/2023 | 50 | STIPULATION re 49 MOTION for Partial Summary Judgment *on the Settlement Agreement* by SCOTT BEEN. (Attachments: # 1 Appendix)(HENDERSHOT, SIMON) (Entered: 08/09/2023) |
| 08/09/2023 | 51 | Minute Entry for proceedings held before HONORABLE KAI N. SCOTT. Status Conference via telephone held on 8/01/2023. (va) (Entered: 08/09/2023) |
| 08/10/2023 | 52 | NOTICE of Withdrawal of Appearance by Jeffrey J Rizzo, Jr on behalf of All Plaintiffs (Attachments: # 1 Certificate of Service)(Rizzo, Jeffrey) (Entered: 08/10/2023) |
| 08/10/2023 | 53 | NOTICE of Appearance by JUSTIN J. SERIANNI on behalf of SCOTT BEEN with Certificate of Service (Attachments: # 1 Certificate of Service)(SERIANNI, JUSTIN) (Entered: 08/10/2023) |
| 09/10/2023 | 54 | RESPONSE to Motion re 49 MOTION for Partial Summary Judgment *on the Settlement Agreement* filed by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL. (Attachments: # 1 Memorandum Memorandum of Law)(Lutz, George) (Entered: 09/10/2023) |
| 09/11/2023 | 55 | Proposed Pretrial Order *Proposed Order re: Defendants' Response to Plaintiff's Motion for Partial Summary Judgment on the Settlement Agreement* by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL. (Lutz, George) (Entered: 09/11/2023) |
| 09/11/2023 | 56 | REQUEST for Hearing re 49 MOTION for Partial Summary Judgment, 54 Response to Motion filed by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL.(Lutz, George) Modified on 9/12/2023 (md). (Entered: 09/11/2023) |
| 09/11/2023 | 57 | CERTIFICATE OF SERVICE by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL re 54 Response to Motion, 56 MOTION for Hearing re 49 MOTION for Partial Summary Judgment , 54 Response to Motion , 55 Proposed Pretrial Order (Lutz, George) (Entered: 09/11/2023) |
| 09/11/2023 | 58 | RESPONSE in Support re 49 MOTION for Partial Summary Judgment filed by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 09/11/2023) |
| 09/14/2023 | 59 | ORDER THAT A SETTLEMENT CONFERENCE IS SET FOR 10/2/2023 AT 09:30 BY VIDEO. SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 9/13/23. 9/14/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 09/14/2023) |

