FILED
7/18/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
KG
BC

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| VIKRAM P. GROVER d/b/a "IX ADVISORS" a/k/a "IXA," | : |
| Plaintiff, | : |
| v. | : |
| NET SAVINGS LINK, INC., a Colorado corporation and formerly organized as a Nevada corporation, WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., WILTON UK (GROUP), LIMITED, as registered in England and Wales, U.K., CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and JAMES A. TILTON, | : |
| Defendants. | : |
| Pacific Stock Transfer, NSAVX.COM, Inc., a Wyoming corporation, and John Doe Corp., NSAVX.COM, a Puerto Rican Corporation, | : |
| Trustee-Defendants. | : |

Civil Action No. 1:21-cv-05054
Honorable Mary M. Rowland

===============================

**DEFENDANT JAMES A. TILTON'S RESPONSE TO PLAINTIFF VIKRAM P. GROVER'S OPPOSITION TO DEFENDANT JAMES A. TILTON'S MOTION TO VACATE ATTACHMENT ORDER AGAINST DEFENDANT JAMES A. TILTON ONLY**

1. NOW COMES James Arthur Tilton, and I am the President, sole director, and majority shareholder of Net Savings Link, Inc. ("NSAV") and I am the President, a director, and a

1

minority shareholder of China Food and Beverage Company ("CHIF").

2. I, the defendant, again, wish to request that the Honorable Court vacate the attachment order, entered on June 27, 2024, against defendant James A. Tilton only, for reasons that I will list below.

3. I have not had a judgement against myself personally in this case. At the oral hearing before the Honorable Court on June 26, 2024, the Honorable Judge Mary K. Rowland, stated that the ruling on plaintiff's request for summary judgment would take place probably by the end of September 2024. I vehemently dispute Plaintiff's counsel's claim that plaintiff has demonstrated a reasonable likelihood of success on the merits of his claims against myself individually.

4. At the oral hearing before the Honorable Court on June 26, 2024, the Honorable Judge Mary K. Rowland, stated that Plaintiff's emergency motion for preliminary injunction [162] and emergency motion for attachment and attachment by trustee process [163] were filed against the corporate defendants and not Mr. Tilton (myself) as an individual.

5. At 4:32 PM CDT, on June 26, 2024, I personally received via email, from this Honorable Court, relating to Document number 166, which stated the following;

"Docket' Text:

MINUTE entry before the Honorable Mary M. Rowland: Telephonic motion hearing held. Plaintiff and Mr. Tilton appeared telephonically. Corporate entities are not represented by counsel. Mr. Tilton is reminded he cannot represent the corporate entities. Plaintiff's emergency motion for preliminary injunction [162] and emergency motion for attachment and attachment by trustee process [163] were filed against the corporate defendants and not Mr. Tilton as an individual. Because the corporate entities remain unrepresented, Plaintiff's motions are granted. Plaintiff is to send proposed orders to the court's proposed order mailbox for entry. Mailed notice. (dm, )"

6. I do not dispute that Plaintiff's emergency motion for attachment and attachment by trustee process [163] also included myself personally.

7. I do not dispute that the Honorable Court issued an attachment order, entered on June 27, 2024, against myself personally.

8. Again, my dispute and contention is that, as stated in items 4 and 5 above, it is clear that the Honorable Mary M. Rowland stated that I was not to be included in the attachment order.

9. An attachment order against myself personally should be solely based on the threat of me personally transferring my own assets, which I have not done, or attempted to do and plaintiff's counsel has no evidence to support that. In fact, in plaintiff's current motions

3

I don't believe even discuss the transfer of my personal assets, only corporate assets.

10. My motion to vacate and related plaintiff's opposition, are solely to do with myself personally and not the corporate defendants. However, it is clear that plaintiff's counsel has made his opposition about the corporate defendants, including by submitting emails and text messages that I sent to John Busacca. Therefore, I ask the Honorable Court to allow me to reply to said emails in this response and not grant a motion to strike by plaintiff's counsel, should he make such a motion.

11. In my emails and text messages to John Busacca, I refer to legal ways of dealing with the plaintiff. I meant either through the court process or a settlement. My said emails and text messages never discuss a plan to transfer assets from the defendant corporations. In fact, my messages discuss putting deals into the five public companies that I am or was involved with.

    I am no longer involved with Tianrong Internet Products and Services, Inc. (TIPS), other than being a minority shareholder. I have resigned my officer and director positions. I have not sold or transferred, or attempted to sell or transfer, my shares in TIPS and have no intention to do so.

I am the president, sole director and minority shareholder of Tianrong Medical Group, Inc. (TNMD). I have not sold or transferred, or attempted to sell or transfer, my shares in TNMD and have no intention to do so.

I am the president, director and own no shares of Lvyuan Green Building Material Technology Corp. (LVYN).

Neither TIPS, TNMD and LVYN are defendants in this case and have nothing to do with this case.

12. Further, regarding said emails and text messages to John Busacca, CHIF's sole asset is a minor beverage business, which it acquired in late 2023 and in 2023 reported roughly $50,000. in sales. There has been no attempt to sell or transfer that business.

13. Finally, regarding said emails and text messages to John Busacca regarding NSAV, my sole ownership in NSAV consists of 40 million Preferred A shares, which do not convert to common stock and have no other rights except voting. These shares make me the majority shareholder of NSAV in terms of voting rights. I have never sold or attempted to sell any of these shares and any statement to the contrary is fraudulent and based on no evidence.

I am the majority shareholder and sole director of NSAV. As such, only I can approve the sale or transfer of assets of NSAV and I have not done so in any way whatsoever. For Plaintiff's counsel to accuse me of such is a fraudulent statement.

On May 10, 2024, I authorized the release of the following press release (in quotes below), which was sent to me by a consultant of NSAV and I believe written by a person or persons operating NSAV's cryptocurrency exchange, NSAVx.

"Net Savings Link, Inc. (OTC: NSAV), a cryptocurrency, blockchain and digital asset technology company, announced today the formation of NSAVx.com https://nsavx.com/ as a wholly-owned subsidiary on May 7, 2024.

NSAVx.com has been incorporated in Wyoming (2024-001453376) with 100,000,000 shares of common stock authorized at zero par value. The purpose of this incorporation is to hold both domestic and international NSAVx.com exchange assets, with the potential for a future spin-off as a special dividend to NSAV shareholders."

Again, only I can transfer assets to NSAVx.com, Inc. (Wyoming) and I have not done so.

I am not a corporate attorney and as NSAVx.com, Inc. (Wyoming) is a wholly-owned subsidiary of NSAV, I am not sure if NSAV transferring assets to a wholly-owned subsidiary is even a violation of the court order, but nonetheless, it will not be done.

However, I can assure the Honorable Court that no assets of NSAV will be sold or transferred without the approval of the court and without notifying the plaintiff.

Again, and for the reasons stated above, I kindly request that the Honorable Court vacates the attachment order, entered on July 27, 2024, against defendant James A. Tilton only.

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of July, 2024.

_____
James A. Tilton