# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

                         :

**VIKRAM P. GROVER d/b/a**        :
  **"IX ADVISORS" a/k/a "IXA,"**    :
                         :

      **Plaintiff,**             :
                         :

      **v.**                   :
                         :

**NET SAVINGS LINK, INC., a**     :
  **Colorado corporation and formerly**   :
  **organized as a Nevada corporation,**   :    <u>**Civil Action No. 1:21-cv-05054**</u>
**WILTON GROUP, LIMITED, as**      :    **Honorable Mary M. Rowland**
  **registered in the Isle of Man, U.K.,**    :
**WILTON UK (GROUP), LIMITED, as**   :
  **registered in England and Wales, U.K.,**   :
**CHINA FOOD AND BEVERAGE CO.,**   :
  **a Colorado corporation, and**        :
**JAMES A. TILTON,**              :
                         :

      **Defendants.**           :
                         :

===============================

## <u>PLAINTIFF VIKRAM P. GROVER'S STATUS REPORT</u>

     The Plaintiff, Vikram P. Grover, (hereinafter "Mr. Grover" or the "Plaintiff"), and the Defendant James Tilton (hereinafter the "Defendant") pursuant to Federal Rule of Civil Procedure 26(f) and as ordered by the Honorable U.S. District Court for the Northern District of Illinois, respectfully submit his Sixth Status Report.

     In accordance with the Court's instructions at the hearing of August 8, 2024, the Plaintiff's counsel did not identify evidence of having previously served the Local Rules Forms 56.1 and 56.2 upon the unrepresented Defendant, James Tilton.

1

As a result and as instructed by the Court, on August 9, 2024, the Plaintiff, through counsel, complied with the Local Rule of the U.S. District Court for the Northern District of Illinois and served true copies of Local Rule (LR) 56.1, Local Rule (LR) 56.2 and Rule 56 of the Federal Rules of Civil Procedure, and together with, as a courtesy, true copies of the Federal Rules of Civil Procedure and the Local Rules for the U.S. District Court for the Northern District of Illinois, by email, upon the unrepresented Defendant, James Tilton. *See* Email of Philip M. Giordano, Esq. to James Tilton, dated: August 9, 2024, (with LR 56.1, 56.2 and R.56; w/o Federal Rules of Civil Procedure; and w/o Local Rules of U.S. District Court, N.D. IL), as attached, restated and incorporated by reference hereto as **Exhibits A-D**.

Dated: August 9, 2024

Respectfully submitted,
PLAINTIFF, Vikram P. Grover,

By his Attorneys,


  */s/ Philip M. Giordano*
Philip M. Giordano, Esq. (admitted *pro hac vice*)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email:  pgiordano@reedgiordano.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

I, Philip M. Giordano, do hereby certify that on this 9th day of August, 2024, I caused to be served a true and correct copy of Rule 56 of the Federal Rules of Civil Procedure, Local Rule (LR) 56.1 and Local Rule (LR) 56.2 as to the Plaintiff's Rule 56 Motion for Summary Judgment against Defendant James Tilton, by emailing true copies of the same to the unrepresented Defendant, James Tilton, as follows:

James A Tilton, *pro se*
c/o Net Savings Link, Inc.
1942 Broadway Street, Suite 314C
Boulder, CO 80302
Email: jamtilton@yahoo.com


Dated: August 9, 2024                        */s/ Philip M. Giordano*
                                             Philip M. Giordano

## CERTIFICATE OF SERVICE

I, Philip M. Giordano, do hereby certify that on this 9th day of August, 2024, I caused to be served a true and correct copy of the Plaintiff's Sixth Status Report, with **Exhibits A-D** thereto, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all parties or counsel of record, and by emailing a true copy of the same to the following:

James A Tilton, *pro se*
c/o Net Savings Link, Inc.
1942 Broadway Street, Suite 314C
Boulder, CO 80302
Email: jamtilton@yahoo.com

Jawad I. Fitter, Esq. (Local Counsel Defendant NSAV)
Bar ID Number: 6331338
Fitter Law, LLC
150 S. Wacker Drive, Suite 2400
Chicago, IL 60606
Tel: 312-741-1073
Email: Jawad@FitterLaw.com

Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mt. Carmel Ave
Glenside, PA 19038
Tel: (215) 225-5529
Email: a@perronglaw.com

