IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **VIKRAM P. GROVER, d/b/a** | ) | |
| **"IX ADVISORS" a/k/a "IXA"** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No 1:21-cv-5054 |
| | ) | |
| **NET SAVINGS LINK, INC.,** | ) | |
| **WILTON GROUP, LIMITED,** | ) | |
| **WILTON UK (GROUP) LIMITED,** | ) | |
| **CHINA FOOD AND BEVERAGE CO.,** | ) | |
| **JAMES TILTON, and** | ) | |
| **JOHN DOES 1-100** | ) | |
| | ) | |
| *Defendants*. | | |

### DEFENDANTS NET SAVINGS LINK, INC.'S MOTION TO VACATE DEFAULT JUDGMENT

NOW COMES the Defendant, NET SAVINGS LINK, INC.. ("NSAC"), by and through its attorneys of the law firm of Cole Sadkin, LLC, request this honorable Court to vacate the default judgment entered on December 5, 2023, and as cause therefore states as follows:

1. On or about September 23, 2021, Plaintiff filed his Complaint against Defendant NSAV.

2. NSAV was initially represented by counsel between 2021 and 2023.

3. On or about June 16, 2023, prior counsel was granted leave to withdraw and NSAV was advised by the court that failure to procure replacement counsel could lead to a

1

default judgment being entered against NetSave on December 5, 2023.

4. NSAV faced difficulty in finding replacement counsel and attempted to represent itself using *Pro Se* Defendant James Tilton to attempt to navigate the court proceedings while Defendants continued to look for adequate representation.

5. NSAV retained Jawad Fitter as local counsel who appeared before the court on August 6, 2024 and has subsequently retained Cole Sadkin, LLC as lead counsel to provide representation both for NetSav and Tilton.

6. The Defaults against NSAV and Tilton were entered as a technicality and not due to robust litigation of the action.

Legal Standard Warranting Vacating a Default Judgment

7. "In determining whether to set aside a default judgment, courts are required to seek justice through the exercise of fairness to both parties." **Brewer v. Martin**, 96 Ill. App. 2d 54, 61, 238 N.E.2d 162, 165 (1st Dist. 1968). Also, "When reviewing a motion to vacate a judgment, the overriding considerations are whether substantial justice is being done (between the parties)." **Bickel v. Subway Development of Chicagoland**, Inc. 354 Ill. App. 3d 1090, 1097, 290 Ill. Dec. 884, 891, 822 N.E.2d 469, 476 (5th Dist. 2004).

8. Furthermore, "[i]f facts exist which, had they been known to the trial court, would have precluded judgment, a motion to vacate the judgment should be granted." In re **Marriage of Romashko**, 212 Ill. App. 3d 1018, 1024, 156 Ill. Dec. 1015, 1019, 571 N.E.2d 995, 999 (1st Dist. 1991) (**Emphasis added**).

9. Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause . . . ." FRCP 55(c). "[I]n general, in the absence of a showing of

willfulness, courts in the Seventh Circuit are more likely than not to set aside an entry of default or even to vacate a default judgment." *Hamilton v. Ill. Central R. R. Co.*, 2008 WL 78784, at *4 (S.D. Ill. Jan. 7, 2008 (*citing Sims v. EGD Prods., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007)); *see also C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984).

10. This is also due, in part, to the reluctance of courts to enter a default or a default judgment. *See Stafford v. Mesnik*, 63 F.3d 1445, 1450 (7th Cir. 1995) ("[A] default judgment should not be considered a ready response to all litigant misbehavior."); *Stainback v. Dixon*, No. 07 C 3091, 2007 WL 2684086, at *1 (C.D. Ill. July 3, 2007) ("Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing.") (*quoting C.K.S. Engineers, Inc*. 726 F.2d at 1205). Indeed, the test for setting aside an entry of default "is applied more liberally" than the test for setting aside a default judgment under Rule 60(b). Medline, 218 F.R.D. at 172 (*citing United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).

<u>Defendants NSAV and Tilton have a Meritorious Defense</u>

11. NSAV has not had a chance to litigate the grounds of this complaint, including raising its meritorious defenses regarding the participation of former NetSave CEO Steven Baritz in concealing the agreement with Plaintiff, Plaintiff's contributory negligence and delays in bringing the action, including not naming former CEO Steven Baritz in the action, and lack of performance on the part of Plaintiff regarding his alleged position and duties as "Director of Corporate Finance".

12. The agreement Plaintiff allegedly entered into with former NSAV CEO Steven Baritz is the basis for all of the Plaintiff's contentions within his complaint, however, Plaintiff

fails to name Steven Baritz as a party to the Complaint, while alleging that Defendant James Tilton was aware at all times of this agreement to which Tilton was not a party. Neither Plaintiff nor Steven Baritz disclosed the agreement to Tilton nor in their SEC filings.

13. Plaintiff asserts that he had an employment relationship with NSAV which was breached, however, NSAV did not receive services from the Plaintiff nor did they pay him for services or provide him with annual tax forms as would be required for any employee of the company. The above-captioned litigation is the first time that Plaintiff asserted his employment relationship with either NSAV or Tilton, five (5) years after the stock transfer.

14. Without the court allowing the defaults to be overturned, Defendants will not be allowed to adequately state and defend their position, or challenge the allegations of the Plaintiff.

WHEREFORE, Defendant, Net Savings Link, Inc., prays that this honorable Court grants its Motion to Vacate Default Judgment; grant leave to file a responsive pleading; and for such further relief as this honorable Court deems just and equitable.

Dated: August 15, 2024                                  Respectfully Submitted,

                                                        By:     /s/ Mason S. Cole
                                                                Mason S. Cole

Cole Sadkin, LLC
1652 West Belmont Avenue, Suite 1
Chicago, IL 60657
colesadkin.com
(312) 548-8610
ARDC: 6307727
mcole@colesadkin.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, hereby certifies that on August 15, 2024 she electronically filed the aforementioned documents, pleadings, or papers with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all CM/ECF participants.

/s/ Rebecca Bach
Rebecca Bach