**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **VIKRAM P. GROVER, d/b/a** | ) | |
| **"IX ADVISORS" a/k/a "IXA"** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Civil Action No 1:21-cv-5054** |
| | ) | |
| **NET SAVINGS LINK, INC.,** | ) | |
| **WILTON GROUP, LIMITED,** | ) | |
| **WILTON UK (GROUP) LIMITED,** | ) | |
| **CHINA FOOD AND BEVERAGE CO.,** | ) | |
| **JAMES TILTON, and** | ) | |
| **JOHN DOES 1-100** | ) | |
| | ) | |
| *Defendants.* | | |

---

## <u>DEFENDANT JAMES TILTON'S SUPPLEMENTAL RESPONSE TO MOTION FOR SUMMARY JUDGMENT</u>

NOW COMES the Defendant, JAMES TILTON ("Tilton"), by and through its attorneys of the law firm of Cole Sadkin, LLC, and in response to Plaintiff's Motion for Summary Judgment, states as follows:

## <u>INTRODUCTION</u>

1.      Plaintiff filed his Motion for Summary Judgment on January 31, 2024. The Plaintiff's motion rests on the requests to admit that were issued to Tilton on June 15, 2023, at a time that Defendant was not represented by counsel. Tilton is not an attorney and lacks sophistication when navigating the rules of civil procedure and timely and fully complying with

1

response requirements for the Court.

2.     Plaintiff issued two hundred and twenty-two (222) Requests to Admit, which had Tilton had the benefit of retained counsel, they would have objected to as grossly over burdensome, and would have required an extension of time in order to fully review and respond to in excess of the mandated thirty (30) days under Rule 36 of the Federal Rules of Civil Procedure. Rule 26(b)(2) states that the court may order a limitation to requests to admit in the event that the requests are unduly burdensome.

3.     In addition to the excessive quantity of Requests to Admit, Plaintiff's Requests to Admit are over-vague and call for legal conclusions at various points. Tilton's unfamiliarity with the rules of civil procedure inhibited him from the benefit of petitioning the court to limit the requests to admit and to object to requests that do not strictly comply with Rule 26(b)(1) of the Federal Rules of Civil Procedure.

4.     Further the Complaint contains arguments for which there are genuine questions of law. The arguments of the complaint hinge upon a contract signed by a former CEO of Net Savings Link, Inc. ("NSAV"), and attempts to hold Tilton responsible for a contract that he was neither party to, nor made aware of before assuming the role of CEO of NSAV.

5.     Plaintiff attempts to argue that Tilton has intentionally and wilfully violated the terms of a contract that he was not party to and did not become aware of until the above-captioned litigation. Additionally Plaintiff argues that Tilton, through his position with NSAV, has violated the Illinois Wage Theft Act, however, Plaintiff was not provided with tax forms and did not provide services to NSAV as the alleged Financial Director. Plaintiff did not take umbrage with these omissions until the filing of this complaint, six (6) years after the

2

contract between the former CEO of NSAV and Plaintiff was signed.

## STANDARD

6.      Rule 26(b)(1) of the Federal Rules of Civil Procedure states that:

"**(b)         Discovery Scope and Limits.**

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

> **(1) In General.**
>
> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii)."

7.      Rule 26(b)(2) of the Federal Rules of Civil Procedure states that:

"By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30 . By order or local rule, the court may also limit the number of requests under Rule 36 . The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c) ."

8.      Rule 36 of the Federal Rules of Civil Procedure states that:

"**(a) Request for Admission.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Copies of documents shall be served with the request

unless they have been or are otherwise furnished or made available for inspection and copying. Without leave of court or written stipulation, requests for admission may not be served before the time specified in Rule 26(d).

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

The party who has requested the admissions may move to determine the sufficiency of the answers or objections. Unless the court determines that an objection is justified, it shall order that an answer be served. If the court determines that an answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served. The court may, in lieu of these orders, determine that final disposition of the request be made at a pre-trial conference or at a designated time prior to trial. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion.

