IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| VIKRAM P. GROVER, d/b/a<br>"IX ADVISORS" a/k/a "IXA" | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No 1:21-cv-5054 |
| NET SAVINGS LINK, INC.,<br>WILTON GROUP, LIMITED,<br>WILTON UK (GROUP) LIMITED,<br>CHINA FOOD AND BEVERAGE CO.,<br>JAMES TILTON, and<br>JOHN DOES 1-100 | )<br>)<br>)<br>)<br>)<br>)<br>) | Judge Mary M. Rowland |
| Defendants. | ) | |

**DEFENDANTS NET SAVINGS LINK, INC. AND JAMES TILTON'S MOTION TO RECONSIDER THE DECEMBER 5, 2023 AND AUGUST 26, 2024 JUDGEMENT ORDERS**

NOW COMES Defendants, NET SAVINGS LINK, INC. ("NSAV") and JAMES TILTON ("Tilton") (collectively referred to as the "Defendants"), by and through their attorney, COLE SADKIN, LLC, and hereby moves this Honorable Court to reconsider its December 5, 2023 and August 26, 2024 Judgement Orders. These Orders grant judgment to Plaintiffs in the amount of fifty-seven million nine hundred and three thousand seven hundred and fifty dollars ($57,903,750.00) against the respective Defendants. In support thereof, Defendants state as follows:

**INTRODUCTION**

Plaintiff's Motion for Default includes the calculation of damages based on the peak stock valuation of Defendant NSAV's shares on August 21, 2021 of $.1493. The Motion states,

however, that the shares the Plaintiff should have been awarded were owed on January 27, 2016, at which time the share price of NSAV was valued at $.0001. There is a substantial difference between the valuation of the shares and the Defendants respectfully the court reconsider the judgement award to reflect the share price at the time owed, not the maximum share price of NSAV.

## ARGUMENT

1. Pursuant to Federal Rules of Civil Procedure 54(b), Defendants respectfully seek reconsideration as to the award of the judgement amount of fifty-seven million nine hundred and three thousand seven hundred and fifty dollars ($57,903,750.00). The judgement awarded is based on the highest stock price of Defendant, rather than the stock price at the time the Plaintiff alleges he should have been awarded shares.

2. A motion to reconsider "'allows a party to direct the court's attention to manifest errors of fact or law, a significant change in the law or facts, the court's misunderstanding of a party's argument, or a party's contention that the court ruled on an issue that was not properly before it.'" Hill, 2020 WL 4226672 at *1. (Citations omitted); *Bhatia v. Vaswani*, No. 18-cv-2387, 2020 U.S. Dist. LEXIS 115004 (N.D. Ill. July 1, 2020) (granting motion to reconsider).

3. The stock price used to calculate damages by the Plaintiff uses the highest stock price of $.1493 which was the valuation of stock on August 21, 2021. However, the Plaintiff alleges that the damages owed him were owed on January 27, 2016, when the stock price was $.0001. Based on this calculation, the damages owed Plaintiff would be thirty-eight thousand seven hundred and fifty dollars ($38,750) plus the fifty-thousand dollars ($50,000) debentures, for a cumulative sum of eighty-eight thousand seven hundred and fifty dollars ($88,750).

4. The valuation of the shares should be assigned based on what the valuation of the shares were at the time it was owing to Plaintiff, and not based on future performance. "Under section 12.55 of the Business Corporation Act, "the court shall determine the fair value of the shares as of such date the court finds equitable" utilizing the appraisal procedures outlined in section 11.70 of the Business Corporation Act. (Ill. Rev. Stat. 1985, ch. 32, [***16] par. 12.55(g), now codified as 805 ILCS 5/12.55(g)" *Kalabogias v. Georgou*, 254 Ill. App. 3d 740, (1st Dist. 1993).

5. In the event of a misunderstanding on the part of the court, "The court will, however, grant a motion to reconsider when it "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). Gecker v. Flynn (In re Emerald Casino, Inc.), 538 B.R. 417 (N.D. Ill. 2015).

6. Pursuant to Federal Rules of Civil Procedure 54(b) and other authority as outlined, the Court may reconsider its previous judgment.

## CONCLUSION

The Court erred in assigning the maximum share value to the judgment award for Plaintiffs. Instead, the correct value assigned to the shares should have been the market price at the time the shares were due to Plaintiff. The difference in the monetary value is substantial and without reconsideration of the judgment awards of December 5, 2023 and August 26, 2024 Plaintiff will be awarded a judgment far in excess of the value of his agreement with NSAV.

WHEREFORE, Defendants respectfully request this Honorable Court to reconsider its December 5, 2023 and August 26, 2024 Orders of Judgement against Defendants.

Dated September 27, 2024

                                                                                                                                           Respectfully submitted,

                                                                                                                                          By: /s/ Mason S. Cole
                                                                                                                                         One of Defendant's Attorneys

**COLE SADKIN LLC**
Mason S. Cole, ARDC No. 6307727
1652 W. Belmont Ave., Ste. 1
Chicago, Illinois 60657
T: (312) 548-8610
mcole@colesadkin.com
*Counsel for Plaintiff*