**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| |
|---|
| VIKRAM P. GROVER, d/b/a IX Advisors a/k/a IXA, |
| *Plaintiff,* |
| v. |
| NET SAVINGS LINK, INC., a Colorado corporation formerly organized as a Nevada corporation, WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., WILTON UK (GROUP) LIMITED, as registered in England and Wales, U.K., CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and JAMES A. TILTON, |
| *Defendants.* |

Case No. 21-cv-5054

Judge Mary M. Rowland

## <u>ORDER APPOINTING TEMPORARY RECEIVER</u>

Plaintiff Vikram Grover sued Defendants Net Savings Link, Inc. ("NSAV"), Wilton Group, Limited ("Wilton"), Wilton UK (Group) Limited ("Wilton UK"), China Food and Beverage Co. ("CHIF") (collectively, the "Corporate Defendants"), and James Tilton. On September 5, 2024, judgment against NSAV, Wilton, Wilton UK and CHIF in the amount of $64,685,627.57 was entered, and judgment against Tilton in the amount of $57,903,750.00 plus pre–judgment interest was entered. [218].

Grover has moved for the appointment of a receiver, styled as a request for the appointment of a Chief Restructuring Officer. [177]. On September 11, 2024, the parties filed a joint status report stating that they were in settlement discussions and requesting an extension to September 13 on the appointment of a receiver. [219]. On September 12, the Court entered a minute order

requiring the parties file a further status report on September 13. [220]. After no report was filed, the Court reiterated its order on September 23, and a joint status report was filed that no settlement or agreement on the appointment of a receiver had been reached. [221]; [222].

An equity "receiver may be appointed to avert further loss of assets through waste and mismanagement." *JPMorgan Chase Bank, N.A. v. Heritage Nursing Care, Inc.*, No. 06 C 4803, 2007 WL 2608827, at *8 (N.D. Ill. Sept. 6, 2007) (citing *Tanzer v. Huffines,* 408 F.2d 42, 43 (3d Cir. 1969)); 28 U.S.C. § 3203(e) (allowing for the appointment of a receiver post-judgment). A receiver may be required to "preserve the property, collect the assets, and report the fund to the court for distribution." *Id*. (cleaned up). "A receiver is an officer of the court; he does not owe allegiance to the one who sought his appointment, but rather acts as a fiduciary on behalf of both parties." *Id*. (citing *Gaskill v. Gordon,* 27 F.3d 248, 251 (7th Cir. 1994)). Moreover, as the Seventh Circuit has explained, "[r]eceivership is an equitable remedy, and the district court may, in its discretion, determine who shall be charged with the costs of the receivership. As a general rule, the expenses and fees of a receivership are a charge upon the property administered." *Gaskill*, 27 F.3d at 251.

Based on the various submissions of the parties to date, and the hearing before the Court on September 27, the Court finds that (i) there is a significant sum due to Plaintiff as a creditor, (ii) there is an imminent danger that the property of NSAV will be concealed, lost, diminished in value, or removed from the jurisdiction of the Court; (iii) there is no other remedy that is practical under the circumstances; and (iv) the appointment of a temporary receiver is appropriate and necessary to assess, preserve, and manage of the assets of NSAV in light of the judgment entered. David A. Castleman, a member of Otterbourg P.C. in New York, and a member of the State Bars of New York and California, is a disinterested person and an experienced and qualified receiver.

2

**IT IS THEREFORE HEREBY ORDERED THAT:**

1.      David A. Castleman (the "Temporary Receiver"), whose business address is Otterbourg, P.C., 230 Park Avenue, 30th Floor, New York, NY 10169, is hereby appointed as temporary receiver over Net Savings Link, Inc., including any direct subsidiaries (the "Receivership Entities"). The Receiver is hereby authorized to take possession and control of all of the real and personal property arising out of, or pertaining to the Receivership Entities, including but not limited to, any and all cash and cash deposits, any and all cryptocurrency and digital assets whether in wallets or however held, receivables and accounts receivable, obligations or commitments owed by any person or entity, equipment, furniture, fixtures and deposit accounts held by third parties, the general intangibles, any real property, any property set forth in the latest quarterly securities filing (10-Q) of NSAV, and all other assets of whatever kind or nature belonging to the Receivership Entities and the Temporary Receiver shall have all authority and power of a receiver under 28 U.S.C. §§ 754, 959 and 1692, Rule 66 of the Federal Rules of Civil Procedure and Rule 66.1 of the Local Rules for the United States District Court for the Northern District of Illinois, and this Court's inherent powers (the "Receivership Authorities"), and as ordered further by this Court.  (Hereinafter, all of the assets described in this paragraph shall be referred to as the "Receivership Property").

2.      The Temporary Receiver shall take immediate possession, control, management, operation and charge of the Receivership Entities and its Receivership Property and maintain all such entities and property in a Receivership Estate. This Court hereby vests the Temporary Receiver with authority and jurisdiction over the Receivership Estate and the Receivership Property to the maximum extent permitted by the Receivership Authorities, and hereby empowers

3

and permits the Temporary Receiver to take any and all actions necessary and proper to carry out the express provisions of this Order.

