# Exhibit 3

Filing # 202633210 E-Filed 07/16/2024 01:36:57 PM

Case: 1:21-cv-05054 Document #: 232-3 Filed: 10/31/24 Page 2 of 12 PageID #:3123

CFN: 20240536352 BOOK 34316 PAGE 3654
DATE:07/17/2024 08:32:27 AM
JUAN FERNANDEZ-BARQUIN
CLERK OF THE COURT & COMPTROLLER
MIAMI-DADE COUNTY, FL

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2024-009163-CA-01
SECTION: CA44
JUDGE: Lisa Walsh

**QUICK CAPITAL, LLC**

Plaintiff(s)

vs.

**NET SAVINGS LINK, INC.**

Defendant(s)

_____/

## DEFAULT FINAL JUDGMENT

This matter came before the Court upon Plaintiff's Motion for Default Final Judgment (the "Motion"). The Court, having reviewed and considered the Motion and being otherwise fully advised in the premises, it is ORDERED and ADJUDGED:

1. The Motion is GRANTED.

2. Due and legal process has been had upon the parties and this Court has jurisdiction over the parties to this cause and the subject matter herein.

3. A Default Final Judgment is hereby entered in this action against Defendant, NET SAVINGS LINK, INC ("Net Savings Link").

4. Net Savings Link shall issue and deliver to Plaintiff, QUICK CAPITAL, LLC ("Quick Capital"), 159,551,735.38 shares of its Common Stock immediately upon entry of this Judgment. The Court notes that its May 23, 2024 Order Granting Plaintiff's Emergency Ex Parte Motion for Temporary Injunction pertained to such shares—enjoining them from transfer, requiring their issuance, and attaching them for further disposition—and, thus, such shares were not subject to attachment by or were otherwise available to be transferred to a third party between the date of such Order and the date of this Judgment.

5. The address of Quick Capital is 66 West Flagler Street, #2292, Miami, Florida 33130.

6. The last-known address of Net Savings Link is 2374 Route 390, Mountainhome, Pennsylvania 18342.

7. Jurisdiction of this case is retained to enter further orders that are proper, including orders necessary to compel Net Savings Link to comply with this Order and further relief as the Court deems just and proper.

8. Plaintiff shall serve this judgment upon defendant.

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 16th day of July, 2024.

2024-009163-CA-01 07-16-2024 1:24 PM
Hon. Lisa Walsh

**CIRCUIT COURT JUDGE**
Electronically Signed

---

Final Order as to All Parties SRS #: **12** (Other)

THE COURT DISMISSES THIS CASE AGAINST ANY PARTY NOT LISTED IN THIS FINAL ORDER OR PREVIOUS ORDER(S). THIS CASE IS CLOSED AS TO ALL PARTIES.

---

**Electronically Served:**
Brian Kelley, bkelley@rtlaw.com
Brian Kelley, kmaldonado@rtlaw.com
Jason Neil Goldman, jgoldman@davisgoldman.com
Jason Neil Goldman, eservice@davisgoldman.com
Jason Neil Goldman, cmancing@davisgoldman.com
Maidenly MacAluso, mmacaluso@davisgoldman.com
Maidenly MacAluso, eservice@davisgoldman.com
Scott J. Kennelly, skennelly@rtlaw.com
Scott J. Kennelly, lcain@rtlaw.com
Scott J. Kennelly, wmarshall@rtlaw.com

**Physically Served:**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 2024-009163-CA-01
SECTION: CA44
JUDGE: Lisa Walsh

**QUICK CAPITAL, LLC**

Plaintiff(s)

vs.

