UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | : | |
|---|---|---|
| **VIKRAM P. GROVER d/b/a** | : | |
| "IX ADVISORS" a/k/a "IXA," | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **NET SAVINGS LINK, INC.,** a | : | |
| Colorado corporation and formerly | : | |
| organized as a Nevada corporation, | : | **Civil Action No. 1:21-CV-05054** |
| **WILTON GROUP, LIMITED,** as | : | **Honorable Mary M. Rowland** |
| registered in the Isle of Man, U.K., | : | |
| **WILTON UK (GROUP), LIMITED,** as | : | |
| registered in England and Wales, U.K., | : | **ORAL ARGUMENT** |
| **CHINA FOOD AND BEVERAGE CO.,** | : | **REQUESTED** |
| a Colorado corporation, and | : | |
| **JAMES A. TILTON,** and | : | |
| **JOHN DOES 1-100,** | : | |
| | : | |
| **Defendants.** | : | |

===============================

**PLAINTIFF VIKRAM GROVER'S OPPOSITION TO DEFENDANTS'
MOTIONS TO VACATE DEFAULT JUDGMENT AND TO RECONSIDER**

The Plaintiff, Vikram P. Grover d/b/a "IX Advisors" (hereinafter the "Plaintiff"), respectfully submits this Opposition, pursuant to this Honorable Court's November 7, 2024 Minute Entry, to the Motion to Vacate Default Judgment, dated August 15, 2024, submitted by the Defendant, Net Savings Link, Inc. (hereinafter "NSAV"), and the Motion to Reconsider, dated September 27, 2024, submitted by NSAV and Defendant, James A. Tilton (hereinafter "Tilton" and collectively with NSAV as the "Defendants"), in the above-captioned dispute. The Plaintiff respectfully requests that this Court deny the Defendants' Motion to Vacate and Motion to Reconsider, and further requests that a hearing be held on this matter.

1

## **PROCEDURAL HISTORY**

While restated countless times through various briefs in this litigation, Defendants' long history of absence and noncompliance is centerfold to the pending Motions before this Court, and is necessary once again to lay out. On or around September 23, 2021, now over three (3) years ago, Plaintiff filed his Summons and Complaint with this Court, naming NSAV, China Food and Beverage Company ("CHIF"), the Wilton Group, the Wilton UK (Group) (the "Wilton Parties"), and Tilton as Defendants. *See* Dkt. No. 1. On December 23, 2021, after much delay and no word from any of the Defendants, Plaintiff filed his first Requests for Entry of Default Pursuant to Rule 55(a) as to each of the named Defendants. *See* Dkt. Nos. 18-22.

On January 19, 2022, the Honorable Mary M. Rowland granted Plaintiff's Default Requests but allowed time for Defendants to respond and vacate the defaults. *See* Dkt. Nos. 25-30. On February 11, 2022, Defendants NSAV, CHIF, and Tilton finally filed their Answer to Plaintiff's Complaint, and the Court subsequently vacated the defaults on all Defendants. *See* Dkt. Nos. 36, 40. Defendants retained Edward S. Stone, Esq. and Catherine Simmons-Gill, Esq. as representation. *See* Dkt. Nos. 32, 33, 35. After unsuccessfully attempting to negotiate a settlement agreement, the Parties agreed to move forward with the case. On March 22, 2023, the Wilton Parties filed a Motion to Dismiss for lack of personal jurisdiction and for failure to state a claim. *See* Dkt. No. 83. On April 12, 2023, before the Plaintiff had an opportunity to respond to such Motion to Dismiss, Attorneys Edward Stone and Catherine Simmons-Gill filed their Motions to Withdraw as counsel for the Wilton Parties. *See* Dkt. Nos. 87, 88. This Court granted these Motions on May 2, 2023, and denied the Wilton Parties' Motion to Dismiss. *See* Dkt. No. 98. Soon thereafter, on May 25, 2023, Attorneys Edward Stone and Catherine Simmons-Gill filed their Motions to Withdraw as counsel for NSAV, CHIF, and James Tilton. *See* Dkt. Nos. 100, 101.

