**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

```
==============================
                              :
VIKRAM P. GROVER d/b/a         :
  "IX ADVISORS" a/k/a "IXA,"   :
                              :
      Plaintiff,              :
                              :
      v.                      :
                              :
NET SAVINGS LINK, INC., a      :
  Colorado corporation and formerly :
  organized as a Nevada corporation, :    Civil Action No. 1:21-CV-05054
WILTON GROUP, LIMITED, as      :         Honorable Mary M. Rowland
  registered in the Isle of Man, U.K., :
WILTON UK (GROUP), LIMITED, as :
  registered in England and Wales, U.K., :
CHINA FOOD AND BEVERAGE CO.,   :         REQUEST FOR HEARING
  a Colorado corporation, and  :
JAMES A. TILTON,               :
                              :
      Defendants.             :
                              :
==============================
```

**PLAINTIFF VIKRAM GROVER'S MEMORANDUM IN OPPOSITION TO**
**MOTION TO INTERVENE OF PROPROSED INTERVENOR WFD CAPITAL, LLC**

**INTRODUCTION**

The Plaintiff, Vikram P. Grover d/b/a IX Advisors a/k/a IXA (hereinafter the "Plaintiff," or "Mr. Grover"), pursuant to Rule 24 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois, respectfully submits his Memorandum in Opposition (hereinafter the "Opposition") to the Motion to Intervene (hereinafter the "Intervention Motion" or the "Motion") of [Proposed] Intervenor (hereinafter the "Proposed Intervenor" or the "Intervenor"), WFD Capital, LLC (hereinafter "WFD") in the above-captioned action. As set forth below, WFDS's Motion has no foundation in facts or the law which provides a basis for WFD to intervene in the litigation, and will likely delay and unreasonably extend the

1

disposition and entry of Final Judgments in this action. Moreover, as set forth in the Initial Report (hereinafter the "Report") of the Temporary Receiver, David A. Castleman, Esq. (hereinafter the "Receiver"), there are substantial questions as to the underlying claims which provided the basis of the Pennsylvania Judgment granted to WFD, and as such this Court must deny the inclusion of the Intervenor in the instant action. Finally, while providing multiple citations to the law of Pennsylvania and the U.S. Court of Appeals for the Third Circuit, this Honorable Court must consider the Motion on the law of the Seventh Circuit and the State of Illinois.

In short, Mr. Grover respectfully requests that this Court deny the WFD Motion to Intervene in the instant action. The Plaintiff respectfully request a hearing on his Motion.

## **PROCEDURAL HISTORY**

### A) **Intervenor's Motion and Allegations**

According to its Motion, on or about November 30, 2023, Defendants Net Savings Link, Inc. (hereinafter "NSAV") issued a "convertible secured promissory note" (hereinafter the "Convertible Note" or the "Note") in the "amount of $2.5 million dollars." *See* WFD Intervention Motion at pp. 1-2. The Intervenor further states that "[t]he terms of the Note allow its holder the right to convert its debt into shares of stock of NSAV. *Id.* at p.2. WFD further represents that the "Convertible Note was issued on November 30, 2023, and matures on November 30, 2024." *Id.* The Intervenor is not the original holder of Note, but is an assignee from an individual identified as Scott Been. *See Been v. Active World Holdings, Inc., et. al.*, 5:23-cv-00292-KNS, E.D. Pa., Dkt No. 70 (hereinafter the "Been Litigation").

By express statements of WFD, the Note has not yet _matured_ and therefore is not yet due and owing by NSAV to its purported holder. *See* Intervention Motion at p. 2.

B) **WFD v. Active World Holdings, Inc. and Alfonso Knoll**

The procedural history demonstrates that the Convertible Note is grounded in fraud, double dealing and self-interest by Defendants NSAV James Tilton (hereinafter "Tilton"), the former/current Chief Executive Officer (hereinafter "CEO") of NSAV, Alfonso Knoll (hereinafter "Knoll") and Knoll's company, Active World Holdings, Inc. d/b/a "Active World Club," (hereinafter "AWH"), and/or others. In or about 2024, WFD commenced an action in the Pennsylvania Court of Common Pleas in Montgomery County (hereinafter the "Pennsylvania Action" or the "PA Action") against AWH and Knoll as to personal monies allegedly owed to the Intervenor by the NSAV CEO and his company. *See* Been Litigation Docket is attached, restated and incorporated by reference herein as **Exhibit A**; Been Litigation Complaint is attached, restated and incorporated by reference herein as **Exhibit B**; Been Litigation Order and Judgment is attached, restated and incorporated by reference herein as **Exhibit C**.

According the Complaint in the Been Litigation, the CEO of NSAV perpetrated a multi-million dollar fraud upon Mr. Been, described as follows:

> "Knoll and AWC set out on an *intentional course of fraudulent conduct to obtain property from Been by the use of false pretenses, false representations, and fraud. Knoll and AWC induced Been to execute a Token Purchase Agreement based on false pretenses and false representations*. AWC then breached material terms of the Promissory Note ("Note") made by AWC in favor of Been on or about February 1, 2022 in the principal amount of *$1,371,260.00* in connection with the Token Purchase Agreement. Knoll, the principal of AWC, negotiated on behalf of AWC and it is his representations made to Been that induced Been to depart with his property. *Knoll and AWC set out on an intentional course of fraudulent conduct to obtain property from Been by the use of false pretenses, false representations, and fraud. Knoll and AWC induced Been to execute a Token Purchase Agreement based on false pretenses and false representations*. AWC then breached material terms of the Promissory Note ("Note") made by AWC in favor of Been on or about February 1, 2022 in the principal amount of $1,371,260.00 in connection with the Token Purchase Agreement. Knoll, the principal of AWC, negotiated on behalf of AWC and it is his representations made to Been that induced Been to depart with his property."

*See* Been Litigation Complaint (**Exhibit B**), ¶ 1, at p.1 (emphasis added). The Been Complaint continues as follows:

> "… *Knoll and AWC made specific, false representations in the Token Purchase Agreement regarding AWC's ability to make payments under the Note*. Specifically, they represented and warranted that AWC had "sufficient cash on hand or other sources of immediately available funds to enable it to make payment" of $1,371,260.00. *This statement proved to be untrue. Knoll and AWC knew that these statements were false but made them with the intent Been would rely on them and enter into the Token Purchase Agreement and accept the Note*."

*Id.* (**Exhibit B**), ¶ 10, at p.3 (emphasis added). In sum, the Note originated by fraud of the NSAV CEO who sought of offload his personal multimillion dollar debts on to NSAV, its shareholders and creditors, including the Plaintiff. *Id.*

According the Complaint in the Been Litigation, the CEO of NSAV perpetrated a multi-million dollar fraud upon Mr. Been, described as follows:

> "Knoll and AWC set out on an *intentional course of fraudulent conduct to obtain property from Been by the use of false pretenses, false representations, and fraud. Knoll and AWC induced Been to execute a Token Purchase Agreement based on false pretenses and false representations*. AWC then breached material terms of the Promissory Note ("Note") made by AWC in favor of Been on or about February 1, 2022 in the principal amount of *$1,371,260.00* in connection with the Token Purchase Agreement. Knoll, the principal of AWC, negotiated on behalf of AWC and it is his representations made to Been that induced Been to depart with his property. *Knoll and AWC set out on an intentional course of fraudulent conduct to obtain property from Been by the use of false pretenses, false representations, and fraud. Knoll and AWC induced Been to execute a Token Purchase Agreement based on false pretenses and false representations*. AWC then breached material terms of the Promissory Note ("Note") made by AWC in favor of Been on or about February 1, 2022 in the principal amount of $1,371,260.00 in connection with the Token Purchase Agreement. Knoll, the principal of AWC, negotiated on behalf of AWC and it is his representations made to Been that induced Been to depart with his property."

*See* Been Litigation Complaint (**Exhibit B**), ¶ 1, at p.1 (emphasis added). The Been Complaint continues as follows:

> "… _Knoll and AWC made specific, false representations in the Token Purchase Agreement regarding AWC's ability to make payments under the Note_. Specifically, they represented and warranted that AWC had "sufficient cash on hand or other sources of immediately available funds to enable it to make payment" of $1,371,260.00. _This statement proved to be untrue. Knoll and AWC knew that these statements were false but made them with the intent Been would rely on them and enter into the Token Purchase Agreement and accept the Note_."

_Id._ (**Exhibit B**), ¶ 10, at p.3 (emphasis added). In sum, the Note originated by fraud of the NSAV CEO who sought of offload his personal multimillion dollar debts on to NSAV, its shareholders and creditors, including the Plaintiff.

On or about February 8, 2024 – the day after Judgment had been entered on behalf of Been – the Judgment was assigned to the Intervenor. _See_ Been Litigation Docket, (**Exhibit A**) Item #70, at p.8. There is no evidence provided by the Intervenor that supports an actual delivery of consideration, by WFD to Been, in exchange for the assignment of the multimillion dollar Judgment. During the pendency of the Pennsylvania Action, WFD served Interrogatories to a third-party "garnishee," NSAV. _See_ Interrogatories to Garnishee [NSAV], at pp. 4-5, attached, restated and incorporated by reference herein as **Exhibit D**. On June 28, 2024 – a couple of days after this Court issued its Preliminary Injunction Order and its Attachment Order in the instant litigation – Defendant Tilton, on behalf of NSAV and to the benefit of the NSAV CEO Knoll, conveniently signed Interrogatory Answers, which stated as follows:

> "Yes, Garnishee [NSAV] confesses that it owes Defendant, Active World Holdings, Inc. a two and one half million dollar ($2,500,000.00) on year, secured, convertible promissory note, bearing an interest rate of 8% per annum."

_Id._ (**Exhibit D**), ¶ 1, at p. 4. This "confession" by Tilton on a Convertible Note, which has not yet even matured, is the underlying basis for the Intervention Motion. There is little dispute that Tilton, the NSAV President and in breach of his fiduciary duty, was seeking to bail out his buddy, CEO

Knoll, and his company AWH, as to the claims of WFD and to the detriment of creditors, such as Grover, and public shareholders of NSAV.

