UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VIKRAM P. GROVER, d/b/a IX Advisors a/k/a IXA,<br><br>*Plaintiff,*<br><br>v.<br><br>NET SAVINGS LINK, INC., a Colorado corporation formerly organized as a Nevada corporation, WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., WILTON UK (GROUP) LIMITED, as registered in England and Wales, U.K., CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and JAMES A. TILTON,<br><br>*Defendants.* | Case No. 21-cv-5054<br><br>Judge Mary M. Rowland |

## RECEIVER'S APPLICATION FOR FEES AND EXPENSES

On September 27, 2024, in the above-captioned case, the Court appointed David A. Castleman as temporary receiver (the "Temporary Receiver") of Net Savings Link, Inc. ("NSAV") pursuant to a receivership order (the "Receivership Order") entered by the Court in this action on September 27, 2024. [226]. The Receivership Order states that the Temporary Receiver and personnel at his firm (Otterbourg P.C.) assisting him shall be entitled to reasonable compensation for the performance of their duties. Receivership Order ¶ 13; *see also SEC v. Equitybuild, Inc.*, No. 18 C 5587, 2022 WL 20853635, at *2 (N.D. Ill. Mar. 14, 2022) (discretion of district court to award fees and expenses to a federal equity receiver).

The Receivership Order also required the Temporary Receiver to file with the Court a written report (the "Initial Report") consisting of the actions he has taken with respect to NSAV, what assets he has discovered, any steps he may have taken to secure or protect such assets, and

recommendations for next steps. Receivership Order ¶ 9. On October 31, 2024, following a preliminary investigation, the Temporary Receiver filed his Initial Report, which was 24 pages long and reflected substantial analysis. [232]. The Initial Report concluded that there were not sufficient assets in NSAV to satisfy the judgment in the above-captioned case or to fund a receivership. On November 7, 2024, the Court directed the parties to file any objections to the Initial Report by November 25, 2024. [235].

The Temporary Receiver and his team have spent over 150 hours on this receivership, and have capped their rates at $900 per hour, a significant discount to the ordinary rates of the Temporary Receiver and his lead counsel. The Temporary Receiver has also cut a substantial amount of time from the October 2024 bill and all time after the date of the Initial Report. The total fees requested, as set forth in Exhibit 1, are $76,100 for 113.1 billable hours for which reimbursement is requested, plus $208 in expenses for filing fees under 28 U.S.C. § 754.

In light of the complexity of the Initial Report and the time spent on this receivership, the Temporary Receiver respectfully submits that the fees and expenses are reasonable and requests that they be approved for payment by NSAV. For the avoidance of doubt, the Temporary Receiver's request is limited to approval of the requested fees and expenses, and he is not asking for authority to cause NSAV to pay any fees and expenses while acting as Temporary Receiver.

Dated: New York, New York
November 20, 2024

Respectfully Submitted,

By: /s/ David A. Castleman
David A. Castleman
OTTERBOURG P.C.
230 Park Avenue
New York, New York 10169
Tel.: (212) 661-9100
dcastleman@otterbourg.com
*Temporary Receiver*

2