| 10/03/2023 | [60](#) | Minute Entry for proceedings held before MAGISTRATE JUDGE ELIZABETH T. HEY. Settlement Video Conference Not on the Record held on 10/02/2023. (va) (Entered: 10/03/2023) |
| 10/03/2023 | [61](#) | ORDER THAT A STATUS AND SCHEDULING CONFERENCE SET FOR 10/16/2023 AT 04:30 PM BY TELEPHONE. SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 10/3/23. 10/3/23 ENTERED AND COPIES E-MAILED.(va) Modified on 10/4/2023 (va). (Entered: 10/03/2023) |
| 10/03/2023 | | Set/Reset Hearings: STATUS AND SCHEDULING CONFERENCE SET FOR 10/16/2023 AT 04:30 AM BY TELEPHONE BEFORE HONORABLE KAI N. SCOTT. (va) (Entered: 10/04/2023) |
| 10/17/2023 | [62](#) | Minute Entry for proceedings held before MAGISTRATE JUDGE ELIZABETH T. HEY. Settlement Status Telephone Conference Not on the Record held on 10/17/23. (va) (Entered: 10/17/2023) |
| 10/17/2023 | [63](#) | ORDER THAT A TELEPHONIC STATUS AND SCHEDULING CONFERENCE IS SCHEDULED BEFORE THE UNDERSIGNED ON FRIDAY, NOVEMBER 3, 2023, AT 9:00 A.M., ETC. SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 10/2/23. 10/17/23 ENTERED AND COPIES E-MAILED.(va) (Entered: 10/17/2023) |
| 11/03/2023 | [64](#) | Agreed Proposed Order re Dismissal filed by SCOTT BEEN.(HENDERSHOT, SIMON) Modified on 11/6/2023 (md). (Entered: 11/03/2023) |
| 11/03/2023 | | NOTICE of Hearing: TELEPHONE CONFERENCE SET FOR 11/3/2023 09:00 AM IN Telephone Conference BEFORE MAGISTRATE JUDGE ELIZABETH T. HEY.(llk) (Entered: 11/03/2023) |
| 11/03/2023 | [65](#) | Minute Entry for proceedings held before MAGISTRATE JUDGE ELIZABETH T. HEY. Settlement Status Telephone Conference Not on the Record held on 11/3/23. (va) (Entered: 11/03/2023) |
| 11/07/2023 | [66](#) | STIPULATION ORDER DISMISSING CASE. SIGNED BY HONORABLE KAI N. SCOTT ON 11/7/23. 11/7/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 11/07/2023) |
| 01/16/2024 | [67](#) | MOTION to Enforce *Settlement Agreement by Entry of Agreed Judgment* filed by SCOTT BEEN.. (Attachments: # [1](#) Text of Proposed Order)(HENDERSHOT, SIMON) (Entered: 01/16/2024) |
| 02/07/2024 | [68](#) | JUDGMENT in favor of SCOTT BEEN against ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL IN THE AMOUNT OF $921,925.00. SIGNED BY HONORABLE KAI N. SCOTT ON 2/7/2024. 2/7/2024 ENTERED AND COPIES E-MAILED.(va) (Entered: 02/07/2024) |
| 02/08/2024 | [69](#) | NOTICE of Appearance by Andrew Roman Perrong on behalf of WFD Capital LLC (Perrong, Andrew) (Entered: 02/08/2024) |
| 02/08/2024 | [70](#) | NOTICE by WFD Capital LLC re [68](#) Judgment *NOTICE OF ASSIGNMENT OF JUDGMENT* (Perrong, Andrew) (Entered: 02/08/2024) |
| 02/08/2024 | [71](#) | Statement *Corporate Disclosure Statement* by WFD Capital LLC. (Perrong, Andrew) (Entered: 02/08/2024) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/28/2024 11:05:32 | | |
| **PACER Login:** | giochamp | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:23-cv-00292-KNS |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

# **Exhibit "2"**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT BEEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| | § | |
| **ACTIVE WORLD HOLDINGS, INC.** | § | **JURY TRIAL DEMANDED** |
| **D/B/A ACTIVE WORLD CLUB AND** | § | |
| **ALFONSO KNOLL** | § | |
| | § | |
| **Defendants.** | § | |

---

## COMPLAINT

---

Plaintiff Scott Been ("Been"), through his undersigned counsel, hereby files this Complaint against the above-referenced Defendants, and in support thereof, states as follows.

### I.    INTRODUCTION

1.      This is an action for fraud and fraud in the inducement on the part of Alfonso Knoll ("Knoll") and Active World Holdings, Inc. d/b/a Active World Club ("AWC"). As described herein, Knoll and AWC set out on an intentional course of fraudulent conduct to obtain property from Been by the use of false pretenses, false representations, and fraud. Knoll and AWC induced Been to execute a Token Purchase Agreement based on false pretenses and false representations. AWC then breached material terms of the Promissory Note ("Note") made by AWC in favor of Been on or about February 1, 2022 in the principal amount of $1,371,260.00 in connection with the Token Purchase Agreement. Knoll, the principal of AWC, negotiated on behalf of AWC and it is his representations made to Been that induced Been to depart with his property.

2.      Been files this suit for fraud based on Knoll's and AWC's false and misleading statements regarding AWC's financial health and their business in general.  Knoll and AWC made specific "representations and warranties" about AWC's financial position that Been relied upon in entering the Note. Contrary to what Knoll and AWC represent regarding AWC, AWC operates similar to a Ponzi scheme, injuring Been and countless others.

3.      When AWC breached the Note, Been responded by demanding payment. Upon further negotiations, involving legal counsel on both sides, AWC, Knoll, and Been entered into a Settlement Agreement whereby AWC and Knoll had certain payment obligations. When payment came due, AWC and Knoll defaulted on the payment. Been sues alternatively under the Settlement Agreement for the amount he is owed thereunder.