Jeffrey R. Tone, Esq.
KATTEN & TEMPLE, LLP
The Rookery Building
209 South LaSalle Street, Suite 950
Chicago, Illinois 60604
Telephone: (312) 663-4400
Email: jtone@kattentemple.com


Dated: August 9, 2024                    */s/ Philip M. Giordano*
                                         Philip M. Giordano

# Exhibit "A"

| From: | Phil Giordano |
| To: | James Tilton |
| Cc: | Phil Giordano; Julian Frare; Breanna Troutman; Jeff Tone |
| Subject: | RE: Grover v. Net Savings Link, Inc., et al. - Plaintiff's Summary Judgment Motion, Rule 56, and Local Rules 56.1 and 56.2 |
| Date: | Friday, August 09, 2024 4:27:43 PM |
| Attachments: | LR 56.1 Form.pdf |
| | LR 56.2 Form - Notice to Unrepresented Litigants.pdf |
| | Rule 56 - Federal Rules of Civil Procedure December 1 2022 0.pdf |
| | Federal Rules of Civil Procedure December 1 2022 0.pdf |
| | LR Rules - US District Court - ND of Illinois.pdf |

Mr. Tilton – Pursuant to Judge Rowland's instructions at the hearing yesterday, August 8, 2024, attached please find the following:

a)  Rule 56 of the Federal Rules of Civil Procedure;

b)  Local Rule (LR) 56.1 of the Local Rules of the U.S. District Court for the Northern District of Illinois;

c)  Local Rule (LR) 56.2 of the Local Rules of the U.S. District Court for the Northern District of Illinois;

d)  as a courtesy, the Federal Rules of Civil Procedure; and

e)  as a courtesy, the Local Rules of the U.S. District Court for the Northern District of Illinois.

Best regards,
Philip M. Giordano


Very truly yours,
Philip M. Giordano, Esq.
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

The information and/or documents accompanying this email contains information from the law firm of Reed & Giordano, P.A. and Giordano & Company, P.C., which is confidential or privileged. The information and/or documents are intended to be for the use of the individual or entity identified in the email address above. If you are not the intended recipient, please be aware that any disclosure, copying, distribution or use of the contents of this email and/or any attachments is strictly prohibited. If you have received this email in error, please notify us by email and by telephone immediately so that we can arrange for the retrieval of the email and attachments at no cost to you.

# Exhibit "B"



**United States District Court**
NORTHERN DISTRICT OF ILLINOIS

# LR 56.1 Motions for Summary Judgment

**LR 56.1. Motions for Summary Judgment**

**(a) Moving Party.** With each summary judgment motion filed under Fed. R. Civ. P. 56, the moving party must serve and file—

   (1)  a supporting memorandum of law that complies with LR 56.1(g); and

   (2)  a statement of material facts that complies with LR 56.1(d) and that attaches the cited evidentiary material.

   (3)  Failure to comply with LR 56.1(a)(1) or (a)(2) may be grounds for denial of the motion.

**(b) Opposing Party.** Each party opposing a summary judgment motion shall serve and file—

   (1)  a supporting memorandum of law that complies with LR 56.1(g);

   (2)  a response to the LR 56.1(a)(2) statement of material facts that complies with LR 56.1(e) and that attaches any cited evidentiary material not attached to the LR 56.1(a)(2) statement; and

   (3)  if the opposing party wishes to assert facts not set forth in the LR 56.1(a)(2) statement or the LR 56.1(b)(2) response, a statement of additional material facts that complies with LR 56.1(d) and that attaches any cited evidentiary material not attached to the LR 56.1(a)(2) statement or LR 56.1(b)(2) response.

**(c) Moving Party's Reply.** After an opposing party files its materials under LR 56.1(b), the movant shall serve and file—

   (1)  a reply memorandum of law that complies with LR 56.1(g); and

   (2)  a response to the LR 56.1(b)(3) statement of additional material facts (if any) that complies with LR 56.1(e) and that attaches any cited evidentiary material not attached to the LR 56.1(a)(2) statement, the LR 56.1(b)(2) response, or the LR 56.1(b)(3) statement.

**(d) Statement of Material Facts.**

(1)  Form. Each LR 56.1(a)(2) statement of material facts and LR 56.1(b)(3) statement of additional facts must consist of concise numbered paragraphs.

(2)  Citations. Each asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it. The court may disregard any asserted fact that is not supported with such a citation.

(3)  All evidentiary material identified in LR 56.1(a)(2) and LR 56.1(b)(3) citations must be included as numbered exhibits with the statements of fact.