**(b) Effect of Admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding."

9.     Had Defendant had the benefit of counsel, counsel would have timely motioned for the court to rule on a maximum number of requests to admit to be submitted by the Plaintiff. Plaintiff's requests to admit are grossly overburdensome and do not strictly adhere to requests to admit facts. Tilton lacked the sophistication to adequately respond to the Requests to Admit and to timely petition the court to limit the number and scope of Requests to Admit.

## ARGUMENT

10.     Plaintiff's Motion for Summary judgment hinges on requests to admit that were tendered to Tilton during the period that he was unrepresented. Tilton is not an attorney and is unfamiliar with civil procedures including the mandatory admission of Requests to Admit that are not responded to in the statutory timeline outlined in Rule 36 on the Federal Rules of Civil Procedure. Due to Tilton's unfamiliarity with the legal system, Tilton did not timely respond to the Requests to Admit that were issued by the Plaintiff and they were therefore deemed admitted. The Requests to Admit were only admitted due to Tilton's unfamiliarity with civil procedure and do not reflect the actual responses that Tilton would make should he be given an opportunity to properly respond to the Requests to Admit.

11.     In addition to the question of timeliness of response by Tilton, Plaintiff's Requests to Admit were excessive, unduly burdensome and did not comply with the standards set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff submitted two hundred and twenty two (222) requests to admit which frequently call for legal admissions or do not reference specific factual requests, and instead ask for broad, vague, and overreaching admissions from Tilton.

12.     Beyond the issues presented by the overburdensome Requests to Admit, the

complaint contains genuine issues of law. Plaintiff contends that Tilton has been aware of the contract between himself and the former NSAV CEO, Steven Baritz ("Baritz") and intentionally in violation, as well as in violation of the Illinois Wage Theft Act and certain employment covenants.

13.     Plaintiff did not raise any concerns regarding his alleged employment status, not did the former CEO or Plaintiff make Tilton aware of any alleged employment covenants or agreements.

14.     Plaintiff does not name former NSAV CEO, Bartiz, in the action, instead Plaintiff only names current CEO Tilton in the action, and even while admitting in the pleadings that Tilton was not party to the 2015 contract.

15.     Tilton was not made aware of any contracts between Baritz and Plaintiff, and did not become aware of the 2015 contract between the parties until being served with the above-captioned complaint.

16.     Plaintiff makes claims of civil conspiracy against, but fails to name the party who Plaintiff contracted with, and without knowledge of the contract between Baritz and Plaintiff, Tilton could not have conspired to defraud or conspire against Plaintiff.

## **CONCLUSION**

17.     Defendant James Tilton is unfamiliar with the rules of civil procedure and was unequipped to timely petition the court to limit the number of Requests to Admit pursuant to Rule 26(b)(2) and to limit Requests to Admit to tangible fact based-questions. Tilton has retained counsel in order to provide a robust defense to the allegations of the Plaintiff which cannot be made without adherence by both parties to Rule 36 of the Federal Rules of Civil Procedure.

Plaintiff's complaint contains many legitimate issues of law that must be addressed in a court of law instead of being addressed through a Motion for Summary Judgment.

WHEREFORE Tilton requests that the Plaintiff's Motion for Summary Judgment be denied as there are legitimate questions of law that cannot be addressed through a Motion for Summary Judgment.

Dated: August 16, 2024                           Respectfully Submitted,

                                                 By:     /s/ Mason S. Cole_____
                                                         Mason S. Cole

Cole Sadkin, LLC
1652 West Belmont Avenue, Suite 1
Chicago, IL 60657
colesadkin.com
(312) 548-8610
ARDC: 6307727
mcole@colesadkin.com
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, hereby certifies that on August 16, 2024 she electronically filed the aforementioned documents, pleadings, or papers with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to all CM/ECF participants.

                                                 /s/ Rebecca Bach

                                                 Rebecca Bach