    3.    The Temporary Receiver is further authorized to accomplish the following:

    a.    Perform all acts necessary, including the suspension of operations, to conserve, hold, manage, and preserve the value of the Receivership Property in order to prevent an irreparable loss, damage, or injury to the Receivership Entities' business activities;

    b.    Prevent the withdrawal or misapplication of the Receivership Property;

    c.    Manage and administer the Receivership Estate by performing all acts incidental thereto that the Temporary Receiver deems appropriate, including hiring or dismissing any and all personnel, suspending operations, and/or entering into agreements;

    d.    Engage members and employees of the Temporary Receiver's firm to assist, advise, and represent the Temporary Receiver; and engage an accountant or accounting firm to the extent necessary to carry out his duties under this Order;

    e.    Open all mail directed to or received by or at the offices or post office boxes of the Receivership Entities;

    f.    Collect all funds owed to the Receivership Entities;

    g.    Issue subpoenas to obtain records and testimony pertaining to the Receivership and conduct discovery in this action on behalf of the Receivership Estate;

    h.    File this Order and any necessary accompanying documents in any judicial district of the United States pursuant to 28 U.S.C. §§ 754 & 1692;

    i.    Open one or more bank or securities accounts, or any account at a cryptocurrency exchange, and deposit any funds or cryptocurrency of the Receivership

4

Estate in such designated accounts, in the discretion of the Temporary Receiver, and make all payments and disbursements from the Receivership Estate from such accounts; and

       j.     Make payments and disbursements from the Receivership Estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, including but not limited to any payments necessary to maintain the Receivership Entities as a going concern.

4.     NSAV, Tilton, and any other Receivership Entity shall, within five business days of the service of this Order:

       a.     Provide the Temporary Receiver with a full detailed accounting of all assets, including the assets inside and outside of the United States that are held by each Receivership Entity, for their benefit, or under their direct or indirect control, whether jointly or singly, and the location of all records of the Receivership Estate.

       b.     Transfer to the territory of the United States and deliver to possession, custody, and control of the Temporary Receiver, all records and assets (other than real property) located outside of the United States that are held by each Receivership Entity, for their benefit, or under their direct or indirect control, whether jointly or singly.

       c.     Provide the Temporary Receiver access to all records of accounts or assets of the Receivership Entities held by financial or brokerage institutions located within or outside the territorial United States by signing any necessary consent forms.

       d.     Cause to be prepared and delivered to the Temporary Receiver, a detailed and complete schedule of all passwords and identification numbers for all websites, cloud storage services, email and smartphone accounts, online chat and messaging services, cryptocurrency private keys, and all accounts at any bank, financial institution,

cryptocurrency exchange, cryptocurrency wallets, or brokerage firm controlled or operated by or to which any of the Receivership Entities have access in connection with their business activities and finances.

   e. Cause to be prepared and delivered to the Temporary Receiver, a detailed and complete schedule of all passwords to, and the location, make and model of, all computers and mobile electronic devices owned and/or used by each Receivership Entity in connection with their business activities and business and personal finances. The schedules required by this section shall include at a minimum the make, model and description of each, along with the location, the name of the person primarily assigned to use the computer and/or mobile device, and all passwords necessary to access and use the software contained on the computer and/or mobile device.

   f. Provide the Temporary Receiver with all discovery and information produced to the Plaintiff in connection with this Action, including any privilege log, metadata, or any other information ancillary to such discovery material.

   g. Provide the Temporary Receiver with a list of all creditors of the Receivership Entities, including names, mailing addresses, email addresses, and phone numbers of such creditors.

  5. Upon the written request of the Receiver, including but not limited to email directly or to counsel, NSAV, Tilton, and any other Receivership Entity shall immediately upon receipt of such request, deliver over to the Temporary Receiver:

   a. Possession and custody of all assets of the Receivership Entities, wherever situated, including those owned beneficially or otherwise;

b.      Possession and custody of records of the Receivership Entities, including but not limited to, all records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other records of the Receivership Entities;

c.      All keys, passwords, entry codes, private keys, and combinations to locks necessary to gain or to secure access to any of the assets or records of the Receivership Entities, including, but not limited to, access to the Receivership Entities' business premises, means of communication, accounts, cryptocurrency wallets, computer systems, mobile electronic devices, or other property; and

d.      Information identifying the accounts, employees, properties or other assets or obligations of the Receivership Entities.

6.      All other persons or entities served with a copy of this order shall cooperate fully with and assist the Temporary Receiver.  This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority as provided in this Order; providing any password required to access any computer or electronic files in any medium; and discharging the responsibilities of the Temporary Receiver under this Order, and advising all persons who owe debts to the Receivership Entities that all debts should be paid directly to the Temporary Receiver.