**NET SAVINGS LINK, INC.**

Defendant(s)

_____/

**ORDER GRANTING PLAINTIFF'S EMERGENCY EX PARTE MOTION FOR TEMPORARY INJUNCTION**

Docket Index Number: **6**

This matter came before the Court upon Plaintiff's Emergency *Ex Parte* Motion for Temporary Injunction (the "Motion"). The Court, having reviewed and considered the Motion and the Affidavit presented therewith, and being otherwise fully advised in the premises, does hereby **ORDER AND ADJUDGE**:

1. Based upon the findings set forth herein, the Motion is **GRANTED**.

**Standard for Imposing Temporary Injunctive Relief**

2. Rule 1.610, Florida Rules of Civil Procedure, governs temporary injunctions. Generally, a party seeking a temporary injunction must establish "1) a substantial likelihood of success on the merits; 2) the likelihood of irreparable harm; 3) the lack of an adequate legal remedy; and 4) that the public interest supports the injunction." *Fla. Ass'n of Realtors v. Orange Cty.*, 350 So. 3d 115, 123 (Fla. 5th DCA 2022). *See also AmeriGas Propane, Inc. v. Sanchez*, 335 So. 3d 1253, 1257 (Fla. 3d DCA 2021); *Anarkali Boutique, Inc. v. Ortiz*, 104 So. 3d 1202 (Fla.

4th DCA 2012) (citation omitted). "In exercising its discretion, the court is guided by established rules and principles of equity jurisprudence, in view of the particular facts presented in the case. The trial court must use a balancing-type approach, balancing the possible beneficial results on the one hand with the possible detrimental results on the other, and the threatened hardships associated with the issuance or denial of the injunction with the degree of likelihood of success on the merits." *Cordis Corp. v. Prooslin*, 482 So.2d 486, 491 (Fla. 3d DCA 1986) (citations omitted).

3. "A preliminary injunction does not purport to decide the merits of a cause of action, but merely serves to preserve the status quo until a final hearing." *S. Fla. Limousines, Inc. v. Broward County Aviation Dept.*, 512 So.2d 1059 (Fla. 4th DCA 1987) (*citing Cox v. Fla. Mobile Leasing, Inc.*, 478 So.2d 1200, 1201 (Fla. 4th DCA 1985) ("Because a party is not required to prove his case in full at a preliminary injunction hearing, the findings of fact and conclusions of law made by the court at that hearing are not necessarily binding at the trial on the merits.")); *Cordis Corp.*, 482 So.2d at 489–90.

### Standard for Entering *Ex Parte* Injunctive Relief

4. In accordance with Rule 1.610(a)(1)(B), Florida Rule of Civil Procedure, Plaintiffs' attorney certified in the Motion the grounds on which Plaintiff sought *ex parte* relief. *See Pecora v. Pecora*, 697 So. 2d 1267, 1269 (Fla. 5th DCA 1997) (affirming preliminary injunction after finding *ex parte* requirements had been satisfied); *Smith v. Knight*, 679 So. 2d 359, 361–62 (Fla. 4th DCA 1996) ("To satisfy the rule's mandate of establishing why notice should not be required, a plaintiff seeking an ex parte temporary injunction must demonstrate (1) how and why the giving of notice would accelerate or precipitate the injury or (2) that the time required to notice a hearing would actually permit the threatened irreparable injury to occur.") (citations omitted).

### Summary of Plaintiff's Claims

5. Plaintiff, Quick Capital, LLC ("Plaintiff"), brings a multi-count Complaint against Defendant, Net Savings Link, Inc. ("Defendant"), for specific performance and an injunction based on Defendant's breaches of loan documents relating to two separate loan transactions involving convertible promissory notes. Specifically, Plaintiff alleges that Defendant refused to issue and deliver to Plaintiff shares of Common Stock owed to Plaintiff as a result of its election to convert the outstanding balances of the loans into shares of Common Stock at conversion prices determined pursuant to formulae contained within the notes. At the same time that Defendant has refused to issue and deliver such shares, Defendant has issued and delivered to third parties more than 400 million shares of its Common Stock.

6. The Motion maintains that he facts and allegations that supports its claims for specific performance and injunction, and the likelihood of success on the merits, support entry of a temporary injunction. The motion is supported by sworn evidence by witness Eilon Natan.