On June 15, 2023, Plaintiff Grover served his Interrogatories, Documents Requests, Requests for Admissions and Rule 30(b)(6) Notices of Deposition (hereinafter the "Discovery "Requests" or the "Discovery") on the Defendants. On June 16, 2023, this Court granted the Motions to Withdraw of Edward Stone, Esq. and Catherine Simmons-Gill, Esq., and gave all Defendants until August 17, 2023 to find successor counsel. *See* Dkt. No. 108. After receiving an extension of time to find counsel, NSAV continued to take no action to engage counsel and defend the instant litigation. As a result, this Court granted Plaintiff Grover's Renewed Requests for Entry of Default against the Corporate Defendants on September 21, 2023. *See* Dkt. Nos. 114-117. Thus, on October 30, 2023, the Plaintiff filed his Motion and Memorandum of Law in Support of Default Judgment against NSAV. Dkt. Nos. 136-37. The Court subsequently set a hearing on such motion for December 5, 2023. *See* Dkt. No. 142. NSAV failed to acquire any counsel during this time to respond to Plaintiff's Motion for Default Judgment.

On December 4, 2023, Plaintiff filed a Supplemental Memorandum as to Damages Calculations as to his Default Judgment Motion Against NSAV (hereinafter the "Supplemental Damages Brief"). Dkt. No. 143. Plaintiff's Supplemental Damages Brief set out the proper calculation of damages for Plaintiff's claim, which was largely based on the highest value of shares of NSAV stock that he would have otherwise been able to exercise had Defendant NSAV performed on its contract, which accumulated to a total of $57,903,750.00. *See id.* at p. 7. Plaintiff's Supplemental Damages Brief set forth comprehensive law which supported the notion that this Court calculate Plaintiff's losses based on NSAV's highest stock value between the date of NSAV's breach and Plaintiff's Complaint. *See id.* at pp. 7-11. Based on Illinois precedent, Plaintiff contended that such award was certainly justified under the law and would adequately compensate him for his suffered losses. *See id.*

The following day, on December 5, 2023, this Court held its hearing on Plaintiff's Motion for Default Judgment. No counsel for NSAV appeared. With no opposition presented, this Court granted Plaintiff's Motion for Default Judgment and awarded Plaintiff damages in the amount of $57,903,750.00, the number provided in Plaintiff's Supplemental Damages Brief. *See* Dkt. No. 146. An entry of default was subsequently entered against NSAV. *Id.* For eight (8) months thereafter, NSAV failed to acquire counsel or otherwise be active in the pending litigation.

On June 21, 2024, the Plaintiff filed Motions for a Temporary Restraining Order and Attachment against NSAV to restrict the company from otherwise operating and trading whilst the entry of judgment remained. *See* Dkt. Nos. 162-63. On June 26, 2024, this Court granted Plaintiff's motions, and ordered comprehensive restrictions and attachments on NSAV assets and activities until the litigation concerning Defendant Tilton was resolved and a final judgment was entered. *See* Dkt. Nos. 167-68. Still, NSAV failed to acquire counsel for another month. Finally, on August 6, 2024, Jawad Fitter, Esq., filed an Appearance as Local Counsel on behalf of Defendant NSAV. *See* Dkt. No. 191. On August 15, 2024, Mason Cole, Esq. ("Attorney Cole"), filed an Appearance as counsel for NSAV.

On that same day, Attorney Cole, on behalf of NSAV alone, filed a Motion to Vacate the Default Judgment that was entered by this Court on December 5, 2023. Dkt. No. 203. NSAV's Motion to Vacate is four (4) pages and fails to attach any supporting affidavits. *See id.* Nevertheless, NSAV asserts that this Court should vacate the entry of default against NSAV because NSAV has meritorious defenses and had struggles in acquiring counsel. *See id.*

On September 4, 2024, this Court took Defendant NSAV's Motion to Vacate under advisement. Dkt. No. 217. The following day, on September 5, 2024, this Court entered Final Judgment against all of the Defendants in the amount $57,903,750.00 plus pre-judgment interest.

Dkt. No. 218. Three (3) weeks later, on September 27, 2024, Defendants NSAV and Tilton filed a joint Motion for Reconsideration of the Final Judgment amount. Dkt. No. 224. Defendants' Motion for Reconsideration is three (3) pages, and asserts that reconsideration is warranted because this Court has "patently misunderstood" the nature of the case and that the total amount of damages should reflect the share price of NSAV stock at the time of NSAV's breach, which would equate to a considerably less amount of $88,750.00. *See id.*