### C) The Receiver's Report on Knoll, AWH and the AWH Exchange

In his Report, the Receiver delved into the machinations of Tilton, Knoll and AWH, and highlighted the stench of fraud arising from the transactions. *See* Receiver's Report, at pp. 5, 10-12 & 20-21. The Receiver notes that WFD "claims a lien on the $2.5 million note owing to AWH based upon NSAV's investment in [the] AWH Exchange (*made with a note and not any actual funds*)." *Id.* at 5 (emphasis added).[1] After various modifications to agreements, apparently executed by Knoll for both NSAV and AWH, in November 2023, the agreement was amended again, for a $2.5 million note, bearing 8% interest and a one year maturity. Conveniently, the "Note" was amended and modified by Knoll, on behalf of AWH and NSAV, five (5) days before the entry of Default Judgment against NSAV by this Court. *See* Dkt. No. 146 (12/5/2023).

On August 8, 2024, AWH filed a Petition pursuant to the U.S. Bankruptcy Code in the Eastern District of Pennsylvania. *See In re Active World Holdings, Inc.*, Case No. 24-12780, Dkt. No. 17 (Bank. E.D. Pa. filed Aug. 27, 2024). According to the Receiver's Report, "AWH claims that NSAV owes a $2,500,000 convertible note that matured in February 2024, as well as $500,000 in unpaid monthly exchange operating fees," Report, at p.12. Importantly, however, "[a]fter the Temporary Receiver requested that AWH provide the applicable consulting agreement, AWH *disclosed that none exists*." *Id.*

The Receiver also pointed out that he has been unable to receive any documentation that the AWH Exchange, supporting the "Note," has "generat[d] any revenues, or has the potential to

---

[1] After tracking the purported history of the agreements between NSAV and AWH, the Receiver finds that "on January 24, 2023, Knoll, the CEO of both AWH and, until recently [as of the Report's date] NSAV, rescinded the [prior] agreement."

generate any actual revenue for NSAV." *Id.* He further finds that the "tokens that are traded on the AWH Exchange do not appear to have any actual value." *Id.* Additionally, the Receiver has found that "[n]othing provided to the Temporary Receiver by either Tilton or Knoll demonstrates any actual value for the AWH Exchange." *Id.*

In his concluding remarks, the Receiver states:

> "Given the foregoing, the Temporary Receiver has found no evidence to support NSAV's $2,5400,000 valuation of its investment in AWH Exchange, which appears to be based solely on the value of the AWH Note – itself convertible to NSAV shares. The lack of value in the AWH Exchange could potentially serve as a defense to the payment of the AWH Note,…."

*Id.*

As set forth below, the Note and the claims of AWH and Intervenor WFD are grounded in fraud and this Court must reject the Motion to Intervene in the instant action.

## **ARGUMENT**

### A) **The Standard to Intervene**

Intervention is governed by Rule 24, which provides, as relevant here, that, "[o]n timely motion, the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. Fed. R. Civ. P. 24(a)(2). It further provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). *Dumanian v. Schwartz*, 2020 U.S. Dist. LEXIS 247574, *6 (N.D. Ill. 2020). As such, there are two pathways to which an intervenor may enter into an action: 1) intervention as of right, and 2) permissive intervention. *See* Fed. R. Civ. P. 24.

**B) WFD Has Failed to Meet Requirements for
Intervention As of Right in the Instant Action**

First, WFD has failed to adequately demonstrate that they may intervene in this action as a matter if right. A party seeking to intervene as a matter of right must show four things: (1) a timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action. *Planned Parenthood of Wisconsin, Inc. v. Kaul,* 942 F.3d 793, 797 (7th Cir. 2019). Failure to satisfy any one of the four requirements for intervention as of right is sufficient grounds to deny a motion to intervene. *See United States v. BDO Seidman,* 337 F.3d 802, 808 (7th Cir. 2003). Determinations on motions to intervene are highly fact-specific. *See Reich v. ABC/York-Estes Corp.,* 64 F.3d 316, 321 (7th Cir. 1995) *citing Shea v. Angulo,* 19 F.3d 343, 349 (7th Cir. 1994). This Court must accept as true all non-conclusory allegations in the motion to intervene. *See Id. citing Lake Investors Dev. Group v. Egidi Dev. Group,* 715 F.2d 1256, 1258 (7th Cir. 1983); *see also Google, Inc. v. Cent. Mfg.,*, 2009 U.S. Dist. LEXIS 72507, *5 (N.D. Ill. 2009). "The burden is on the party seeking to intervene of right to show that all four criteria are met." *Zurich Capital Markets Inc. v. Coglianese*, 236 F.R.D.379, 383 (N.D. Ill. 2006) (quotation marks omitted).

**1) WFD Does Not Have a Direct, Legally Protectable Interest**

Here, WFD may not intervene as of right because it has failed to show it has a direct, legally protectable interest in this litigation. A party seeking to intervene as of right in a case must assert an interest in the action that is a "direct, significant legally protectable" one. *Reich,* 64 F.3d at 322 (quoting *Am. Nat'l Bank v. City of Chicago,* 865 F.2d 144, 146 (7th Cir. 1989). In the Seventh Circuit, this inquiry focuses "on the issues to be resolved by the litigation and whether the potential intervener has an interest in those issues." *Id. citing Am. Nat'l Bank,* 865 F.2d at 147; *Google, Inc.*

*v. Cent. Mfg.*, LEXIS 72507, at *6. To intervene as of right, under Rule 24(a), a movant must demonstrate that its interest in the litigation is "direct and concrete," and entitled to "legal protection." *Diamond v. Charles*, 476 U.S. 54, 75, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986). A mere "economic interest" is not enough to intervene as of right. *Flying J, Inc. v. Van Hollen*, 578 F.3d 569 (7th Cir. 2009)

Importantly, judgment creditors of a defendant from a separate, unrelated action are not deemed to have a "direct, significant legally protectable" interest in the action to which they are seeking to intervene simply because of a mere interest in the "prospective collectability of a debt." *See S.E.C. v. Falor*, 270 F.R.D. 372, 376 (N.D. Ill. 2010) (citing *United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004). Indeed, possession by a proposed intervenor of a judgment against the defendant obtained from an unrelated action is solely a mere "economic interest" for purposes of Rule 24, and thus insufficient to intervene as a matter of right. *See Flying J*, 578 at 570 (7th Cir. 2009). The Seventh Circuit in *Flying J* solidified that: "the fact that [an intervenor] might anticipate a benefit from a judgment in favor of one of the parties to a lawsuit—*maybe [the proposed intervenor is] a creditor of one of them*—does not entitle [the proposed intervenor] to intervene in their suit." Simply stated, the interest must be related to the underlying subject matter of the litigation, and that "prospective collectability of a debt" is "several degrees removed" from the interests required to intervene. *Falor*, 270 F.R.D. 372, 376.

Here, WFD's sole interest in this action is economic – it seeks to collect on a recent judgment obtained against Defendants NSAV and CHIF in a Pennsylvania case. To say that WFD's economic interest is "several degrees" removed from the subject matter of this current action, however, is an understatement. WFD acquired an economic interest in this case due to the assignment of a judgment obtained by Scott Been that was rendered against Alfonso Knoll and

Active World Holdings. Essentially, WFD's interest in this case was formed based on a judgment which it did not procure against parties that are not participating in the instant litigation.

In their Motion, WFD jumps through hoops and leaps over mental hurdles in order to explain how their interest is not solely economic. *See* WFD's Motion, pp. 8-10. None of its reasons are convincing. The simple fact of the matter is that this instant litigation revolves around a breach of contract which occurred in 2016 and has since caused millions of dollars in damages to the Plaintiff. WFD did not hold any interest against NSAV or CHIF during that time, nor when Plaintiff filed his initial Complaint in 2021. Per the Temporary Receiver's Report, WFD's economic interest still has not even matured yet, meaning it does not even have any current interest at all at this present time to intervene as of right. *See* Report, at p.12. WFD's non-relationship with NSAV is instructive in determining that WFD may not intervene in this action as a matter of right.

**C)** <u>**Permissive Intervention Would Be Highly Prejudicial to Grover**</u>

Moreover, this Court should not allow WFD to intervene permissively in this case. Permissive intervention can be granted at the court's discretion when (1) the intervenor shows that the petition is timely; (2) there is a common question of law or fact; and (3) the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Fed. R. Civ. P. 23(b); *Southmark v. Cagan, supra,* 950 F.2d at 419; *Hartford Accident & Indem. Co. v. Dresser Indus.*, 1994 U.S. Dist. LEXIS 1763, *19-20. Permissive intervention is subject to the court's discretion and may be allowed when a statute confers a conditional right to intervene or when an applicant's claim and the main action concern a common question of law or fact. (Ill. Rev. Stat. 1987, ch. 110, par. 2 -- 408 (b).); *People ex rel. Hartigan v. Illinois Commerce Comm'n,* 243 Ill. App. 3d 544, 547-548. '"Additional parties always take additional time. Even if they have no witnesses of their own, they are the source of additional questions, objections, briefs, arguments,

motions and the like which tend to make the proceeding a Donnybrook Fair.'" *Zemaitis,* slip op. at *3-4 (quoting *United States v. American Inst. of Real Estate Appraisers,* 442 F. Supp. 1072, 1083 (N.D. Ill. 1977)). "[I]ntervention postjudgment — which necessarily disturbs the final adjudication of the parties' rights — should generally be disfavored." *Bond v. Utreras*, 585 F.3d 1061, 1071 (7th Cir. 2009)

Here, allowing WFD to permissively intervene would substantially harm and unduly delay the adjudication of Plaintiff Grover's interests in this litigation. This instant litigation has now entered its fifth (5th) year. An entry of default was made on December 5, 2023, yet the parties are still filing numerous substantive briefs on the collectability of the Plaintiff's earned judgment. WFD's intervention in this case would only serve to prolong this already prolonged dispute. WFD's interest directly conflicts with Plaintiff Grover's, and, as further laid out below, is subject to increasing suspicions of fraudulent conduct that will undoubtedly lead to even more briefing and filings to address. The Court has an interest in preserving judicial economy, and that interest will not be served is WFD is allowed to intervene in this case. For this reasons, WFD should not be allowed to permissively intervene in this action under Rule 24.