4.      Been files suit for fraudulent inducement because AWC and Knoll never intended to pay Been under the Settlement Agreement. Been would not have entered the Settlement Agreement if he had known AWC's and Knoll's true intentions not to pay the sums when they came due.

## II.    PARTIES

5.      Plaintiff Scott Been is an adult individual residing in the State of Texas.

6.      Defendant Active World Holdings, Inc. d/b/a Active World Club is a Pennsylvania business corporation with its principal address at 124 Huntzinger Road, Wernersville, Pennsylvania 19565.

7.      Defendant Alfonso Knoll is an individual resident of the Commonwealth of Pennsylvania residing at 124 Huntzinger Road, Wernersville, Pennsylvania 19565.

### III.  JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is a resident of the State of Texas and Defendants are residents of the Commonwealth of Pennsylvania.

9.      Venue is proper in this District because the parties consented to jurisdiction and venue in this Court pursuant to Section 9 of the Note and Section 18 of the Settlement Agreement. Additionally, venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are residents of the Commonwealth of Pennsylvania and reside in this District.

### IV.  FACTS COMMON TO ALL COUNTS

10.     On or about February 1, 2022, AWC entered into a Note with Been for payments made to Been in exchange for certain cryptocurrency. The Note was made in conjunction with a Token Purchase Agreement. In relevant part, AWC agreed to pay Been monthly payments of $30,000.00, beginning on March 1, 2022, until the principal sum of $1,371,260.00 was paid in full. Knoll and AWC made specific, false representations in the Token Purchase Agreement regarding AWC's ability to make payments under the Note. Specifically, they represented and warranted that AWC had "sufficient cash on hand or other sources of immediately available funds to enable it to make payment" of $1,371,260.00. This statement proved to be untrue. Knoll and AWC knew that these statements were false but made them with the intent Been would rely on them and enter into the Token Purchase Agreement and accept the Note.

11.     After execution of the Note, AWC made the required regular monthly payments until September 1, 2022. Indeed, the last payment received by Been was the payment due in August 2022.

12.     Pursuant to the default provisions found in Paragraph 5 of the Note, Been, through counsel, notified AWC of the breach and declared the entire outstanding principal balance of the Note due — $1,161,260.00. In addition to the outstanding principal amount due under the Note, Been made further demand for his then-existing out-of-pocket expenses in enforcement of the Note — $7,500.00. This demand was sent to AWC and Knoll on October 20, 2022.

13.     Pursuant to the Note, AWC had five days to cure the defaults noted in Been's October 20, 2022 correspondence; however, AWC and Knoll failed to respond. As such, AWC remained in default under the Note.

14.     Before AWC defaulted on paying the Note, AWC and Knoll enticed Been to use one of the monthly payments on the Note, in the amount of $30,000.00, to buy a Progressive X token. The Progressive X token was "built and ready to launch" according to Knoll. They even started promoting it on Twitter.

15.     However, nothing had been done to build out the Progressive X token. No utility has been built and no token logo has been selected. AWC and Knoll have simply taken Been's money with the promise of delivering a Progressive X token. They have not delivered the token. In his demand letter to AWC and Knoll, Been demanded the return of this amount too.

16.     AWC and Knoll further caused damage to Been with respect to the payout on the Captains NFT with AWC. Been invested $150,000.00 and has received back $47,250.00. Been has been further damaged in the amount of the remaining $103,250.00 and demanded repayment of this amount in his demand to AWC and Knoll as well.

17.     Been had purchased other cryptocurrencies from AWC based on Knoll's false and deceptive statements. For example, the Millionaire NFT. Been paid $10,000.00 for one Millionaire NFT and has been promised $1,000,000.00 after the designated holding period ends. At this point,

Been has no hope for this Millionaire NFT. Been was to receive three times (3x) on the paired token drops as well. This is more of Knoll using AWC to lie to investors and defraud them out of money by telling them that AWC "is on a mission to help 1000 new members become millionaires, over the next year!"