(4)  LR 56.1(a)(2) statements of material facts and LR 56.1(b)(3) statements of additional facts should not contain legal argument.

(5)  A movant's LR 56.1(a)(2) statement of material facts must not exceed 80 numbered paragraphs. An opposing party's LR 56.1(b)(3) statement of additional facts must not exceed 40 numbered paragraphs. A party must seek the court's permission before exceeding these limits.

**(e) Response to Statement of Facts.**

(1)  Form. Each LR 56.1(b)(2) and LR 56.1(c)(2) response must consist of numbered paragraphs corresponding to the numbered paragraphs in the LR 56.1(a)(2) or LR 56.1(b)(3) statement, respectively, and must attach the evidentiary material identified in LR 56.1(b)(2) and LR 56.1(c)(2), respectively. Each paragraph shall set forth the text of the asserted fact (including its citations to the supporting evidentiary material), and then shall set forth the response.

(2)  Content. Each response must admit the asserted fact, dispute the asserted fact, or admit in part and dispute in part the asserted fact. If the response admits in part and disputes in part the asserted fact, it must specify which part of the asserted fact is admitted and which part is disputed. A response may not set forth any new facts, meaning facts that are not fairly responsive to the asserted fact to which the response is made. A response may not assert legal arguments except to make an objection, including objections based on admissibility, materiality, or absence of evidentiary support. Motions to strike all or portions of an opposing party's LR 56.1 submission are disfavored. If a party contends that its opponent has included objectionable or immaterial evidence or argument in a LR 56.1 submission, the party's argument that the offending material should not be considered should be included in its response or reply brief.  In the event that the objection is overruled, the failure to admit or dispute an asserted fact may constitute a waiver.

(3) Citations. To dispute an asserted fact, a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the asserted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material.

**(f) Reply in Support of Statement of Facts.** No reply to a LR 56.1(b)(2) or LR 56.1(c)(2) response is permitted without the court's permission. The moving party may use its reply memorandum of law to respond to an evidentiary or materiality objection raised in a LR 56.1(b)(2) response. The opposing party must seek permission from the court for a supplemental filing to respond to an evidentiary or materiality objection raised in a LR 56.1(c)(2) response.

**(g) Memorandum of Law.** Each memorandum of law must set forth legal argument in support of or opposition to summary judgment and may include a statement of facts. When addressing facts, the memorandum must cite directly to specific paragraphs in the LR 56.1 statements or responses.

Adopted April 20, 2006. Amended February 18, 2021 and September 29, 2023

---

**Note:** The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

*#Rule ID60*

# Exhibit "C"



# LR 56.2 Notice to Unrepresented Litigants Opposing Summary Judgment

### LR 56.2. Notice to Unrepresented Litigants Opposing Summary Judgment

Any party moving for summary judgment against an unrepresented party shall serve the unrepresented party with its summary judgment papers and a copy of Federal Rule of Civil Procedure 56, Local Rule 56.1, and this Local Rule 56.2 Notice. The moving party must also file this Local Rule 56.2 Notice, with a certificate of service. If the unrepresented party is not the plaintiff, the movant shall revise this Local Rule 56.2 Notice to describe the parties, movant, and nonmovant.

### Notice to Unrepresented Litigants Opposing Summary Judgment

The defendant has moved for summary judgment against you. That makes the defendant the "movant" and you the "nonmovant." By moving for summary judgment, the defendant is arguing to the judge that there is no need for a trial because: (1) there is no legitimate disagreement about the important facts of the case; and (2) applying the law to those facts, the defendant wins. The defendant may move for partial summary judgment (meaning only as to some of the claims or issues raised by your complaint) or for summary judgment on all claims.

When moving for summary judgment, the defendant must serve on you and file:

(1) a statement of facts, which is a list of the facts the defendant thinks are true and undisputed;

(2) the evidence that supports those facts; and

(3) a memorandum of law that makes a legal argument about why the defendant wins based on the law and the facts.

There are rules that both lawyers and people without lawyers must follow in moving for or opposing summary judgment. **If you do not follow the rules, then the judge may not consider your facts or your arguments.**

This notice is meant to help explain the summary judgment process to you. If you have more questions, you can visit the United States District Court for the Northern District of Illinois's Clerk's Office on the 20th floor of the Everett McKinley Dirksen U.S. Courthouse, 219 S. Dearborn, Chicago, Illinois 60604, and ask about the William J. Hibbler Memorial Pro Se Assistance Program. You can also make an appointment with the program online. This program cannot provide you with a lawyer but can answer certain procedural questions about opposing summary judgment.