7.      Except by leave of the Court, during the pendency of the receivership ordered herein, the Defendants, Receivership Entities, and all other persons and entities shall be and hereby are stayed from taking any action (other than the present action by the Plaintiff) to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of, the Receivership

7

Entities, the Temporary Receiver, the Receivership Estate, or the Temporary Receiver's duly authorized agents acting in their capacities as such, including but not limited to, the following actions:

a. Petitioning, or assisting in the filing of a petition, that would cause the Receivership Entities to be placed in bankruptcy;

b. Commencing, prosecuting, litigating, or enforcing any suit or proceeding against any of the Receiver, the Receivership Entities, or any of their subsidiaries or affiliates, except that such actions may be filed to toll any applicable statute of limitations;

c. Commencing, prosecuting, continuing, or entering any suit or proceeding in the name or on behalf of any of the Receivership Entities, or any of their subsidiaries or affiliates;

d. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of the Receivership Entities, or any of their subsidiaries or affiliates, or any property claimed by any of them, or attempting to foreclose, forfeit, alter, or terminate any of the Receivership Entities' interests in property, including without limitation, the establishment, granting, or perfection of any security interest, whether such acts are part of a judicial proceeding or otherwise.

e. Using self-help or executing or issuing, or causing the execution or issuance of, any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of the Receivership

Entities, or any of their subsidiaries or affiliates, or the Temporary Receiver, or any agent of the Temporary Receiver; and

      f.     Doing any act or thing whatsoever to interfere with the Temporary Receiver taking control, possession, or management of the property subject to the receivership, or to in any way interfere with the Temporary Receiver or to harass or interfere with the duties of the Temporary Receiver; or to interfere in any manner with the exclusive jurisdiction of this Court over the property and assets of the Receivership Entities.

8.     This Court shall retain sole and exclusive jurisdiction with respect to any matters addressed in this Order, including without limitation any and all matters relating to or affecting the Receivership Estate, the Receivership Property, the Temporary Receiver and the scope of authority granted the Temporary Receiver, or over any action filed against the Receiver, his firm, or his retained professionals based upon acts or omissions committed in their representative capacities. Leave of this Court must be sought before instituting any action against the Receiver, his firm, or his retained professionals related to the matters addressed in this Order.

9.     Within 30 days of this Order, the Temporary Receiver shall provide this Court with a written report consisting of the actions he has taken with respect to the Receivership Estate and the Receivership Entities, what assets he has discovered, any steps he may have taken to secure or protect such assets, and recommendations for next steps.

10.     The Temporary Receiver may, from time to time, request additional authority or clarification from the Court concerning his duties, powers, and responsibilities under this Order. Such request may be made by letter and shall be filed on the ECF Docket. The Temporary Receiver will state in any such letter whether the Parties consent to the additional relief requested.

11.     Nothing in this Order shall be construed to create a Qualified Settlement Fund, nor shall the Temporary Receiver create a Qualified Settlement Fund or otherwise change the tax status of any of the Receivership Entities without further order of this Court.  Nor shall anything in this Order be construed to require the Temporary Receiver to file a tax return for any of the Receivership Entities, and he shall request express permission from the Court before doing so.

12.     Nothing in this Order shall be deemed to trigger a substantive change in ownership or control of any of the Receivership Entities.

13.     The Temporary Receiver, and all personnel at his firm or any accounting firm assisting him, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them for those services authorized by this Order.  However, the Temporary Receiver and any personnel hired by the Temporary Receiver shall not be compensated or reimbursed by, or otherwise be entitled to, any funds from the Court.  The Temporary Receiver's rate, and the rates of any personnel at his firm, shall be capped at $900 per hour with respect to this matter.

14.     The Receiver shall be compensated in United States Dollars only.  To the extent that any assets of the Receivership Entities are to be turned over to Plaintiff in satisfaction of the Judgment, the Court shall Order that sufficient funds in United States Dollars shall be maintained in the Receivership Estate in order to pay the compensation of the Temporary Receiver and all personnel at his firm or any accounting firm assisting him, and that Plaintiff remit sufficient funds to pay such compensation in United States Dollars if necessary.

15.     This Order is binding on any person who receives actual notice of this Order by personal service or otherwise and is acting in the capacity of an officer, agent, servant, employee, or attorney of the Defendants, or is in active concert or participation with the Defendants.

10

16.     The Temporary Receiver is not required to post a bond in this Action.  The Temporary Receiver, a member in good standing of the bars of New York and California, is granted permission to appear this action *pro hac vice* under Local Rule 83.14, effective upon the submission of the required form and admission fee set by the Clerk of the Court.

17.     This Order shall remain in full force and effect until December 6, 2024, unless further extended by this Court pursuant to 28 U.S.C. § 3203(e), Rule 66, and Local Rule 66.1; *provided that* this Court shall retain jurisdiction of this matter for all purposes, and the provisions of paragraphs 7 and 8 of this Order shall remain in full force and effect after the expiration of this Order otherwise.

E N T E R :

Dated:  September 27, 2024

_____
MARY M. ROWLAND
United States District Judge