### Findings of Fact

7. For purposes of granting temporary injunctive relief, the record before the Court, consists of the Complaint and an Affidavit of Eilon Natan, whose Statement also verifies the factual allegations of the Complaint and the 13 exhibits attached thereto. The Court has carefully reviewed the record, and finds that for purposes of temporary injunctive relief,[1] Plaintiff has sufficiently established that the promissory notes and related note purchase agreements are in default, Plaintiff properly exercised its rights for conversion of the outstanding balances of the loans into shares of Defendant's Common Stock at conversion prices determined pursuant to formulae contained within the notes, Defendant failed and refused to issue and deliver its Common Stock to Plaintiff in accordance therewith, and there is a significant risk that Defendant may issue and deliver to third parties additional shares of its

Common Stock that are necessary to preserve the status quo and ultimately, if determined by further order of this Court, be delivered to Plaintiff.

8. The Court further finds Plaintiff has sufficiently established each element required for the entry of an *ex part*e temporary injunction, as set forth below.

## Conclusions of Law

### (1) Substantial Likelihood of Success on the Merits

9. To establish a substantial likelihood of success on the merits, the moving party must demonstrate "a clear legal right to [the] relief requested." *See Fla. Ass'n of Realtors*, 350 So. 3d at 124. *See also Playpen S., Inc., v. City of Oakland Park*, 396 So. 2d 830, 831 (Fla. 4th DCA 1981) (requirement to prove a likelihood of success on the merits is synonymous with proving a clear right to relief).

10. Plaintiff has sufficiently demonstrated it is substantially likely to prevail on the merits for purposes of entering a preliminary injunction. The record supports a finding that the parties entered into valid and enforceable contracts pursuant to which (i) Defendant was obligated to repay certain sums and (ii) Plaintiff was entitled to convert any outstanding sums to Common Stock of Defendant. It also shows that Defendant has failed to pay the outstanding amounts due and owing to Plaintiff and has also failed to honor Plaintiff's rights of conversion despite Plaintiff's demands for the same. The parties expressly acknowledged that Plaintiff would suffer irreparable harm in the event of Defendant's breach of its obligations under the Agreements and Notes and that Plaintiff would be entitled to specific performance. For these reasons, the Court is satisfied that Plaintiff has shown Defendant's breaches of the applicable agreements and entitlement to specific performance and an injunction.

2.      **& 3) Likelihood of Irreparable Harm and No Adequate Remedy at Law**

11. The concepts of irreparable harm and adequate legal remedy "related to one another" and therefore may properly be considered together. *Fla. Ass'n of Realtors*, 350 So. 3d at 130. An injury is irreparable when it "cannot be adequately repaired or redressed in a court of law by an award of money damages." *Id.* Similarly, "an 'adequate remedy at law' refers to a litigant's ability to obtain a monetary judgment." *Id.* The very purpose of a temporary injunction is to preserve the status quo by preventing irreparable harm from occurring before the dispute is resolved. *See Bailey v. Christo*, 453 So. 2d 1134, 1136–37 (Fla. 1st DCA 1984).

12. The Court is satisfied that the ascertainable facts establish that irreparable injury will result unless an injunction issues. Specifically, the continuation of Defendant's conduct would irreparably harm Plaintiff by risking depletion or exhaustion of the pool of Common Stock shares available to satisfy Plaintiff's conversion rights and by diluting the value of all Common Stock. Moreover, Plaintiff has shown that the parties' bargained-for right to convert any outstanding debt into shares of Common Stock cannot be redressed solely by an award of money, as money alone could not compensate Plaintiff for the loss of various other rights attendant to ownership of stock.

13. Various Florida courts have recognized the propriety of an injunction in circumstances similar to the instant matter. *See, e.g., Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp.*, 328 So. 2d 825, 826 (Fla. 1975); *Telestrata, LLC v. NetTALK.com, Inc.*, 126 F. Supp. 3d 1344, 1354 (S.D. Fla. 2015) ("'Sale of additional shares in [the company] also would threaten plaintiffs with irreparable harm. If additional shares are sold, the rights of innocent third parties will be interposed, endangering plaintiffs' ultimate remedy.'") (quoting *Street v. Vitti*, 685 F. Supp. 379, 384 (S.D.N.Y. 1988)); *Tactical Solution Partners, Inc. v. Harary*, 2008 WL 11333865, at *3 (S.D. Fla. Jan. 23, 2008).