## ARGUMENT

### I. This Court Should Deny NSAV's Motion to Vacate

To begin, this Court should deny NSAV's Motion to Vacate because it has simply failed to provide any reasoning as to why it took eight (8) months to acquire counsel after default or how justice considerations would otherwise support a reversal of default. Unlike what was asserted by NSAV in its Motion, courts in the Seventh Circuit "have long since moved away from the position of disfavoring default judgments, and [] are therefore increasingly reluctant to set them aside." *Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 47 (7th Cir. 1994). Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." The Seventh Circuit has interpreted this rule to dictate that, in order to set aside an entry of default, a defendant must show: "(1) good cause for their default; (2) quick action to correct it; *and* (3) a meritorious defense to the plaintiff's complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989) (emphasis added). This is a three-part test, and failure to achieve one part of the test necessitates that a motion to vacate be denied. *Pretzel*, 28 F.3d 42, 46 ("[Defendant] failed to clear the first hurdle when it did not show good cause for its default. This would have been sufficient basis to refuse to vacate [defendant's] default, even if it had a meritorious defense").

5

### A.     <u>NSAV Has Failed to Show Good Cause</u>

First, NSAV has not provided <u>any</u> reasoning as to why it failed to acquire counsel for more than a year prior to the filing of its Motion to Vacate. For a motion to vacate, a showing of "good cause" may also be equated to a showing of excusable neglect. *See Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990). Courts will find a further absence of good cause when reopening an entry of default will prejudice a plaintiff by requiring him to devote time and money to additional litigation. *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983).

Here, nothing indicates that NSAV had good cause in failing to acquire counsel at any point in the eight (8) month period between the entry of default on December 5, 2023 and the appearance of Attorney Cole on behalf of NSAV on November 15, 2024, or the nearly six (6) month period between Attorney Edward Stone's withdrawal on June 16, 2023 and this Court's entry of default. NSAV's Motion to Vacate attaches no affidavit attesting to any reasoning as to why it could not procure representation despite this Court's repeated demands that representation was required to adequately participate in the litigation. Defendant Tilton, as President of NSAV, was clearly aware of this Court's notices to acquire such counsel for NSAV because he was personally a participant, on a *pro se* basis, in such litigation. Further, NSAV has already demonstrated that it *could* acquire counsel because it had already done so earlier in the action.

NSAV's sole assertion for good cause can be found in Paragraph Four (4), which reads: "NSAV faced difficulty in finding replacement counsel." Dkt. No. 203, p. 2. That is all. That is not enough to clear Rule 55(c)'s threshold. Furthermore, earlier today, Attorney Cole filed his Motion to Withdraw, demonstrating that, once again, NSAV has continued fail to maintain its attorney-client relationship with its successor counsel, as engaged. Even if assuming, *arguendo*, that NSAV provided a meritorious defense (as explained further below), NSAV's failure to adequately support

6

any notion of good cause for why it did not respond to the Court's entry of default in December necessarily requires its Motion to be denied.

### B. NSAV Has Not Shown Quick Action to Correct the Default

Second, NSAV's Motion to Vacate should be denied because NSAV has not demonstrated that its eight (8) month period of absence after this Court's entry of default constitutes "quick action" to alleviate such default. While no definite period has been set in stone to determine how long time must pass before this Court considers an attempted remedying of default as not quick, NSAV's eight (8) months clearly falls in this realm. Indeed, this Court has found two months as not sufficiently quick to warrant vacating a default judgment. *See Casio Computer Co. v. Noren*, No. 00 C 1428, 2001 WL 893813, at *5 (N.D. Ill. Aug. 6, 2001), *aff'd sub nom. Casio Computer Co. v. Noren*, 35 F. App'x 247 (7th Cir. 2002). The Seventh Circuit has further found that five (5) weeks after default judgment, even when a plaintiff is in solitary confinement, is not quick action. *See Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). The record is clear that NSAV was in no rush to alleviate its default even when consistently reminded by this Court that failure to acquire counsel would result in default judgment being rendered. Because of this, this Court should deny NSAV's Motion to Vacate.

### C. NSAV Has Provided No Meritorious Defenses

Third, NSAV's purported "meritorious defenses" to Plaintiff's claims are insufficient to fulfill Rule 55(c)'s threshold requirements. A meritorious defense need not, beyond a doubt, succeed in defeating a default judgment, but it must at least "raise[ ] a serious question regarding the propriety of a default judgment and ... [be] supported by a developed legal and factual basis." *Jones*, 39 F.3d at 165. Indeed, a general denial of the complaint's allegations, without any factual

7

support, is insufficient to state a meritorious defense. *See e.g., Pretzel*, 28 F.3d at 46 ("[A] meritorious defense requires more than a 'general denial' and 'bare legal conclusions'").