**D)**     **WFD's Judgment is Grounded in a Fraudulent Note and *Void ab Initio***

As a final consideration, the Plaintiff respectfully asserts that good grounds exist to question the validity of WFD's purported judgment interest based on a convertible note delivered by NSAV to Active World Holdings. The Receiver's Report provides insight for this Court's rejection of the Motion to Intervene, and states as follows:

> "Next month, the interest on the AWH Note for the purchase of the AWH Exchange comes due, requiring the payment of $200,000 in interest, or the note may be converted to equity. The Temporary Receiver remains concerned about the issuance of any new shares of NSAV given the issues with the financial statements as set forth above. Further, given that the value of the AWH Exchange-which was purchased by NSAV using the AWH Note-cannot be verified and that there is a

substantial chance that such value is close to or equal to zero, NSAV may have defenses to performance on the note. *Indeed, NSAV may be able to successfully argue that the AWH Note was obtained by fraud or misrepresentation as to the value of the AWH Exchange and therefore is void ab initio.* Whether such a defense would be successful or meritorious is beyond the scope of this Initial Report."

Receiver's Report, at p.20 (emphasis added).

The Plaintiff respectfully asserts that the Receiver's Report strongly demonstrates that WFD does not have any actual right to collect on a judgment because its basis for such was primarily the result of fraud. The Receiver states that the "Exchange," which purportedly provided "value" for the WFD Convertible Promissory Note, had no value, did not generate revenue and did provide any basis for revenue in the future. Such "Exchange," provided to NSAV, cannot remotely support a $2.5 million Note or Judgment to the benefit of WFD. Moreover, as noted by the Receiver, NSAV has multiple affirmative defenses – including a lack of consideration, unclean hands, and breach of contract – and a fiduciary duty to protect the interests of its shareholders. Yet, instead, Tilton decided to bail out his buddy, CEO Alfonso Knoll, and "confess" the outstanding obligation to WFD. The underlying transaction s reek of fraud and this Court must not endorse, implicitly or directly, the fraudulent conduct which lead us to this Intervention Motion.

Finally, it is undisputed that the Note has not yet even matured and is not due and owing until November 30, 2024. In sum, WFD does not have an intervention as of right, and its request for a permissive intervention must be rejected.

## **CONCLUSION**

For the reasons stated herein, the Plaintiff respectfully submits his Opposition to WFD Capital's Motion to Intervene and requests that this Court reject and deny the same. The Plaintiff requests a hearing on the WFD Motion to Intervene.


Dated: November 18, 2024            Respectfully submitted,
PLAINTIFF, Vikram P. Grover,

By his Attorneys,


*/s/ Philip M. Giordano*
Philip M. Giordano, Esq. (admitted *pro hac vice*)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

## **CERTIFICATE OF SERVICE**

      I, Philip M. Giordano, do hereby certify that on this 18th day of November, 2024, I caused to be served a true and correct copy of Plaintiff Vikram Grover's Opposition to WFD Capital's Motion to Intervene, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all parties or counsel of record, and by emailing a true copy of the same.

Dated: November 18, 2024                        */s/ Philip M. Giordano*

                                              Philip M. Giordano

# EXHIBIT "A"

Query    Reports    Utilities    Help    Log Out

CLOSED,A/R

# United States District Court
## Eastern District of Pennsylvania (Allentown)
## CIVIL DOCKET FOR CASE #: 5:23-cv-00292-KNS

BEEN v. ACTIVE WORLD HOLDINGS, INC. et al
Assigned to: DISTRICT JUDGE KAI N. SCOTT
Cause: 28:1330 Breach of Contract

Date Filed: 01/24/2023
Date Terminated: 02/07/2024
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**SCOTT BEEN**

represented by **DAVID AUGUSTUS**
HENDERSHOT COWART PC
1800 BERING DRIVE, SUITE 600
HOUSTON, TX 77057
713-783-3110
Email: daugustus@hchlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**KANDIS L. KOVALSKY**
Kang Haggerty LLC
123 S Broad Street
Suite 1950
Philadelphia, PA 19109
215-525-5850
Email: kkovalsky@kanghaggerty.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**SIMON W HENDERSHOT , III**
Simon W. Hendershot, P.C.
1800 Bering Dr., Suite 600
Houston, TX 77057
713-783-3110
Email: trey@hchlawyers.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**JUSTIN J. SERIANNI**
Kang Haggerty LLC
123 S. Broad Street
Suite 1950
Philadelphia, PA 19109
215-525-5850
Email: jserianni@kanghaggerty.com
*ATTORNEY TO BE NOTICED*

**Jeffrey J Rizzo , Jr**
Flaster Greenberg PC
1717 Arch Street

Suite 3300
Philadelphia, PA 19103
215-320-3757
Email: jeffrey.rizzo@flastergreenberg.com
*TERMINATED: 08/10/2023*

**Lauren Goodfellow**
Kang Haggerty LLC
123 S Broad St
Suite 1670
Philadelphia, PA 19109
215-525-1145
Email: lgoodfellow@kanghaggerty.com
*TERMINATED: 06/02/2023*

**RAYMOND L. PANNETON**
HENDERSHOT COWART, P.C.
1800 BERING DRIVE, SUITE 600
HOUSTON, TX 77057
717-783-3110
Email: rpanneton@hchlawyers.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ACTIVE WORLD HOLDINGS, INC.**
*doing business as*
ACTIVE WORLD CLUBS

represented by **George Meany Lutz**
Hartman, Valeriano, Magovern & Lutz, P.C.
1025 Berkshire Blvd.
Ste. 700
Wyomissing, PA 19610
610-763-0745
Fax: 610-779-7473
Email: glutz@hvmllaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**ALFONSO KNOLL**

represented by **George Meany Lutz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Creditor**

**WFD Capital LLC**

represented by **Andrew Roman Perrong**
Perrong Law LLC
2657 Mt. Carmel Ave
Glenside, PA 19038
215-225-5529
Fax: 888-329-0305
Email: a@perronglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**ALFONSO KNOLL**                     represented by **George Meany Lutz**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**ACTIVE WORLD HOLDINGS, INC.**       represented by **George Meany Lutz**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**SCOTT BEEN**                        represented by **DAVID AUGUSTUS**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **KANDIS L. KOVALSKY**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **SIMON W HENDERSHOT , III**
                                      (See above for address)
                                      *LEAD ATTORNEY*
                                      *ATTORNEY TO BE NOTICED*

                                      **JUSTIN J. SERIANNI**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

                                      **Lauren Goodfellow**
                                      (See above for address)
                                      *TERMINATED: 06/02/2023*

                                      **RAYMOND L. PANNETON**
                                      (See above for address)
                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/24/2023 | 1 | COMPLAINT against ACTIVE WORLD HOLDINGS, INC. D/B/A ACTIVE WORLD CLUBS, ALFONSO KNOLL ( Filing fee $ 402 receipt number BPAEDC-16452161.), filed by SCOTT BEEN. (Attachments: # 1 Civil Cover Sheet, # 2 Designation Form)(KOVALSKY, KANDIS) (Entered: 01/24/2023) |
| 01/24/2023 | 2 | NOTICE of Appearance by Lauren Goodfellow on behalf of SCOTT BEEN with Certificate of Service (Attachments: # 1 Certificate of Service)(Goodfellow, Lauren) (Entered: 01/24/2023) |
| 01/25/2023 | 3 | ORDER THAT COUNSEL FOR PLAINTIFF[S] MUST SERVE THIS ORDER ON EVERY PARTY TO THIS CASE IMMEDIATELY AFTER THE PARTYS FIRST APPEARANCE, UNLESS THIS CASE WAS REMOVED FROM STATE COURT, IN WHICH CASE THIS RESPONSIBILITY FALLS ON COUNSEL FOR THE PARTY WHO REMOVED THE CASE; |