18.     On the eve of preparing to file suit against AWC and Knoll on the Note, AWC and Knoll engaged counsel in hopes of avoiding a lawsuit and discovery.  The parties negotiated, Been in good faith, and put into the Settlement Agreement the deal they had reached. AWC and Knoll, jointly and severally, are responsible under the Settlement Agreement for paying Been $1,023,250.00. The payments were to be payable pursuant to a schedule. However, if AWC sold its cryptocurrency exchange before any default occurred, the entire amount would become due and payable at the closing of the sale.

19.     A sale of the cryptocurrency exchange is exactly what happened. The Settlement Agreement was executed by the parties on December 15, 2022. Then, on December 20, 2022, AWC sold the cryptocurrency exchange. Knoll admitted in a recording released December 28, 2022 on Twitter entitled "AWC's 1st full year, crypto industry outlook, & plans for 2023 & beyond" that the sale of the AWC cryptocurrency exchange had already occurred.  Consistent with this admission, the financial statements released by Net Savings Link, Inc. ("NSL") admits that it purchased AWC's cryptocurrency exchange with a promissory note for $2.5 million.  The full amount owed on the Settlement Agreement of $1,023,250.00 is, thus, due and payable to Been. No grace periods apply, and no notice of default was required.

20.     Because of Been's experience with AWC and Knoll, he wanted to examine the contracts for the sale of the cryptocurrency exchange. Under Section 21 of the Settlement Agreement, Been requested the production of the contract for the sale of AWC's cryptocurrency

exchange and any accompanying documents that relate to the sale by AWC or the closing of the transaction of the cryptocurrency exchange. AWC and Knoll have failed to provide these documents. AWC's and Knoll's obligation to do so is clear, and they are in default under the Settlement Agreement for failing to turn over the requested documents.

21.      Instead of complying with the Settlement Agreement, AWC and Knoll tried to change the topic. The Settlement Agreement envisions Been turning over all his AWC cryptocurrency back to AWC and Knoll upon the full performance by them of the payments of the Settlement Agreement.  It is important to note that Been doing this, however, is not governed by a specific time.  In any event, in response to Been's demand for payment, AWC and Knoll attempt to say that Been himself is not in compliance with the Settlement Agreement. They further state that Been has eleven (11) wallets and that he has been trading within these wallets during the term of the Settlement Agreement.  These statements by AWC and Knoll are false and are evidence that they never intended to pay under the terms of the Settlement Agreement.  It was yet another lie.

22.      Been has not created 11 wallets and has not traded within them. If AWC and Knoll can produce evidence of the existence 11 wallets, then they should also produce evidence of when they were created, how much Ethereum were the wallets funded with, show the emails requesting the wallets, and show the IP address(es) of the computer(s) creating the wallets. AWC and Knoll ran the cryptocurrency exchange and could set up wallets as needed using Been's driver's license and social security number.

23.      Knoll operates AWC as something similar to a Ponzi scheme.  He lies about AWC's financial wherewithal in hopes of getting more cash in before his promises to pay people back come due.  And then he does it all over again. Been has been damaged by this scheme and the Settlement Amount is now due and payable.

## V.     CAUSES OF ACTION AGAINST KNOLL AND AWC

### Count 1 – Fraud

24.     Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

25.     Fundamentally, Knoll and AWC lied to Been about the financial wherewithal of AWC.  Knoll and AWC had AWC enter into contracts with Been with the agreement of making future payments to Been.  On the original Note, Knoll and AWC specifically promised that AWC currently had the money to make the payments. On the Settlement Agreement, Knoll and AWC again promised AWC could make the payments. Upon information and belief, AWC is not able to make the payments and Knoll and AWC fraudulently promised something that AWC could not pay for. When the payments came due, Knoll and AWC would look to make yet another agreement, pushing the payment down the line into the future. In this way, Knoll and AWC are engaged in something similar to a Ponzi scheme, defrauding not only Been, but other individuals and companies too.

26.     At the time Knoll and AWC made these false representations to Been, Knoll and AWC knew them to be false. Indeed, Knoll and AWC made these false representations to Been solely to defraud Been and lure Been into entering into the transactions.

27.     Been reasonably relied upon Knoll's and AWC's misrepresentations in agreeing to enter into the transactions involved.

28.     Had Been known that Knoll's and AWC's representations were false and fraudulent, Been would have never agreed to enter into the transactions, nor would Been have agreed to transfer money to AWC.