## What You Must File

To respond to the summary judgment motion, you **must** file, as separate documents:

- · a response to the defendant's statement of material facts (see Section I);
- · a statement of additional facts, if you want the judge to consider facts not included in the defendant's statement of material facts or your response to the defendant's statement (see Section II);
- · the evidentiary material that supports your response to the defendant's statement of facts and any statement of additional facts (the material should be labeled as exhibits); and
- · a memorandum of law that explains why the defendant is not entitled to summary judgment based on the facts and the law (see Section III).

More details about these documents are below. If you do not respond to the defendant's summary judgment motion by the deadline the judge gives you, the judge may rule on the motion based solely on what the defendant has to say. Even if you file your own summary judgment motion, you still must respond to the defendant's summary judgment motion.

## I.     Response to Defendant's Statement of Facts

The defendant has listed what it thinks are undisputed facts in a series of short paragraphs. This document is called a "statement of facts." For each fact, the defendant must point to evidence—such as affidavits, deposition transcripts, recordings, and other documents—that the fact is true.

You must respond to each of the defendant's facts, paragraph by paragraph. **If you do not respond to a fact asserted by the defendant, the judge may decide that you have admitted that the fact is true.** Here is how you can respond to a fact asserted by the defendant:

(a)  **Admit it.**

If you agree with a fact, write "Admitted." If you admit a fact in your response, you cannot later deny that fact in your statement of additional facts or in your legal argument.

(b) **Dispute it.**

If you think that a fact is not supported by the evidentiary material cited by the defendant, you should write "Disputed" and then briefly explain why you dispute the fact and cite the specific page(s) of evidence that supports your position.

If your response cites evidence that the defendant did not submit, you must include that additional evidence in an appendix filed and served along with your response.

For example, if the defendant asserts that the traffic light was red at a particular time and supports that assertion with an affidavit, and if you believe that the light was green at that time, you can dispute the asserted fact and cite to evidentiary material (such as an affidavit, declaration, or deposition testimony) that supports your view that the light was green.

(c) **Object to evidence that the defendant submitted.**

If you would like to object to a particular piece of evidence cited in the defendant's statement of facts—for example, because it is not relevant or is hearsay—you should briefly explain your objection. When addressing facts, the memorandum must cite directly to specific paragraphs in the LR 56.1 statements or responses. If you both disagree with a fact and object to the evidence that the defendant cites to support that fact, then your response to that fact should explain both your denial of the fact and your objection. If you object to the defendant's evidence but do not deny the fact, and the judge overrules your objection, then the judge may consider you to have admitted the fact.

**Do not include these things in your response to statements of fact:**

·  **New facts.** To state new facts, meaning facts that are not fairly responsive to the defendant's asserted facts, list them in your separate statement of additional fact (see Section II).

·  **Legal arguments.** Legal arguments must be made in your brief (see Section III). The one exception is for arguments in support of legal objections (for example, hearsay) to the evidentiary material cited by the defendant.

For help formatting your response to the defendant's statement of facts, see the Local Rule 56.1 examples on the court's website.

## II.      Statement of Additional Facts

If you want the judge to consider new facts—meaning facts other than those in the defendant's statement of facts or your response to the statement of facts—you must submit a statement of additional facts as a separate document from your response to the defendant's statement. **If you do not submit a statement of additional facts, the judge may consider only the asserted facts in the defendant's statement of facts and any facts in your response to the defendant's statement of facts that are fairly responsive to the defendant's asserted facts.**

Your statement of additional facts should be organized into short, numbered paragraphs with no more than one fact in each paragraph. Unless you get permission from the judge, your statement of additional facts must not have more than 40 numbered paragraphs.

**You must support each fact with a citation to a specific piece of evidence that supports it.** For example, you might cite a particular page of a deposition transcript, a particular paragraph of an affidavit, or a timestamp on a recording. You can cite the evidence that the defendant submitted with its statement of material facts to support your statement of additional facts. You can also cite your own evidence that the defendant did not submit, but you must file and serve that evidence along with your statement of additional facts.

If you want to submit evidence of your own testimony (other than a deposition transcript), you should prepare an affidavit or declaration, which sets forth facts you know to be true based on your personal knowledge. An affidavit must be signed and notarized, while a declaration must be signed and include the following language from 28 U.S.C. § 1746: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [insert date]. [Signature]."