14. Moreover, the parties themselves expressly recognized in the relevant agreements that any

breach by Defendant would cause irreparable harm to Plaintiff by "vitiating the intent and purpose of the transaction," and the parties agreed that any remedies available at law for Defendant's breach would be inadequate.

### (4) Temporary Injunction will Not Harm the Public Interest

15. A plaintiff must also demonstrate that "the granting of a temporary injunction will not disserve the public interest." *See Cordis Corp.*, 482 So. 2d at 489–90. It is well recognized that "the public has a cognizable interest in the protection and enforcement of contractual rights." *Telemundo Media, LLC v. Mintz*, 194 So. 3d 434, 436 (Fla. 3d DCA 2016) (internal quotation omitted).

16. Under the circumstances presented here, the Court finds that the public interest supports entry of a temporary injunction. The public interest is served by protecting Plaintiff's contractual rights and the balance of hardships clearly favors Plaintiff. Specifically, Plaintiff risks losing valuable contractual rights entirely, while Defendant could have easily satisfied its obligations pursuant to Plaintiff's conversion rights, as it chose to issue nearly triple the number of shares owed to Plaintiff to third parties instead. No undue hardship arises from holding Defendant to its clear contractual responsibilities.

### No Requirement for a Bond

17. Florida law allows parties to waive the bond requirement set forth in Rule 1.610(b), Florida Rules of Civil Procedure. *See Castillo Grand Residences Condo. Ass'n, Inc. v. Stern*, 304 So. 3d 23, 28 (Fla. 4th DCA 2020); *Diaz v. John Adcock Ins. Agency, Inc.*, 729 So. 2d 465 (Fla. 2d DCA 1999).

18. In the instant case, the parties agreed in the relevant agreements that Plaintiff "shall be entitled … to an injunction … without any bond or other security being required." Accordingly, Plaintiff shall not be required to post any bond for the payment of costs and

damages sustained by Defendant if Defendant is subsequently determined to be wrongfully enjoined.

## Conclusion

19. Plaintiff shall immediately serve a copy of this Order upon Defendant.

20. For the reasons set forth herein, the Court enters a temporary injunction:

    a. Prohibiting Defendant, its agents, employees, and anyone acting on its behalf, from issuing or delivering any Common Stock shares to any third parties, other than Plaintiff, until further order of this Court; and

    b. Requiring Defendant to issue and deliver 159,551,735.38 shares of its Common Stock to the Pacific Stock Transfer Company to be held until further order of this Court.

21. The Court hereby reserves jurisdiction for purpose of enforcement of the provisions hereof or for modification or vacation of this Order, which Defendant has the right to seek at a subsequent evidentiary hearing coordinated between the parties.

22. Upon motion, the Defendant shall be entitled to an immediate hearing to vacate or modify this injunction.

---

[1] *See e.g., Bravo Elec. Co., Inc. v. Carter Elec. Co.,* 522 So.2d 480 (Fla. 5th DCA 1988) ("As a particular legal matter, an interlocutory trial court order merely granting or denying a motion neither adjudicates or judicially settles questions or issues of fact or law. Certainly it determines nothing conclusively or authoritatively. … Traditionally it has been held that trial judges have the right and authority, at any time before entering a final judgment, to change their minds and to change any prior interlocutory ruling.").

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>23rd day of May, 2024</u>.

<u>2024-009163-CA-01 05-23-2024 5:16 PM</u>
Hon. Lisa Walsh

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Brian Kelley, bkelley@rtlaw.com
Brian Kelley, kmaldonado@rtlaw.com
Jason Neil Goldman, jgoldman@davisgoldman.com
Jason Neil Goldman, eservice@davisgoldman.com
Jason Neil Goldman, cmancing@davisgoldman.com
Maidenly MacAluso, mmacaluso@davisgoldman.com
Maidenly MacAluso, eservice@davisgoldman.com
Scott J. Kennelly, skennelly@rtlaw.com
Scott J. Kennelly, lcain@rtlaw.com
Scott J. Kennelly, wmarshall@rtlaw.com

**Physically Served:**