Here, Defendant NSAV puts forth two "defenses" which it deems as meritorious to defeat the entry of default. First, NSAV asserts that Plaintiff's claims fail because he did not join the former CEO of NSAV, Steven Baritz, as a party to the action. *See* Dkt. No. 203, p. 3. Second, NSAV argues that the Plaintiff was not an employee of NSAV. *See id.* at p. 4. But, as forewarned in *Pretzel*, these defenses amount to mere general denials of wrongdoing and are supported by bare legal conclusions. For instance, NSAV provides no explanation as to why a failure to join Steven Baritz as a party would in any way defeat Plaintiff's claims against NSAV. If anything, it would be the responsibility of NSAV to file its own claim against Steven Baritz if it deemed him to be responsible, wholly or in part, for the Plaintiff's harms. Moreover, NSAV's assertion that Plaintiff was never an employee of NSAV is hardly supported by any factual evidence that does not derive from conclusory allegations, and, on the contrary, is completely disproved by Plaintiff's attached employment agreement and James Tilton's own admissions as produced in discovery.

Interestingly, NSAV asserts in its Motion to Vacate that "NSAV has not had a chance to litigate the grounds of this complaint." *Id.* at p. 3. Because of this, it asks this Court to "grant leave to file a responsive pleading." *Id.* at 4. One problem arises, however: NSAV has already filed an Answer in this litigation. *See* Dkt. No. 36. Even if NSAV did not already file an Answer, the Seventh Circuit has repeatedly stated that requesting leave to file a responsive pleading in a motion to vacate is highly inappropriate. For example, in *Wehrs v. Wells*, the Seventh Circuit, in denying a motion to vacate, stated:

> "Neither did the district court abuse its discretion in denying [defendant] leave to answer the complaint. [Defendant] maintains that he would have provided the necessary factual support to establish a meritorious defense in an answer to the complaint, if only the district court had granted him leave to do so. But this argument is illogical. It makes little sense to

8

claim that a district court cannot rule on a motion to vacate a default judgment without first granting a defendant leave to file an answer, when the failure to file an answer is the reason default judgment was entered."

688 F.3d 886, 891 (7th Cir. 2012). Defendant NSAV cannot seek leave to file an Answer at this stage because doing so is flatly illogical.

Because NSAV has failed to demonstrate good cause as to why default was entered, failed to undergo quick action to remedy its default, and failed to put forth any meritorious defenses against Plaintiff's claims, this Court should deny NSAV's Motion to Vacate.

II.     **Defendants' Motion to Reconsider Should Be Denied**

Relatedly, Defendants' Motion to Reconsider this Court's damages award should similarly be denied. At the outset, it should be noted that Defendants operate under the incorrect standard of review for motions to reconsider final judgments. In their Motion, Defendants provide that: "A motion to reconsider 'allows a party to direct the court's attention to manifest errors of fact or law, a significant change in the law or facts, the court's misunderstanding of a party's argument, or a party's contention that the court ruled on an issue that was not properly before it.'" Dkt. No. 224, p. 2. Defendants subsequently cite two cases – *Hill v. City of Chicago*, No. 19 C 6080, 2020 WL 4226672, at *1 (N.D. Ill. July 23, 2020) and *Bhatia v. Vaswani*, No. 18-CV-2387, 2020 WL 3578004, at *2 (N.D. Ill. July 1, 2020) – in support of this contention. *See id.* Yet both *Hill* and *Bhatia* concern motions to reconsider non-final, non-dispositive motions under Fed. R. Civ. P. 54(b), which is inapplicable to the case at hand. *See Hill*, 2020 WL 4226672, at *1; *Bhatia*, 2020 WL 3578004, at *2.

Instead, Fed. R. Civ. P. 60(b) applies to this Court's determination of whether to allow Defendants' Motion to Reconsider the Final Judgment entered against them. "Rule 60(b) authorizes a court to grant relief from final judgment or order for the following reasons:

9

> "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment"

*Mansoori v. Shaw*, No. 99 C 6155, 2002 WL 1400300, at *2 (N.D. Ill. June 28, 2002). Understandably, Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Importantly, Rule 60(b) motions must be "shaped to the specific grounds for modification or reversal listed ... they cannot be general pleas for relief." *U.S. v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). "District court judges should not be burdened with "agonizing" over whether a motion asserts grounds for relief included in Rule 60(b), because it is the movant's task to make its Rule 60(b) contentions clear." *Mansoori*, 2002 WL 1400300, at *2. For example, in *Mansoori*, the court denied a defendant's motion to reconsider under Rule 60(b) because it failed to "state any Rule 60(b) contentions with specificity and in a clear and straightforward manner as required by law" and because "[d]efendant devoted one paragraph containing a total of three sentences to the law and reasoning behind his claims for Rule 60(b) relief." 2002 WL 1400300, at *2.