| | | ETC. AS HEREIN. SIGNED BY HONORABLE JOSEPH F. LEESON, JR ON 1/25/23. 1/25/23 ENTERED AND COPIES E-MAILED.(mas) (Entered: 01/25/2023) |
|---|---|---|
| 01/25/2023 | 4 | Summons Issued as to ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL. Forwarded To: Counsel on 1/25/23 (mas) (Entered: 01/25/2023) |
| 01/25/2023 | 5 | CERTIFICATE OF SERVICE by SCOTT BEEN re 3 Order, (KOVALSKY, KANDIS) (Entered: 01/25/2023) |
| 01/26/2023 | 6 | MOTION for Pro Hac Vice *for David Augustus*, MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number APAEDC-16459144.) filed by SCOTT BEEN.Affidavit, Certificate of Service. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit, # 3 Certificate of Service)(KOVALSKY, KANDIS) (Entered: 01/26/2023) |
| 01/27/2023 | 7 | ORDER THAT THE MOTION FOR ADMISSION PRO HAC VICE, ECF NO. 6 , IS DENIED WITHOUT PREJUDICE TO THE RIGHT TO BE REFILED ON THE COURTS FORM APPLICATION, ALONG WITH PAYMENT OF THE REQUIRED FEE. SIGNED BY HONORABLE JOSEPH F. LEESON, JR ON 1/27/23.1/27/23 ENTERED AND COPIES E-MAILED.(mas) (Entered: 01/27/2023) |
| 01/27/2023 | 8 | ACCEPTANCE OF SERVICE Re: accepted summons and complaint for ACTIVE WORLD HOLDINGS, INC. on 1/27/2023, answer due 2/17/2023. (KOVALSKY, KANDIS) (Entered: 01/27/2023) |
| 01/27/2023 | 9 | ACCEPTANCE OF SERVICE Re: accepted summons and complaint for ALFONSO KNOLL on 1/27/2023, answer due 2/17/2023. (KOVALSKY, KANDIS) (Entered: 01/27/2023) |
| 01/31/2023 | 10 | NOTICE of Appearance by George Meany Lutz on behalf of ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL (Lutz, George) (Entered: 01/31/2023) |
| 01/31/2023 | 11 | MOTION for Pro Hac Vice *for David Augustus*, MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number APAEDC-16468992.) filed by SCOTT BEEN.Certificate of Service. (KOVALSKY, KANDIS) (Entered: 01/31/2023) |
| 01/31/2023 | 12 | MOTION for Pro Hac Vice *for Raymond Panneton*, MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number APAEDC-16469038.) filed by SCOTT BEEN.Certificate of Service. (KOVALSKY, KANDIS) (Entered: 01/31/2023) |
| 01/31/2023 | 13 | ORDER THAT THE APPLICATION OF DAVID AUGUSTUS, ESQ. TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(B) IS GRANTED. SIGNED BY HONORABLE JOSEPH F. LEESON, JR ON 1/31/23.1/31/23 ENTERED AND COPIES E-MAILED.(er) (Entered: 01/31/2023) |
| 01/31/2023 | 14 | ORDER THAT THE APPLICATION OF RAYMOND L. PANNETON, ESQ. TO PRACTICE IN THIS COURT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(B) IS GRANTED. SIGNED BY HONORABLE JOSEPH F. LEESON, JR ON 1/31/23.1/31/23 ENTERED AND COPIES E-MAILED.(er) (Entered: 01/31/2023) |
| 02/01/2023 | 15 | MOTION for Pro Hac Vice *for Simon Hendershot, III*, MOTION for Pro Hac Vice ( Filing fee $ 40 receipt number APAEDC-16473322.) filed by SCOTT BEEN.Certificate of Service. (KOVALSKY, KANDIS) (Entered: 02/01/2023) |
| 02/02/2023 | 16 | ORDER OF 2/2/23 THAT THE APPLICATION OF SIMON HENDERSHOT, III, ESQUIRE TO PRACTICE IN THIS COURT PURSUANT TO LRCP 83.5.2(b) IS GRANTED. SIGNED BY JUDGE: JOSEPH F. LEESON JR ON 2/2/23. 2/2/23 ENTERED AND COPIES E-MAILED. (DT) (Entered: 02/02/2023) |
| 02/05/2023 | 17 | Disclosure Statement Form pursuant to FRCP 7.1 by ACTIVE WORLD HOLDINGS, INC..(Lutz, George) (Entered: 02/05/2023) |
| 02/17/2023 | 18 | ANSWER to Complaint together with and Counterclaim , COUNTERCLAIM against SCOTT BEEN by ALFONSO KNOLL, ACTIVE WORLD HOLDINGS, INC..(Lutz, George) (Entered: 02/17/2023) |

| 02/22/2023 | 19 | ORDER THAT THE ABOVE CAPTIONED IS REASSIGNED FROM THE CALENDAR OF THE HONORABLE JOSEPH F. LEESON, JR., TO THE HONORABLE KAI N. SCOTT FOR FURTHER PROCEEDINGS. SIGNED BY GEORGE V WYLESOL, CLERK OF COURT ON 2/21/23. 2/22/23 ENTERED AND COPIES E-MAILED.(mas) (Entered: 02/22/2023) |
|---|---|---|
| 03/01/2023 | 20 | ORDER THAT AN INITIAL PRETRIAL CONFERENCE PURSUANT TO FED. R. CIV. P. 16 SHALL BE HELD ON MARCH 21, 2023, AT 1:30PM, IN CHAMBERS, ROOM 5614, UNITED STATES COURTHOUSE, 601 MARKET STREET, PHILADELPHIA, PENNSYLVANIA. IT IS FURTHER ORDERED AS FOLLOWS: THE PARTIES SHALL MAKE THE REQUIRED INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(A) AT LEAST ONE DAY PRIOR TO THE INITIAL PRETRIAL CONFERENCE. COUNSEL SHALL COMPLETE AND ELECTRONICALLY FILE THE REQUIRED REPORT OF RULE 26(F) MEETING INCORPORATING ALL THE INFORMATION DESCRIBED IN THE ATTACHED FORM REPORT SEVEN (7) DAYS BEFORE RULE 16 MEETING. THE REPORT IS ALSO AVAILABLE AS AN EDITABLE WORD DOCUMENT ON JUDGE SCOTTS JUDGE INFO PAGE. ETC. SIGNED BY HONORABLE KAI N. SCOTT ON 3/1/23. (Attachments: # 1 Rule 26 F Form) 3/1/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 03/01/2023) |
| 03/02/2023 | 21 | *Scott Been's* ANSWER to 18 Answer to Complaint, Counterclaim by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 03/02/2023) |
| 03/14/2023 | 22 | Report Of *Rule 26(f) Meeting (Joint Report)* by SCOTT BEEN. (KOVALSKY, KANDIS) (Entered: 03/14/2023) |
| 03/22/2023 | 23 | Minute Entry for proceedings held before HONORABLE KAI N. SCOTT. Rule 16 Pretrial Conference held on 3/21/2023 (va) (Entered: 03/22/2023) |
| 03/22/2023 | 24 | ORDER REFERRRING CASE TO MAGISTRATE JUDGE ELIZABETH T. HEY FOR SETTLEMENT. SIGNED BY HONORABLE KAI N. SCOTT ON 3/21/23. 3/22/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 03/22/2023) |
| 03/23/2023 | 25 | SCHEDULING ORDER: FINAL PRETRIAL CONFERENCE SET FOR 1/16/2024 AT 11:00 AM IN CHAMBERS. DISCOVERY DUE BY 7/14/2023. MOTIONS DUE BY 11/3/2023. MOTION IN LIMINE DUE BY 1/9/2024. MOTION FOR SUMMARY JUDGMENT DUE BY 11/3/2023. PLAINTIFF PRETRIAL MEMO DUE BY 1/9/2024. DEFENDANT PRETRIAL MEMO DUE BY 1/9/2024. TRIAL POOL SET FOR 1/23/2024. ETC. SIGNED BY HONORABLE KAI N. SCOTT ON 3/23/23. 3/23/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 03/23/2023) |
| 03/24/2023 | 26 | NOTICE FROM CHAMBERS OF JUDGE HEY RE: This matter having been referred to Judge Hey for the purposes of conducting settlement proceedings,the following procedures shall apply (see Judge Heys policies and procedures):http://www.paed.uscourts.gov/judges-info/magistrate-judges/elizabeth-t-hey. ETC.(sg) (Entered: 03/27/2023) |
| 04/14/2023 | 27 | ORDER THAT A SETTLEMENT CONFERENCE WILL BE HELD ON 6/13/23 AT 1:30 P.M. BY VIDEO CONFERENCE; ETC.. SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 4/14/23. 4/14/23 ENTERED AND E-MAILED.(JL) Modified on 6/7/2023 (bw). *VACATED PER ORDER No. 35 (Entered: 04/14/2023) |
| 05/16/2023 | 28 | First MOTION to Compel *Production* filed by SCOTT BEEN.Memorandum. (Attachments: # 1 Memorandum)(HENDERSHOT, SIMON) (Entered: 05/16/2023) |
| 05/16/2023 | 29 | Proposed Pretrial Order *on Plaintiff Scott Been's Motion to Compel Production* by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 05/16/2023) |
| 05/17/2023 | 30 | NOTICE of Hearing: STATUS CONFERENCE SET FOR 5/18/2023 AT 01:30 PM VIA TELEPHONE BEFORE HONORABLE KAI N. SCOTT. (Attachments: # 1 Form)(va) (Entered: 05/17/2023) |
| 05/23/2023 | 31 | Minute Entry for proceedings held before HONORABLE KAI N. SCOTT. Re: A Status Conference was held on 5/18/23. (fdc) (Entered: 05/23/2023) |