29.     As a result of Knoll's and AWC's knowingly false and fraudulent misrepresentations and Been's reliance upon the same, Been suffered damage.

### Count 2 – Fraud in the Inducement

30.     Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

31.     As alleged herein, to induce Been to enter into the Settlement Agreement, Knoll and AWC lied and misrepresented to Been their intentions to pay under the terms of the Settlement Agreement.  In truth, Knoll and Been never intended to pay under the Settlement Agreement.

32.     At the time Knoll and AWC made these false representations to Been, Knoll and AWC knew them to be false.  Indeed, Knoll and AWC made these false representations to Been solely to defraud Been and lure Been into entering into the Settlement Agreement.

33.     Been reasonably relied upon Knoll's and AWC's misrepresentations in agreeing to enter into the Settlement Agreement and agreeing to transfer cryptocurrency to AWC.

34.     Had Been known that Knoll's and AWC's representations were false and fraudulent, Been would have never agreed to enter into the Settlement Agreement, nor would Been have agreed to transfer the cryptocurrency to AWC.

35.     As a result of Knoll's and AWC's knowingly false and fraudulent misrepresentations and Been's reliance upon same, Been suffered damaged.

### Count 3 – Breach of Contract

36.     Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

37.     Been, on the one hand, and Knoll and AWC, on the other, entered into the Settlement Agreement.  Knoll and AWC defaulted on the terms of the Settlement Agreement

because they failed to make a payment when it was due and they failed to produce documents that were reasonably requested.

38.     Been has been damaged by Knoll's and AWC's actions and he seeks to recover damages.

### Count 4 – Joint and Several Liability

39.     Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

40.     Given the conduct of Knoll and AWC, as described herein, Knoll and AWC should be held joint and severally liable for the damages sustained by Been.

### Count 5 – Costs, Expenses, and Attorney's Fees

41.     Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

42.     Section 11 of the Settlement Agreement states that any breach of the Settlement Agreement entitles the prevailing party to attorneys' fees and costs.  Therefore, Been is entitled thereunder to his attorneys' fees and costs.

43.     By reason of the foregoing, as well as Pennsylvania law, Been is entitled to reimbursement from Knoll and AWC for all costs, expenses, and attorney's fees incurred by Been in commencing and prosecuting this action, in an amount to be determined at trial.

### VI.     PRAYER

**WHEREFORE**, Scott Been prays for the following:

A.  An award of damages;

B.  An order confirming Knoll and AWC are jointly and severally liable for Been's damages;

C.  An award of attorney's fees in an amount to be decided at trial;

D.  An award of interest and costs; and,

E.  Such further relief as this Court may deem just and equitable.

### JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues of the Complaint so triable.

Respectfully submitted,

**KANG HAGGERTY LLC**

By:    _/s/ Kandis L. Kovalsky_
        Kandis L. Kovalsky
        Lauren C. Goodfellow
        123 S. Broad Street, Suite 1670
        Philadelphia, PA 19109
        P: (215) 525-5850
        kkovalsky@kanghaggerty.com
        lgoodfellow@kanghaggerty.com

**HENDERSHOT COWART, PC**

Simon W. Hendershot, III (*pro hac vice* to be filed)
David L. Augustus (*pro hac vice* to be filed)
Raymond L. Panneton (*pro hac vice* to be filed)
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:   (713) 783-3110
trey@hchlawyers.com
daugustus@hchlawyers.com
rpanneton@hchlawyers.com

**ATTORNEYS FOR PLAINTIFF SCOTT BEEN**

Dated: January 24, 2023

# Exhibit "3"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT BEEN, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | **NO. 23-0292** |
| ACTIVE WORLD HOLDINGS, INC. and | : | |
| ALFONSO KNOLL, | : | |
| *Defendants.* | : | |

## ORDER

**AND NOW,** this **7th** day of **February, 2024**, upon consideration of Plaintiff Scott Been's

Unopposed Motion to Enforce Settlement Agreement By Entry of Agreed Judgment (ECF No.

67), it is hereby **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1.  The Agreed Judgment (attached to the motion at ECF No. 67-1) is **APPROVED**.

2.  **JUDGMENT** in the amount of $921,925.00 is **ENTERED** in favor of plaintiff

Scott Been and against defendants Active World Holdings, Inc. and Alfonso Knoll.