For help formatting your statement of additional facts, see the Local Rule 56.1 examples on the court's website. The defendant will have an opportunity to respond to your statement of additional facts.

## III.      Memorandum of Law

The defendant has submitted a legal memorandum explaining why it should win the case on summary judgment based on its statement of facts and governing law. You must answer that brief by filing a memorandum that responds to the defendant's arguments and explains why the defendant should not win the case on summary judgment. Your memorandum should be separate from your response to the defendant's statement of facts and your statement of additional facts.

Your memorandum should explain why the defendant is not entitled to summary judgment. If you do not make a legal argument in your memorandum, you may lose the opportunity to make that argument on appeal. You can argue that because you and the defendant disagree on important facts, there needs to be a trial to decide which of you is right about those facts. You can also explain why the defendant's legal arguments are wrong based on the law or based on the facts that you disputed in your response and/or that you included in your statement of additional facts.

### IV. Federal Rule of Civil Procedure 56 and Local Rule 56.1

Summary judgment is governed by Federal Rule of Civil Procedure 56, and the United States District Court for the Northern District of Illinois also has a Local Rule 56.1. Local Rule 56.1(a) explains what someone seeking summary judgment must submit, and Local Rule 56.1(b) explains what you need to do to oppose summary judgment.

Reading this Notice is not a substitute for reviewing Rule 56 and Local Rule 56.1. You should be familiar with Rule 56 and Local Rule 56.1 before you prepare your opposition to summary judgment. You should also review the Local Rule 56.1 examples on the court's website.

Adopted July 1, 2008. Amended February 19, 2021

**Note:** The court does not control nor can it guarantee the accuracy, relevance, timeliness, or completeness of this information. Neither is it intended to endorse any view expressed nor reflect its importance by inclusion in this site.

*#Rule ID61*

# Exhibit "D"

Apr. 29, 2002, eff. Dec. 1, 2002; Mar. 27, 2003, eff. Dec. 1, 2003; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

## Rule 55. Default; Default Judgment

(a) ENTERING A DEFAULT. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) ENTERING A DEFAULT JUDGMENT.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) *By the Court.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

(c) SETTING ASIDE A DEFAULT OR A DEFAULT JUDGMENT. The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b).

(d) JUDGMENT AGAINST THE UNITED STATES. A default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court.

(As amended Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 29, 2015, eff. Dec. 1, 2015.)

## Rule 56. Summary Judgment

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

(1) *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

    (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

    (1) defer considering the motion or deny it;

    (2) allow time to obtain affidavits or declarations or to take discovery; or

    (3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    (1) give an opportunity to properly support or address the fact;

    (2) consider the fact undisputed for purposes of the motion;

    (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or

    (4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

    (1) grant summary judgment for a nonmovant;

    (2) grant the motion on grounds not raised by a party; or

    (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted

in bad faith or solely for delay, the court—after notice and a reasonable time to respond—may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

## Rule 57. Declaratory Judgment

These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Apr. 30, 2007, eff. Dec. 1, 2007.)

## Rule 58. Entering Judgment

(a) SEPARATE DOCUMENT. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:

    (1) for judgment under Rule 50(b);

    (2) to amend or make additional findings under Rule 52(b);

    (3) for attorney's fees under Rule 54;

    (4) for a new trial, or to alter or amend the judgment, under Rule 59; or

    (5) for relief under Rule 60.

(b) ENTERING JUDGMENT.

    (1) *Without the Court's Direction.* Subject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when:

        (A) the jury returns a general verdict;

        (B) the court awards only costs or a sum certain; or

        (C) the court denies all relief.

    (2) *Court's Approval Required.* Subject to Rule 54(b), the court must promptly approve the form of the judgment, which the clerk must promptly enter, when:

        (A) the jury returns a special verdict or a general verdict with answers to written questions; or

        (B) the court grants other relief not described in this subdivision (b).

(c) TIME OF ENTRY. For purposes of these rules, judgment is entered at the following times:

    (1) if a separate document is not required, when the judgment is entered in the civil docket under Rule 79(a); or

    (2) if a separate document is required, when the judgment is entered in the civil docket under Rule 79(a) and the earlier of these events occurs:

        (A) it is set out in a separate document; or

        (B) 150 days have run from the entry in the civil docket.

(d) REQUEST FOR ENTRY. A party may request that judgment be set out in a separate document as required by Rule 58(a).