Here, because the Defendants operate under the wrong standard, it is unclear on which grounds under Rule 60(b) they bring their Motion to Reconsider. Yet, even if they *did* operate under the correct Rule, it is *still* entirely unclear why the Defendants think reconsideration is appropriate. In Paragraph 4 of their Motion, Defendants provide two (2) sentences as to why Illinois law favors their proposed calculation of damages in the present action. Thus, Paragraph 4 seems to suggest that Defendants are asserting that this Court made an error in law that warrants reconsideration. Yet Paragraph 5 then provides that:

> "In the event of a misunderstanding on the part of the court, 'The court will, however, grant a motion to reconsider when it 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error *not of reasoning but of apprehension*.'" (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (emphasis added).

Paragraph 5, thus, suggests that Defendants are not contending that this Court made a reasoning error or an error of law, but rather fundamentally misunderstood something about the case that should be corrected. But the Defendants do not offer what this misunderstanding might be. Indeed, the Motion to Reconsider is only three (3) substantive pages long, making the reasoning and logic behind the Defendants' arguments for reconsideration incredibly difficult to identify. As such, Defendants' Motion to Reconsider is plainly insufficient to surpass Rule 60(b)'s rigorous requirements.

Even if Paragraph 4 could be construed as making an argument that this Court made a "mistake" of law as provided in Rule 60(b), that argument falls flat. Defendants' argument regarding this Court's supposed erroneous calculation reads, in full:

> "The valuation of the shares should be assigned based on what the valuation of the shares were at the time it was owing to Plaintiff, and not based on future performance. 'Under section 12.55 of the Business Corporation Act, 'the court shall determine the fair value of the shares as of such date the court finds equitable' utilizing the appraisal procedures outlined in section 11.70 of the Business Corporation Act. (Ill. Rev. Stat. 1985, ch. 32, [***16] par. 12.55(g), now codified as 805 ILCS 5/12.55(g)'" *Kalabogias v. Georgou*, 254 Ill. App. 3d 740, (1st Dist. 1993).

*See* Dkt. No. 224, p. 3.

Putting aside the fact that *Kalabogias* concerned the calculation of share values of a closely held corporation, Defendants do not explain why the valuation of NSAV shares should be assigned based on what the valuation of the shares were at the time of NSAV's breach. *See Kalabogias*, 254 Ill. App. 3d at 748. (1st Dist. 1993) In fact, *Kalabogias* seemingly gives this Court broad discretion to determine what date to use in determining the value of shares. *See id.* But the Defendants offer

no further reasons as to why this Court should agree with their calculation besides simply pleading for such. Defendants further offer no argument against those made by the Plaintiff in his Supplemental Damages Brief filed in December, which consisted of seven (7) pages entirely dedicated to examining Illinois precedent and case law in arriving at the total damages amount of $57,903,750.00.

Simply put, Defendants' Motion to Reconsider is entirely wanting of any details or legal support which would explain how and why this Court's Final Judgment against them was erroneous and in need of reconsideration. Because of this, this Court should deny Defendants NSAV and James Tilton's Motion to Reconsider.

## CONCLUSION

As set forth, the Plaintiff respectfully requests that this Court deny Defendant NSAV's Motion to Vacate and Defendants NSAV and James Tilton's Motion to Reconsider. The Plaintiff requests a hearing on the Defendants' Motions.

Dated: November 18, 2024          Respectfully submitted,

PLAINTIFF, Vikram P. Grover,
By his Attorneys,

*/s/ Philip M. Giordano*
Philip M. Giordano, Esq. (admitted *pro hac vice*)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

**CERTIFICATE OF SERVICE**

      I, Philip M. Giordano, do hereby certify that on the 18th day of November, 2024, I caused to be served a true and correct copy of Plaintiff Vikram P. Grover's Opposition to Defendants' Motion to Vacate and Motion to Reconsider, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all counsel and parties of record.


Dated: November 18, 2024                 */s/ Philip M. Giordano*
                                                   Philip M. Giordano