| 05/24/2023 | 32 | NOTICE of Hearing on Motion 28 First MOTION to Compel *Production* : MOTION HEARING SET FOR 6/13/2023 11:00 AM IN Courtroom 4A BEFORE HONORABLE KAI N. SCOTT.(sfl) (Entered: 05/24/2023) |
|---|---|---|
| 06/02/2023 | 33 | NOTICE of Withdrawal of Appearance by Lauren Goodfellow on behalf of SCOTT BEEN (Attachments: # 1 Certificate of Service)(Goodfellow, Lauren) (Entered: 06/02/2023) |
| 06/02/2023 | 34 | NOTICE of Appearance by Jeffrey J Rizzo, Jr on behalf of SCOTT BEEN with Certificate of Service (Attachments: # 1 Certificate of Service)(Rizzo, Jeffrey) (Entered: 06/02/2023) |
| 06/07/2023 | 35 | ORDER THAT ALL PARTIES WISH TO CANCEL THE SETTLEMENT CONFERENCE, THE ORDER SCHEDULING IT IS VACATED 27 . SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 6/7/23. 6/7/23 ENTERED AND COPIES E-MAILED.(bw) (Entered: 06/07/2023) |
| 06/08/2023 | 36 | Statement *in Support of Motion to Compel* by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 06/08/2023) |
| 06/12/2023 | 37 | AMENDED DOCUMENT by SCOTT BEEN. Amendment to 36 Statement *in Support of Motion to Compel*. (Attachments: # 1 Text of Proposed Order)(HENDERSHOT, SIMON) (Entered: 06/12/2023) |
| 06/13/2023 | 38 | Minute Entry for proceedings held before HONORABLE KAI N. SCOTT Motion Hearing held on 6/13/23 Court Reporter: ESR. (jaa, ) (Entered: 06/13/2023) |
| 06/15/2023 | 39 | Proposed Pretrial Order *on Plaintiff Scott Been's Motion to Compel Production* by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 06/15/2023) |
| 06/15/2023 | 40 | TRANSCRIPT of Oral Argument on Motion to Compel held on 6/13/23, before Judge Kai N. Scott. Court Reporter/Transcriber: Jessica B. Cahill, CER/CET-708, Maukele Transcribers, LLC. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Redaction Request due 7/6/2023. Redacted Transcript Deadline set for 7/17/2023. Release of Transcript Restriction set for 9/13/2023. (fdc) (Entered: 06/15/2023) |
| 06/15/2023 | 41 | Notice of Filing of Official Transcript with Certificate of Service re 40 Transcript - PDF,, 6/15/23 Entered & E-mailed. (fdc) (Entered: 06/15/2023) |
| 06/16/2023 | 42 | ORDER GRANTING IN PART 28 MOTION TO COMPEL PRODUCTION. WITHIN FOURTEEN (14) DAYS OF THE DATE OF THE ENTRY OF THIS ORDER, DEFENDANTS ACTIVE WORLD HOLDINGS, INC. D/B/A ACTIVE WORLD CLUB AND ALFONSO KNOLL (DEFENDANTS) SHALL, WITH RESPECT TO REQUEST FOR PRODUCTION (RFP) NOS. 4, 5, 18, 19, 20, 28, 29, 34, 46, 63, AND 64, PRODUCE DOCUMENTS RESPONSIVE TO EACH OF THESE RFPS, OR STATE THAT AFTER REASONABLE DILIGENCE NO DOCUMENTS EXIST THAT ARE RESPONSIVE TO THE PARTICULAR RFP. DEFENDANTS AGREE TO WITHDRAW ALL OBJECTIONS TO THE PRODUCTION OF DOCUMENTS WITH RESPECT TO THESE RFPS. WITHIN FOURTEEN (14) DAYS OF THE DATE OF THE ENTRY OF THIS ORDER, DEFENDANTS SHALL, WITH RESPECT TO RFP NOS. 13, 23, 24, 25, 26, 36, AND 38, PRODUCE DOCUMENTS RESPONSIVE TO EACH OF THESE RFPS WITH THE INVESTOR(S) OR PAYEE(S) NAMES ONLY REDACTED, EXCEPT THAT SCOTT BEENS NAME OR ALFONSO KNOLLS NAME (AND THE NAMES OF ENTITIES THAT ARE AFFILIATED WITH OR CONTROLLED BY ALFONSO KNOLL) SHALL NOT BE REDACTED, OR STATE THAT AFTER REASONABLE DILIGENCE NO DOCUMENTS EXIST THAT ARE RESPONSIVE TO THE PARTICULAR RFP. DEFENDANTS AGREE TO WITHDRAW ALL OBJECTIONS TO THE PRODUCTION OF DOCUMENTS WITH RESPECT TO THESE RFPS, EXCEPT WITH RESPECT TO THE IDENTITIES OF THE PEOPLE REDACTED. ETC. SIGNED BY HONORABLE KAI N. SCOTT ON 6/16/23. 6/16/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 06/16/2023) |

| 07/13/2023 | [43](#) | Joint MOTION for Discovery filed by SCOTT BEEN.Agreed Motion Regarding Fact Discovery. (HENDERSHOT, SIMON) (Entered: 07/13/2023) |
| --- | --- | --- |
| 07/18/2023 | [44](#) | ORDER GRANTING [43](#) MOTION REGARDING DISCOVERY. THE [25](#) SCHEDULING ORDER IS AMENDED FOR THE DEPOSITIONS OF ACTIVE WORLD HOLDINGS, INC AND ALFONSO KNOLL SHALL TAKE PLACE NO LATER THAN 8/15/23. SIGNED BY HONORABLE KAI N. SCOTT ON 7/17/23. 7/18/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 07/18/2023) |
| 08/01/2023 | [45](#) | Emergency MOTION for Protective Order *and for an Order Enjoining the Plaintiff from Threatening and Endangering the Defendants)* filed by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL.Certificate of Service.(Lutz, George) (Entered: 08/01/2023) |
| 08/01/2023 | [46](#) | RESPONSE to Motion re [45](#) Emergency MOTION for Protective Order *and for an Order Enjoining the Plaintiff from Threatening and Endangering the Defendants)* filed by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 08/01/2023) |
| 08/01/2023 | [47](#) | NOTICE of Hearing: STATUS CONFERENCE SET FOR 8/1/2023 03:30 PM IN Telephone Conference BEFORE HONORABLE KAI N. SCOTT.(sg) (Entered: 08/01/2023) |
| 08/01/2023 | [48](#) | NOTICE of Withdrawal of Motion re Emergency Motion for Protective Order and for an Order Enjoining the Plaintiff from Threatening and Endangering the Defendants filed by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL.(Lutz, George) Modified on 8/9/2023 (md). (Entered: 08/01/2023) |
| 08/09/2023 | [49](#) | MOTION for Partial Summary Judgment filed by SCOTT BEEN.Memorandum. (Attachments: # [1](#) Memorandum Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment on the Settlement Agreement)(HENDERSHOT, SIMON) (Entered: 08/09/2023) |
| 08/09/2023 | [50](#) | STIPULATION re [49](#) MOTION for Partial Summary Judgment *on the Settlement Agreement* by SCOTT BEEN. (Attachments: # [1](#) Appendix)(HENDERSHOT, SIMON) (Entered: 08/09/2023) |
| 08/09/2023 | [51](#) | Minute Entry for proceedings held before HONORABLE KAI N. SCOTT. Status Conference via telephone held on 8/01/2023. (va) (Entered: 08/09/2023) |
| 08/10/2023 | [52](#) | NOTICE of Withdrawal of Appearance by Jeffrey J Rizzo, Jr on behalf of All Plaintiffs (Attachments: # [1](#) Certificate of Service)(Rizzo, Jeffrey) (Entered: 08/10/2023) |
| 08/10/2023 | [53](#) | NOTICE of Appearance by JUSTIN J. SERIANNI on behalf of SCOTT BEEN with Certificate of Service (Attachments: # [1](#) Certificate of Service)(SERIANNI, JUSTIN) (Entered: 08/10/2023) |
| 09/10/2023 | [54](#) | RESPONSE to Motion re [49](#) MOTION for Partial Summary Judgment *on the Settlement Agreement* filed by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL. (Attachments: # [1](#) Memorandum Memorandum of Law)(Lutz, George) (Entered: 09/10/2023) |
| 09/11/2023 | [55](#) | Proposed Pretrial Order *Proposed Order re: Defendants' Response to Plaintiff's Motion for Partial Summary Judgment on the Settlement Agreement* by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL. (Lutz, George) (Entered: 09/11/2023) |
| 09/11/2023 | [56](#) | REQUEST for Hearing re [49](#) MOTION for Partial Summary Judgment, [54](#) Response to Motion filed by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL.(Lutz, George) Modified on 9/12/2023 (md). (Entered: 09/11/2023) |
| 09/11/2023 | [57](#) | CERTIFICATE OF SERVICE by ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL re [54](#) Response to Motion, [56](#) MOTION for Hearing re [49](#) MOTION for Partial Summary Judgment , [54](#) Response to Motion , [55](#) Proposed Pretrial Order (Lutz, George) (Entered: 09/11/2023) |
| 09/11/2023 | [58](#) | RESPONSE in Support re [49](#) MOTION for Partial Summary Judgment filed by SCOTT BEEN. (HENDERSHOT, SIMON) (Entered: 09/11/2023) |
| 09/14/2023 | [59](#) | ORDER THAT A SETTLEMENT CONFERENCE IS SET FOR 10/2/2023 AT 09:30 BY VIDEO. SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 9/13/23. 9/14/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 09/14/2023) |

| 10/03/2023 | [60](#) | Minute Entry for proceedings held before MAGISTRATE JUDGE ELIZABETH T. HEY. Settlement Video Conference Not on the Record held on 10/02/2023. (va) (Entered: 10/03/2023) |
| 10/03/2023 | [61](#) | ORDER THAT A STATUS AND SCHEDULING CONFERENCE SET FOR 10/16/2023 AT 04:30 PM BY TELEPHONE. SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 10/3/23. 10/3/23 ENTERED AND COPIES E-MAILED.(va) Modified on 10/4/2023 (va). (Entered: 10/03/2023) |
| 10/03/2023 | | Set/Reset Hearings: STATUS AND SCHEDULING CONFERENCE SET FOR 10/16/2023 AT 04:30 AM BY TELEPHONE BEFORE HONORABLE KAI N. SCOTT. (va) (Entered: 10/04/2023) |
| 10/17/2023 | [62](#) | Minute Entry for proceedings held before MAGISTRATE JUDGE ELIZABETH T. HEY. Settlement Status Telephone Conference Not on the Record held on 10/17/23. (va) (Entered: 10/17/2023) |
| 10/17/2023 | [63](#) | ORDER THAT A TELEPHONIC STATUS AND SCHEDULING CONFERENCE IS SCHEDULED BEFORE THE UNDERSIGNED ON FRIDAY, NOVEMBER 3, 2023, AT 9:00 A.M., ETC. SIGNED BY MAGISTRATE JUDGE ELIZABETH T. HEY ON 10/2/23. 10/17/23 ENTERED AND COPIES E-MAILED.(va) (Entered: 10/17/2023) |
| 11/03/2023 | [64](#) | Agreed Proposed Order re Dismissal filed by SCOTT BEEN.(HENDERSHOT, SIMON) Modified on 11/6/2023 (md). (Entered: 11/03/2023) |
| 11/03/2023 | | NOTICE of Hearing: TELEPHONE CONFERENCE SET FOR 11/3/2023 09:00 AM IN Telephone Conference BEFORE MAGISTRATE JUDGE ELIZABETH T. HEY.(llk) (Entered: 11/03/2023) |
| 11/03/2023 | [65](#) | Minute Entry for proceedings held before MAGISTRATE JUDGE ELIZABETH T. HEY. Settlement Status Telephone Conference Not on the Record held on 11/3/23. (va) (Entered: 11/03/2023) |
| 11/07/2023 | [66](#) | STIPULATION ORDER DISMISSING CASE. SIGNED BY HONORABLE KAI N. SCOTT ON 11/7/23. 11/7/23 ENTERED AND COPIES E-MAILED. (va) (Entered: 11/07/2023) |
| 01/16/2024 | [67](#) | MOTION to Enforce *Settlement Agreement by Entry of Agreed Judgment* filed by SCOTT BEEN.. (Attachments: # [1](#) Text of Proposed Order)(HENDERSHOT, SIMON) (Entered: 01/16/2024) |
| 02/07/2024 | [68](#) | JUDGMENT in favor of SCOTT BEEN against ACTIVE WORLD HOLDINGS, INC., ALFONSO KNOLL IN THE AMOUNT OF $921,925.00. SIGNED BY HONORABLE KAI N. SCOTT ON 2/7/2024. 2/7/2024 ENTERED AND COPIES E-MAILED.(va) (Entered: 02/07/2024) |
| 02/08/2024 | [69](#) | NOTICE of Appearance by Andrew Roman Perrong on behalf of WFD Capital LLC (Perrong, Andrew) (Entered: 02/08/2024) |
| 02/08/2024 | [70](#) | NOTICE by WFD Capital LLC re [68](#) Judgment *NOTICE OF ASSIGNMENT OF JUDGMENT* (Perrong, Andrew) (Entered: 02/08/2024) |
| 02/08/2024 | [71](#) | Statement *Corporate Disclosure Statement* by WFD Capital LLC. (Perrong, Andrew) (Entered: 02/08/2024) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/28/2024 11:05:32 | | |
| **PACER Login:** | giochamp | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:23-cv-00292-KNS |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

https://ecf.paed.uscourts.gov/cgi-bin/DktRpt.pl?174209430434706-L_1_0-1                                    8/8