**BY THE COURT:**

**HON. KAI N. SCOTT**
**United States District Court Judge**

# **Exhibit "4"**



**mick87-24** Today at 9:27 AM
What's the proposed salary for our new ceo ? To know if I apply 🤪

**Div_Dev** Today at 9:31 AM
Lol. This is not an application position Mick.
😂 9

**Matthew9188** Today at 9:37 AM
@Div_Dev So what you are saying is that @mick87-24 is so qualified that he doesn't need to apply?
🤣 1

> 🤖 @Div_Dev Lol. This is not an application position Mick.
**mick87-24** Today at 9:37 AM
Oohhhh you don't want me 😢 does that mean you already have a good candidate ?

**Div_Dev** Today at 9:37 AM
We have a few

> ⓘ @Matthew9188 @Div_Dev So what you are saying is that @mick87-24 is so qualified that he doesn't need to apply?
**Div_Dev** Today at 9:38 AM
Lol, no what im saying is this isn't like filling out an application as 7-11
😂 6

> 🤖 @Div_Dev We have a few
**mick87-24** Today at 9:39 AM
Awesome. I hope you are all safe. And we will have a nice virtual event. I'll be on vacation so I hope for a good news last time I was in Bulgaria it was during the first NSAV exchange missed launch 😂
I've never received the marketing materials to print my t shirt. Will this be shared with the shareholders ?

> 🤖 @Div_Dev Lol, no what im saying is this isn't like filling out an application as 7-11
**optionparty** Today at 10:02 AM
You guys could show up at the event with 🥸 disguises 😁
😂 2

# Exhibit "5"

 **Div_Dev** Yesterday at 6:57 PM

Guys, let's keep this super simple. Business is and will continue to grow as planned. Cex exchange will remain where it's at. We will do our best to put together a live stream for next Friday so everyone can still meet. Hard to shoot someone through a screen. Revenue is growing faster than planned and we have been closing several large partnerships, including our structural announcements. Stressing about it what's happening with the company just fuels the insanity of NSAV. We have a solid plan and will continue to execute on it. We are nSavages and will continue to make nsav a fucking powerhouse.

 10   13   9   5   3   3   3

# **Exhibit "6"**



PRESS RELEASE

# New York City Man Sentenced to Federal Prison for Stock Trading Scheme

Tuesday, December 6, 2016

**For Immediate Release**

U.S. Attorney's Office, District of Colorado

DENVER – Michael Todd Osborn, age 46, of New York, was sentenced by U.S. District Court Judge Christine M. Arguello on last week to serve 77 months in prison followed by 3 years of supervised release for wire fraud and money laundering, announced Acting U.S. Attorney Robert C. Troyer and IRS Criminal Investigation Special Agent in Charge Steven Osborne. He was taken into custody at the end of the sentencing hearing.

Osborn and his co-defendant Corey Earl Engelen were indicted by a federal grand jury in Denver on February 11, 2015. Osborn pled guilty on February 9, 2016 and was sentenced on December 1, 2016. Osborn was ordered to pay a fine of $100,000 and restitution of $695,000 to the investors of this his fraudulent scheme.

According to the indictment and plea agreement, beginning in October 2009 and continuing until July 2010, Osborn devised a scheme to defraud investors. He told them that he would use their funds to trade stocks on their behalf. In fact, he did no trading, and he and his Colorado associate used the investors' money for their own personal benefit and purposes other than trading. Osborn held himself out to investors as an experienced trader of stocks and other securities and a veteran in the equity/swing trading business. He sold investors units in the CU Equity Swing Fund I, LLC and the 10x Leveraged Oscillator Fund, through which he represented

he would conduct short-term trading. Investors typically learned of the investment opportunity through a friend or trusted associate.

Osborn falsely represented that he had a prime trading account through which he would be able to leverage the funds invested and thereby reap greater profits than from unleveraged trading and falsely represented that the investors' funds were protected from fraud, larceny, and embezzlement by a fidelity bond with Lloyds of London.