# EXHIBIT "B"

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT BEEN, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | |
| ACTIVE WORLD HOLDINGS, INC. | § | JURY TRIAL DEMANDED |
| D/B/A ACTIVE WORLD CLUB AND | § | |
| ALFONSO KNOLL | § | |
| | § | |
| **Defendants.** | § | |

## COMPLAINT

Plaintiff Scott Been ("Been"), through his undersigned counsel, hereby files this Complaint against the above-referenced Defendants, and in support thereof, states as follows.

### I.  INTRODUCTION

1.     This is an action for fraud and fraud in the inducement on the part of Alfonso Knoll ("Knoll") and Active World Holdings, Inc. d/b/a Active World Club ("AWC"). As described herein, Knoll and AWC set out on an intentional course of fraudulent conduct to obtain property from Been by the use of false pretenses, false representations, and fraud. Knoll and AWC induced Been to execute a Token Purchase Agreement based on false pretenses and false representations. AWC then breached material terms of the Promissory Note ("Note") made by AWC in favor of Been on or about February 1, 2022 in the principal amount of $1,371,260.00 in connection with the Token Purchase Agreement. Knoll, the principal of AWC, negotiated on behalf of AWC and it is his representations made to Been that induced Been to depart with his property.

2.     Been files this suit for fraud based on Knoll's and AWC's false and misleading statements regarding AWC's financial health and their business in general.  Knoll and AWC made specific "representations and warranties" about AWC's financial position that Been relied upon in entering the Note. Contrary to what Knoll and AWC represent regarding AWC, AWC operates similar to a Ponzi scheme, injuring Been and countless others.

3.     When AWC breached the Note, Been responded by demanding payment. Upon further negotiations, involving legal counsel on both sides, AWC, Knoll, and Been entered into a Settlement Agreement whereby AWC and Knoll had certain payment obligations. When payment came due, AWC and Knoll defaulted on the payment. Been sues alternatively under the Settlement Agreement for the amount he is owed thereunder.

4.     Been files suit for fraudulent inducement because AWC and Knoll never intended to pay Been under the Settlement Agreement. Been would not have entered the Settlement Agreement if he had known AWC's and Knoll's true intentions not to pay the sums when they came due.

## II.     PARTIES

5.     Plaintiff Scott Been is an adult individual residing in the State of Texas.

6.     Defendant Active World Holdings, Inc. d/b/a Active World Club is a Pennsylvania business corporation with its principal address at 124 Huntzinger Road, Wernersville, Pennsylvania 19565.

7.     Defendant Alfonso Knoll is an individual resident of the Commonwealth of Pennsylvania residing at 124 Huntzinger Road, Wernersville, Pennsylvania 19565.

### III.    JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is a resident of the State of Texas and Defendants are residents of the Commonwealth of Pennsylvania.

9.     Venue is proper in this District because the parties consented to jurisdiction and venue in this Court pursuant to Section 9 of the Note and Section 18 of the Settlement Agreement. Additionally, venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants are residents of the Commonwealth of Pennsylvania and reside in this District.

### IV.    FACTS COMMON TO ALL COUNTS

10.     On or about February 1, 2022, AWC entered into a Note with Been for payments made to Been in exchange for certain cryptocurrency. The Note was made in conjunction with a Token Purchase Agreement. In relevant part, AWC agreed to pay Been monthly payments of $30,000.00, beginning on March 1, 2022, until the principal sum of $1,371,260.00 was paid in full. Knoll and AWC made specific, false representations in the Token Purchase Agreement regarding AWC's ability to make payments under the Note. Specifically, they represented and warranted that AWC had "sufficient cash on hand or other sources of immediately available funds to enable it to make payment" of $1,371,260.00. This statement proved to be untrue. Knoll and AWC knew that these statements were false but made them with the intent Been would rely on them and enter into the Token Purchase Agreement and accept the Note.

11.     After execution of the Note, AWC made the required regular monthly payments until September 1, 2022. Indeed, the last payment received by Been was the payment due in August 2022.

12. Pursuant to the default provisions found in Paragraph 5 of the Note, Been, through counsel, notified AWC of the breach and declared the entire outstanding principal balance of the Note due — $1,161,260.00. In addition to the outstanding principal amount due under the Note, Been made further demand for his then-existing out-of-pocket expenses in enforcement of the Note — $7,500.00. This demand was sent to AWC and Knoll on October 20, 2022.

13. Pursuant to the Note, AWC had five days to cure the defaults noted in Been's October 20, 2022 correspondence; however, AWC and Knoll failed to respond. As such, AWC remained in default under the Note.

14. Before AWC defaulted on paying the Note, AWC and Knoll enticed Been to use one of the monthly payments on the Note, in the amount of $30,000.00, to buy a Progressive X token. The Progressive X token was "built and ready to launch" according to Knoll. They even started promoting it on Twitter.

15. However, nothing had been done to build out the Progressive X token. No utility has been built and no token logo has been selected. AWC and Knoll have simply taken Been's money with the promise of delivering a Progressive X token. They have not delivered the token. In his demand letter to AWC and Knoll, Been demanded the return of this amount too.

16. AWC and Knoll further caused damage to Been with respect to the payout on the Captains NFT with AWC. Been invested $150,000.00 and has received back $47,250.00. Been has been further damaged in the amount of the remaining $103,250.00 and demanded repayment of this amount in his demand to AWC and Knoll as well.

17. Been had purchased other cryptocurrencies from AWC based on Knoll's false and deceptive statements. For example, the Millionaire NFT. Been paid $10,000.00 for one Millionaire NFT and has been promised $1,000,000.00 after the designated holding period ends. At this point,

Been has no hope for this Millionaire NFT. Been was to receive three times (3x) on the paired

token drops as well. This is more of Knoll using AWC to lie to investors and defraud them out of

money by telling them that AWC "is on a mission to help 1000 new members become millionaires,

over the next year!"

18.     On the eve of preparing to file suit against AWC and Knoll on the Note, AWC and

Knoll engaged counsel in hopes of avoiding a lawsuit and discovery.  The parties negotiated, Been

in good faith, and put into the Settlement Agreement the deal they had reached. AWC and Knoll,

jointly and severally, are responsible under the Settlement Agreement for paying Been

$1,023,250.00. The payments were to be payable pursuant to a schedule. However, if AWC sold

its cryptocurrency exchange before any default occurred, the entire amount would become due and

payable at the closing of the sale.

19.     A sale of the cryptocurrency exchange is exactly what happened. The Settlement

Agreement was executed by the parties on December 15, 2022. Then, on December 20, 2022,

AWC sold the cryptocurrency exchange. Knoll admitted in a recording released December 28,

2022 on Twitter entitled "AWC's 1st full year, crypto industry outlook, & plans for 2023 &

beyond" that the sale of the AWC cryptocurrency exchange had already occurred.  Consistent with

this admission, the financial statements released by Net Savings Link, Inc. ("NSL") admits that it

purchased AWC's cryptocurrency exchange with a promissory note for $2.5 million.  The full

amount owed on the Settlement Agreement of $1,023,250.00 is, thus, due and payable to Been.

No grace periods apply, and no notice of default was required.

20.     Because of Been's experience with AWC and Knoll, he wanted to examine the

contracts for the sale of the cryptocurrency exchange. Under Section 21 of the Settlement

Agreement, Been requested the production of the contract for the sale of AWC's cryptocurrency

exchange and any accompanying documents that relate to the sale by AWC or the closing of the transaction of the cryptocurrency exchange. AWC and Knoll have failed to provide these documents. AWC's and Knoll's obligation to do so is clear, and they are in default under the Settlement Agreement for failing to turn over the requested documents.

21.     Instead of complying with the Settlement Agreement, AWC and Knoll tried to change the topic. The Settlement Agreement envisions Been turning over all his AWC cryptocurrency back to AWC and Knoll upon the full performance by them of the payments of the Settlement Agreement.  It is important to note that Been doing this, however, is not governed by a specific time.  In any event, in response to Been's demand for payment, AWC and Knoll attempt to say that Been himself is not in compliance with the Settlement Agreement. They further state that Been has eleven (11) wallets and that he has been trading within these wallets during the term of the Settlement Agreement.  These statements by AWC and Knoll are false and are evidence that they never intended to pay under the terms of the Settlement Agreement.  It was yet another lie.

22.     Been has not created 11 wallets and has not traded within them. If AWC and Knoll can produce evidence of the existence 11 wallets, then they should also produce evidence of when they were created, how much Ethereum were the wallets funded with, show the emails requesting the wallets, and show the IP address(es) of the computer(s) creating the wallets. AWC and Knoll ran the cryptocurrency exchange and could set up wallets as needed using Been's driver's license and social security number.