Osborn instructed investors to wire their funds to accounts held in the name of Infinite One, LLC, which he represented to be the trading accounts he would use for the trades. In fact, the accounts were not trading accounts and were never used for trading. They were merely checking accounts held by Osborn's associate in Colorado. Once the investors had wired funds, Osborn provided them "blotters," which contained detailed records of trades he had purportedly made.

The information provided to the investors was false, as Osborn had never made the trades, and certainly no profits had been realized. Instead, Osborn used the funds for his own personal benefit, including purchasing a Mercedes-Benz, paying for family vacations, paying his attorney and a victim in an unrelated criminal case, and paying his ordinary living expenses and debts.

"These are the worst kind of thieves. They carefully and deliberately go to great lengths to lie and steal the savings of innocent people," said Acting U.S. Attorney Bob Troyer. "IRS Criminal Investigators are excellent at tracking down thieves like this. It is their work, with our Assistant U.S. Attorney, that sends these folks where they belong."

"This sentencing demonstrates the excellent partnership between IRS-CI and the U.S. Attorney's Office in working together to stop the criminal behavior of those who prey on investors for their own personal financial gain," said Steven Osborne, Special Agent in Charge, IRS-Criminal Investigation, Denver Field Office. "IRS Criminal Investigators will continue to use their financial expertise to identify and trace laundered funds in these types of investor fraud schemes."

Engelen pled guilty on October 13, 2016 to one count of money laundering and is scheduled to be sentenced by Judge Arguello on January 31, 2017.

This case was investigated by Internal Revenue Service – Criminal Investigation with assistance from the Special Enforcement Program of the Internal Revenue Service. This case was prosecuted by Assistant U.S. Attorneys Linda Kaufman and Bishop Grewell.

*Updated December 6, 2016*

**Topics**

**FINANCIAL FRAUD**

**SECURITIES, COMMODITIES, & INVESTMENT FRAUD**

**Component**

[USAO - Colorado](#)

# Related Content

**PRESS RELEASE**

## Denver Jury Convicts Former Corporate CFO and Wife of Wire Fraud

DENVER – The U.S. Attorney's Office for the District of Colorado announces that Michael Aaron Tew, 44, and Kimberly Ann Tew, 42, both of Denver, Colorado were found guilty for...

February 16, 2024

**PRESS RELEASE**

## Man Sentenced to 37 months for COVID-19 Fraud

DENVER – The U.S. Attorney's Office for the District of Colorado announces that Chandler Simbeck was sentenced to 37 months in prison, followed by three years of supervised release, for...

December 15, 2023

**PRESS RELEASE**

## Indian National Sentenced to 10 Years in Federal Prison for Money Laundering Conspiracy

DENVER – The United States Attorney's Office for the District of Colorado announces that Dhruv Jani, age 40, formerly of Wray, Colorado, was sentenced to 10 years in prison for...

September 22, 2023

 **District of Colorado**

**Main Office:**

1801 California Street

Suite 1600

Denver, CO 80202

Media Inquiries - Email

Tel: (303) 454-0100

Fax Line: (303) 454-0400

# Exhibit "7"



**U.S. Securities and Exchange Commission**

Home / Enforcement and Litigation / Litigation Releases / VIPWallSt Inc., Michael Todd Osborn, Shenae Catherine Osborn, and Virgil Gene Williams

# VIPWallSt Inc., Michael Todd Osborn, Shenae Catherine Osborn, and Virgil Gene Williams

## U.S. SECURITIES AND EXCHANGE COMMISSION

## Litigation Release No. 23773 / March 9, 2017

### *Securities and Exchange Commission v. VIPWallSt Inc., Michael Todd Osborn, Shenae Catherine Osborn, and Virgil Gene Williams, Civil Action No. 1:17-cv-0176 (S.D.N.Y., filed March 9, 2017)*

### SEC Charges New York Company and Three Individuals in Fraudulent, Convertible Debt Scheme

The Securities and Exchange Commission (Commission) filed a civil injunctive action on March 9, 2017, in the United States District Court for the Southern District of New York relating to a fraudulent scheme by VIPWallSt, Inc. and three individuals to sell investments in convertible debt. The Commission charged VIPWallSt, Inc. (VIP), a Delaware corporation doing business in New York, New York, convicted felon Michael Todd Osborn, his wife Shenae Catherine Osborn, both former residents of New York, and Virgil Gene Williams of

San Diego, California with conducting a fraudulent scheme that misappropriated more than $400,000 from investors in several states.