23.     Knoll operates AWC as something similar to a Ponzi scheme.  He lies about AWC's financial wherewithal in hopes of getting more cash in before his promises to pay people back come due.  And then he does it all over again. Been has been damaged by this scheme and the Settlement Amount is now due and payable.

## V.     CAUSES OF ACTION AGAINST KNOLL AND AWC

### Count 1 – Fraud

24.     Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

25.     Fundamentally, Knoll and AWC lied to Been about the financial wherewithal of AWC. Knoll and AWC had AWC enter into contracts with Been with the agreement of making future payments to Been. On the original Note, Knoll and AWC specifically promised that AWC currently had the money to make the payments. On the Settlement Agreement, Knoll and AWC again promised AWC could make the payments. Upon information and belief, AWC is not able to make the payments and Knoll and AWC fraudulently promised something that AWC could not pay for. When the payments came due, Knoll and AWC would look to make yet another agreement, pushing the payment down the line into the future. In this way, Knoll and AWC are engaged in something similar to a Ponzi scheme, defrauding not only Been, but other individuals and companies too.

26.     At the time Knoll and AWC made these false representations to Been, Knoll and AWC knew them to be false. Indeed, Knoll and AWC made these false representations to Been solely to defraud Been and lure Been into entering into the transactions.

27.     Been reasonably relied upon Knoll's and AWC's misrepresentations in agreeing to enter into the transactions involved.

28.     Had Been known that Knoll's and AWC's representations were false and fraudulent, Been would have never agreed to enter into the transactions, nor would Been have agreed to transfer money to AWC.

29.     As a result of Knoll's and AWC's knowingly false and fraudulent misrepresentations and Been's reliance upon the same, Been suffered damage.

## Count 2 – Fraud in the Inducement

30.     Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

31.     As alleged herein, to induce Been to enter into the Settlement Agreement, Knoll and AWC lied and misrepresented to Been their intentions to pay under the terms of the Settlement Agreement.  In truth, Knoll and Been never intended to pay under the Settlement Agreement.

32.     At the time Knoll and AWC made these false representations to Been, Knoll and AWC knew them to be false.  Indeed, Knoll and AWC made these false representations to Been solely to defraud Been and lure Been into entering into the Settlement Agreement.

33.     Been reasonably relied upon Knoll's and AWC's misrepresentations in agreeing to enter into the Settlement Agreement and agreeing to transfer cryptocurrency to AWC.

34.     Had Been known that Knoll's and AWC's representations were false and fraudulent, Been would have never agreed to enter into the Settlement Agreement, nor would Been have agreed to transfer the cryptocurrency to AWC.

35.     As a result of Knoll's and AWC's knowingly false and fraudulent misrepresentations and Been's reliance upon same, Been suffered damaged.

## Count 3 – Breach of Contract

36.     Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

37.     Been, on the one hand, and Knoll and AWC, on the other, entered into the Settlement Agreement.  Knoll and AWC defaulted on the terms of the Settlement Agreement

because they failed to make a payment when it was due and they failed to produce documents that were reasonably requested.

38.     Been has been damaged by Knoll's and AWC's actions and he seeks to recover damages.

### Count 4 – Joint and Several Liability

39.     Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

40.     Given the conduct of Knoll and AWC, as described herein, Knoll and AWC should be held joint and severally liable for the damages sustained by Been.

### Count 5 – Costs, Expenses, and Attorney's Fees

41.     Been repeats and re-alleges each of the foregoing allegations as though fully set forth herein.

42.     Section 11 of the Settlement Agreement states that any breach of the Settlement Agreement entitles the prevailing party to attorneys' fees and costs.  Therefore, Been is entitled thereunder to his attorneys' fees and costs.

43.     By reason of the foregoing, as well as Pennsylvania law, Been is entitled to reimbursement from Knoll and AWC for all costs, expenses, and attorney's fees incurred by Been in commencing and prosecuting this action, in an amount to be determined at trial.

### VI.     PRAYER

**WHEREFORE**, Scott Been prays for the following:

A.  An award of damages;

B.  An order confirming Knoll and AWC are jointly and severally liable for Been's damages;

C.  An award of attorney's fees in an amount to be decided at trial;

D.  An award of interest and costs; and,

E.  Such further relief as this Court may deem just and equitable.

## <u>JURY TRIAL DEMAND</u>

Plaintiff respectfully demands a trial by jury on all claims and issues of the Complaint so triable.

Respectfully submitted,

**KANG HAGGERTY LLC**

By:    _/s/ Kandis L. Kovalsky_____
Kandis L. Kovalsky
Lauren C. Goodfellow
123 S. Broad Street, Suite 1670
Philadelphia, PA 19109
P: (215) 525-5850
kkovalsky@kanghaggerty.com
lgoodfellow@kanghaggerty.com

**HENDERSHOT COWART, PC**

Simon W. Hendershot, III (*pro hac vice* to be filed)
David L. Augustus (*pro hac vice* to be filed)
Raymond L. Panneton (*pro hac vice* to be filed)
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:    (713) 783-3110
trey@hchlawyers.com
daugustus@hchlawyers.com
rpanneton@hchlawyers.com

**ATTORNEYS FOR PLAINTIFF SCOTT BEEN**

Dated: January 24, 2023

10

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SCOTT BEEN,** | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **CIVIL ACTION** |
| | : | **NO. 23-0292** |
| **ACTIVE WORLD HOLDINGS, INC. and** | : | |
| **ALFONSO KNOLL,** | : | |
| *Defendants.* | : | |

### ORDER

**AND NOW,** this **7th** day of **February, 2024**, upon consideration of Plaintiff Scott Been's

Unopposed Motion to Enforce Settlement Agreement By Entry of Agreed Judgment (ECF No.

67), it is hereby **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1.     The Agreed Judgment (attached to the motion at ECF No. 67-1) is **APPROVED**.

2.     **JUDGMENT** in the amount of $921,925.00 is **ENTERED** in favor of plaintiff

Scott Been and against defendants Active World Holdings, Inc. and Alfonso Knoll.

**BY THE COURT:**

_____

**HON. KAI N. SCOTT**
**United States District Court Judge**

# EXHIBIT "D"

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

Case# 2024-14008-27 Docketed at Montgomery County Prothonotary on 07/07/2024 10:10 PM, Fee = $21.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

WFD CAPITAL LLC

vs.

ACTIVE WORLD HOLDINGS INC

NO. 2024-14008

NOTICE IS GIVEN THAT THE ATTACHED DOCUMENT IN THE ABOVE CAPTIONED MATTER HAS BEEN ENTERED.

_____
PROTHONOTARY

IF YOU HAVE ANY QUESTIONS CONCERNING THE ABOVE, PLEASE CONTACT:

ORIGINAL SIGNATURE RETAINED BY THE FILING PARTY
Signature

ANDREW ROMAN PERRONG, ESQ.

Filing Party

333687

ID Number

PERRONG LAW LLC

Firm Name

2657 MT CARMEL AVE.

Address

GLENSIDE, PA 19038

215-225-5529

Phone

Case# 2024-14008-27 Docketed at Montgomery County Prothonotary on 07/07/2024 10:10 PM, Fee = $21.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,**

**PENNSYLVANIA**

**Civil Division - Law**

| | |
|---|---|
| WFD CAPITAL LLC | No. 2024-14008 |
| Plaintiff | |
| v. | |
| ACTIVE WORLD HOLDINGS, INC., d/b/a ACTIVE WORLD CLUB, & ALFONSO KNOLL | |
| Defendants | |
| NET SAVINGS LINK INC AND CHINA FOOD AND BEVERAGE COMPANY | |
| Garnishees | |

**PRAECIPE TO ENTER JUDGMENT AGAINST GARNISHEES,
NET SAVINGS LINK, INC. AND CHINA FOOD AND BEVERAGE COMPANY**

TO THE PROTHONOTARY:

The Garnishee NET SAVINGS LINK, INC. answered the Writ of Execution and Interrogatories stating that Garnishee owes Defendant Active World Holdings Inc. a $2,500.000 one year convertible secured promissory note bearing an interest rate of 8% per annum (see the attached Answers to Interrogatories in Attachment provided by the Garnishee).

The Garnishee CHINA FOOD AND BEVERAGE COMPANY answered the Writ of Execution and Interrogatories stating that Garnishee owes Defendant Active World Holdings Inc. a $1,000,000 one year convertible secured promissory note bearing an interest rate of 8% per annum (see the attached Answers to Interrogatories in Attachment provided by the Garnishee).

At this time, pursuant to PA Rules of Civil Procedure 3146(b) and 3148(a), please enter judgment in favor of Plaintiff WFD CAPITAL LLC, and against the Garnishees:

1

Case# 2024-14008-27 Docketed at Montgomery County Prothonotary on 07/07/2024 10:10 PM, Fee = $21.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

NET SAVINGS LINK, INC. in the amount of **$921,925.00** (the full judgment amount which does not exceed the amount which the Garnishee Net Savings Link, Inc. has admitted to owing to the Defendant Active World Holdings Inc.), as well as for the specific property rights of the Defendant Active World Holdings Inc. in the possession of the Garnishee, to wit: all of the Defendant's rights to convert its Promissory Note owed by Garnishee into equity in NET SAVINGS LINK, INC., to the extent necessary to satisfy the judgment, plus any applicable interest and costs, including any to be taxed at a later date.

CHINA FOOD AND BEVERAGE COMPANY in the amount of **$921,925.00** (the full judgment amount which does not exceed the amount which the Garnishee China Food and Beverage Company has admitted to owing to the Defendant Active World Holdings Inc.), as well as for the specific property rights of the Defendant Active World Holdings Inc. in the possession of the Garnishee, to wit: all of the Defendant's rights to convert its Promissory Note owed by Garnishee into equity in CHINA FOOD AND BEVERAGE COMPANY, to the extent necessary to satisfy the judgment, plus any applicable interest and costs, including any to be taxed at a later date.