According to the Commission's complaint, from approximately January to July 2015, VIP raised more than $400,000 from investors by offering investment contracts, with the proceeds to be used to purchase aged, convertible debt or promissory notes from public companies, then converted into securities, and sold for quick profits in the range of 100% to 130%. But Defendants obtained few notes, failed to convert notes to securities, and generated no profits. Instead, the Defendants simply misappropriated most of the money for their own purposes and investors lost everything they invested. Michael Osborn owned and controlled VIP. Along with Williams, Michael Osborn used a VIP-owned website called "AgedDebt.net" to solicit investors and tout their scheme. To hide his criminal past from prospective investors, Michael Osborn used an alias in his communications with prospective investors, and used his wife, Shenae Osborn, to sign corporate documents and investment contracts with investors. During the scheme, VIP reported hundreds of thousands of dollars of fictitious investments gains to its investors. In fact, VIP never sold the securities it claimed and generated no investment gains. The Osborns and Williams simply took the money to pay personal expenses, including extended stays at a New York hotel where the Osborns resided, and to pay a legal judgment owed by Michael Osborn.

The complaint alleges that, based on this conduct, VIP, Michael Osborn, Shenae Osborn and Williams violated the antifraud provisions of Section 17(a) of the Securities Act of 1933 (Securities Act), and Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act) and Rule 10b-5 thereunder. The Commission further alleges, in the alternative, that Michael Osborn, Shenae Osborn and Williams aided and abetted VIP's violations of Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5. The Commission's complaint seeks permanent injunctions, disgorgement plus prejudgment interest, civil penalties and other relief against all of the defendants. No trial date has been set.

➤
SEC Complaint    (/litigation/complaints/2017/comp23773.pdf)

Last Reviewed or Updated: June 27, 2023

## RESOURCES

---

- **SEC Complaint**

# Exhibit "8"

# July 17, 2024 - <u>EVENT POSTPONED</u>

**ANNOUNCEMENT – FOR IMMEDIATE RELEASE**

Due to escalating threats of violence, including death threats directed at our CEO and our chief developer, NSAV and our development team have made the difficult decision to postpone the upcoming Nashville event.

**Background:**

**Recent Threats:** On Saturday, July 13th, threats against our team escalated significantly. Our attorney reviewed these threats and advised us to reassess the safety and security of the Nashville event.

**Attorney's Advice:** On Sunday, July 14th, our attorney recommended postponing the event until we could enhance security measures, including metal detectors, wands, and manual bag checks.

**Security Concerns:** The inclusion of former President Donald Trump as a speaker at the Bitcoin convention has heightened emotions and security concerns. Additionally, Tennessee's permitless carry law, effective July 1, 2021, increases the risk of firearms at the event.

**Recent Incident:** On Monday, July 15th, we received a screenshot from a Telegram room indicating a potential threat involving armed individuals outside our event. Given these factors, we are postponing the Cryptility 2024 event to the end of September 2024. We will provide updated event details, including location, dates, and times, once all security measures are in place.

**Leadership Update:** Due to the ongoing toxicity surrounding NSAV, including past litigation and negative dialogue on social media, Kevin Simon has resigned as CEO of NSAV. Kevin and his family have endured continuous threats of violence, which no one should have to face. Kevin's goal was to build NSAV into a successful crypto operation, but relentless attacks by bad actors made this nearly impossible. Kevin will continue to serve as Chief Marketing Officer, remaining passionate about NSAV's potential in the crypto space. We appreciate your understanding and support during this challenging time. If you have specific questions or you have incurred costs associated with this event that are non-refundable, please DM us. Thank you for your continued support.

# Exhibit "9"

 **Kevin** Yesterday at 6:41 PM
Listen, I want to make sure NSAV is a massive success, but I can't be the CEO of a company where I receive death threats every single day. I am staying on as CMO of the company and still plan on building NSAV into a crypto powerhouse. I am committed to achieving great success for the company and will continue to work towards that goal in my role as Chief Marketing Officer.

 10  👍 8  🤔 2