**Respectfully submitted this 7th day of July, 2024:**

/s/ Andrew Roman Perrong
Andrew Roman Perrong, PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Phone: 215-225-5529
Facsimile: 888-329-0305
a@perronglaw.com

Attorney for Judgment Creditor,
WFD CAPITAL LLC



**IN THE COURT OF COMMON PLEAS OF**
**MONTGOMERY COUNTY, PENNSYLVANIA**
**Civil Division – Law**

| | |
|---|---|
| WFD CAPITAL LLC | |
| Plaintiff | |
| v. | Case No. 2024-14008 |
| ACTIVE WORLD HOLDINGS INC.<br>D/B/A ACTIVE WORLD CLUB<br>AND ALFONSO KNOLL | |
| Defendants | |



2024-14008-0025  7/5/2024 8:52 AM # 14482690
Rcpt#Z4798883 Fee:$0.00 Answer to Interrogatories By
Main (Public)
MontCo Prothonotary

## INTERROGATORIES TO GARNISHEE:

To: Net Savings Link, Inc.
c/o Registered Agents, Inc.
502 West 7th Street, Suite 100
Erie, PA 16502
(Garnishee)

You are required to file answers to the following interrogatories within twenty (20) days after service upon you. Failure to do so may result in in judgment against you:

1. At the time you were served or at any subsequent time did you owe the defendant(s) any money or were you liable to the defendant(s) on any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant(s) any money or were liable to the defendant(s) for any reason?

Yes, Garnishee confesses that it owes Defendant, Active World Holdings Inc., a two and one half million dollar ($2,500,000) one year, secured, convertible promissory note, bearing an interest rate of 8% per annum.

2. At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature owned solely or in part by the defendant(s)? No.

3. At the time you were served or at any subsequent time did you hold legal title to

1



any property of any nature owned solely or in part by the defendant(s) or in which the defendant(s) held or claimed any interest?
No.

4. At the time you were served or at any subsequent time did you hold as fiduciary any property in which the defendant(s) had an interest?
No.

5. At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore?
No.

6. At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant's direction or otherwise discharge any claim of the defendant(s) against you?
No.

7. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or Federal law? If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.
No.

8. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. § 8123? If so, identify each account.
No.

Dated: June 28, 2024 _____

_____
James Tilton

**IN THE COURT OF COMMON PLEAS OF**
**MONTGOMERY COUNTY, PENNSYLVANIA**
**Civil Division – Law**

WFD CAPITAL LLC

        Plaintiff

v.

ACTIVE WORLD HOLDINGS INC.
D/B/A ACTIVE WORLD CLUB
AND ALFONSO KNOLL

        Defendants

Case No. 2024-14008



2024-14008-0025  7/3/2024 8:52 AM  # 14482690
Rcpt#24798883  Fee:$0.00  Answer to Interrogatories By
Main (Public)
MontCo Prothonotary

## INTERROGATORIES TO GARNISHEE:

To: Net Savings Link, Inc.
c/o Registered Agents, Inc.
502 West 7th Street, Suite 100
Erie, PA 16502
(Garnishee)

You are required to file answers to the following interrogatories within twenty (20) days after service upon you. Failure to do so may result in in judgment against you:

1. At the time you were served or at any subsequent time did you owe the defendant(s) any money or were you liable to the defendant(s) on any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant(s) any money or were liable to the defendant(s) for any reason?

Yes, Garnishee confesses that it owes Defendant, Active World Holdings Inc., a two and one half million dollar ($2,500,000) one year, secured, convertible promissory note, bearing an interest rate of 8% per annum.

2. At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature owned solely or in part by the defendant(s)? No.

3. At the time you were served or at any subsequent time did you hold legal title to

1

Montgomery County Prothonotary on 07/07/2024 10:10 PM, Fee = $21.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



any property of any nature owned solely or in part by the defendant(s) or in which the defendant(s) held or claimed any interest?
No.

4. At the time you were served or at any subsequent time did you hold as fiduciary any property in which the defendant(s) had an interest?
No.

5. At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore?
No.

6. At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant's direction or otherwise discharge any claim of the defendant(s) against you?
No.

7. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or Federal law? If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.
No.

8. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. § 8123? If so, identify each account.
No.

Dated: June 28, 2024

_____

_James Tilton_____
James Tilton

2

IN THE COURT OF COMMON PLEAS OF
MONTGOMERY COUNTY, PENNSYLVANIA
Civil Division – Law

WFD CAPITAL LLC

       Plaintiff

v.

ACTIVE WORLD HOLDINGS INC.
D/B/A ACTIVE WORLD CLUB
AND ALFONSO KNOLL

       Defendants

Case No. 2024-14008



2024-14008-0026  7/5/2024 8:58 AM  # 14482691
Rcpt#Z4798896 Fee:$0.00 Answer to Interrogatories By
Main (Public)
MontCo Prothonotary

## INTERROGATORIES TO GARNISHEE:

To: China Food and Beverage Company
c/o Registered Agents, Inc.
502 West 7th Street, Suite 100
Erie, PA 16502
(Garnishee)

You are required to file answers to the following interrogatories within twenty (20) days after service upon you. Failure to do so may result in in judgment against you:

1. At the time you were served or at any subsequent time did you owe the defendant(s) any money or were you liable to the defendant(s) on any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant(s) any money or were liable to the defendant(s) for any reason?

Yes, Garnishee confesses that it owes Defendant Active World Holdings, Inc a one million U.S. dollar ($1,000,000.00) one year, secured, convertible promissory note, bearing an interest rate of 8% per annum.

2. At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature owned solely or in part by the defendant(s)? No.

3. At the time you were served or at any subsequent time did you hold legal title to

1

Montgomery County Prothonotary on 07/07/2024 10:10 PM, Fee = $21.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

any property of any nature owned solely or in part by the defendant(s) or in which the
defendant(s) held or claimed any interest?
No.

4. At the time you were served or at any subsequent time did you hold as fiduciary any property
in which the defendant(s) had an interest?
No.

5. At any time before or after you were served did the defendant(s) transfer or deliver any
property to you or to any person or place pursuant to your direction or
consent and if so, what was the consideration therefore?
No.

6. At any time after you were served did you pay, transfer or deliver any money or property to
the defendant(s) or to any person or place pursuant to the defendant's direction or otherwise
discharge any claim of the defendant(s) against you?
No.

7. If you are a bank or other financial institution, at the time you were served or at any
subsequent time did the defendant(s) have funds on deposit in an account in which funds are
deposited electronically on a recurring basis and which are identified as being funds that upon
deposit are exempt from execution, levy or attachment under Pennsylvania or Federal law? If so,
identify each account and state the amount of funds in each account, and the entity electronically
depositing those funds on a recurring basis.
No.

8. If you are a bank or other financial institution, at the time you were served or at any
subsequent time did the defendant(s) have funds on deposit in an account in which the funds on
deposit, not including any otherwise exempt funds, did not exceed the amount of the general
monetary exemption under 42 Pa.C.S. § 8123? If so, identify each account.
No.

Dated: June 29, 2024 _____

_Qames Tilton_ _____
James Tilton

Case# 2024-14008-27 Docketed at Montgomery County Prothonotary on 07/07/2024 10:10 PM, Fee = $21.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Received, Montgomery County Prothonotary on 07/07/2024 10:10 PM, Fee = $21.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF**
**MONTGOMERY COUNTY, PENNSYLVANIA**
**Civil Division – Law**

| | |
|---|---|
| WFD CAPITAL LLC | |
| Plaintiff | |
| v. | Case No. 2024-14008 |
| ACTIVE WORLD HOLDINGS INC. D/B/A ACTIVE WORLD CLUB AND ALFONSO KNOLL | |
| Defendants | |



2024-14008-0026  7/3/2024 8:58 AM # 14482691
Rcpt#Z4798896 Fee:$0.00 Answer to Interrogatories By
Main (Public)
MontCo Prothonotary

## INTERROGATORIES TO GARNISHEE:

To: China Food and Beverage Company
c/o Registered Agents, Inc.
502 West 7th Street, Suite 100
Erie, PA 16502
(Garnishee)

You are required to file answers to the following interrogatories within twenty (20) days after service upon you. Failure to do so may result in in judgment against you:

1. At the time you were served or at any subsequent time did you owe the defendant(s) any money or were you liable to the defendant(s) on any negotiable or other written instrument, or did the defendant(s) claim that you owed the defendant(s) any money or were liable to the defendant(s) for any reason?

Yes, Garnishee confesses that it owes Defendant Active World Holdings, Inc a one million U.S. dollar ($1,000,000.00) one year, secured, convertible promissory note, bearing an interest rate of 8% per annum.

2. At the time you were served or at any subsequent time was there in your possession, custody or control or in the joint possession, custody or control of yourself and one or more other persons any property of any nature owned solely or in part by the defendant(s)? No.
3. At the time you were served or at any subsequent time did you hold legal title to

1

Case# 2024-14008-27 Docketed at Montgomery County Prothonotary on 07/07/2024 10:10 PM, Fee = $21.75. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

any property of any nature owned solely or in part by the defendant(s) or in which the defendant(s) held or claimed any interest?
No.

4. At the time you were served or at any subsequent time did you hold as fiduciary any property in which the defendant(s) had an interest?
No.

5. At any time before or after you were served did the defendant(s) transfer or deliver any property to you or to any person or place pursuant to your direction or consent and if so, what was the consideration therefore?
No.

6. At any time after you were served did you pay, transfer or deliver any money or property to the defendant(s) or to any person or place pursuant to the defendant's direction or otherwise discharge any claim of the defendant(s) against you?
No.

7. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which funds are deposited electronically on a recurring basis and which are identified as being funds that upon deposit are exempt from execution, levy or attachment under Pennsylvania or Federal law? If so, identify each account and state the amount of funds in each account, and the entity electronically depositing those funds on a recurring basis.
No.

8. If you are a bank or other financial institution, at the time you were served or at any subsequent time did the defendant(s) have funds on deposit in an account in which the funds on deposit, not including any otherwise exempt funds, did not exceed the amount of the general monetary exemption under 42 Pa.C.S. § 8123? If so, identify each account.
No.

Dated: June 29, 2024

_James Tilton_
James Tilton

2