UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| **VIKRAM P. GROVER d/b/a** "IX ADVISORS" a/k/a "IXA," | : |
| **Plaintiff,** | : |
| v. | : |
| **NET SAVINGS LINK, INC.,** a Colorado corporation and formerly organized as a Nevada corporation, **WILTON GROUP, LIMITED,** as registered in the Isle of Man, U.K., **WILTON UK (GROUP), LIMITED,** as registered in England and Wales, U.K., **CHINA FOOD AND BEVERAGE CO.,** a Colorado corporation, and **JAMES A. TILTON,** | : Civil Action No. 1:21-CV-05054 Honorable Mary M. Rowland  **REQUEST FOR A HEARING** |
| **Defendants,** | : |
| v. | : |
| **PACIFIC STOCK TRANSFER CO.,** | : |
| **Nominee-Defendant.** | : |

===============================

**PLAINTIFF VIKRAM GROVER'S MOTION TO COMPEL TRANSFER
ALL NSAV AND CHIF SHARES HELD BY DEFENDANTS TO PLAINTIFF
AND FOR SUPPLEMENTAL RELIEF IN AID IN EXECUTION OF JUDGMENT**

The Plaintiff, Vikram P. Grover (hereinafter "Mr. Grover"), pursuant to Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Northern District of Illinois, respectfully moves this Honorable Court for an Order transferring all shares, whether common stock or preferred shares, in Treasury and/or as authorized and issued by Defendant Net Savings Link, Inc. (hereinafter "NSAV") and/or held by Defendant James A. Tilton (hereinafter "Tilton"),

1

whether registered with the NSAV stock transfer agent or not, Pacific Stock Transfer Co. (hereinafter the "Pacific Stock" or "Pacific") and/or any successor stock transfer agent (hereinafter the Transfer Agent"), as Nominee-Defendants, together with Tilton's representatives, employees, agents and persons, and any and all affiliates and/or entities acting in concert with them with actual notice of this Court's Orders. Additionally, the Plaintiff moves this Court for an Order transferring all shares, whether common stock or preferred shares, in Treasury and/or as authorized and issued by Defendant China Food and Beverage Co. (hereinafter "CHIF") and/or held by Defendant Tilton, whether registered with a CHIF Transfer Agent or not, including but not limited to Pacific Stock, as Nominee-Defendants, together with Tilton's representatives, employees, agents and persons, and any and all affiliates and/or entities acting in concert with them with actual notice of this Court's Orders.

The Plaintiff respectfully contends that Final Judgment has entered in this action against Defendants Tilton, NSAV and CHIF, and this Court's Order compelling: a) the transfer of any and all shares of NSAV and CHIF, held in Treasury; and b) the transfer of any and all shares of NSAV and CHIF, in the possession, custody and/or control of Defendant Tilton, will assist the Plaintiff in the satisfaction of the Judgment, as he seeks to collect upon his Judgment, and such other relief as is appropriate. The Plaintiff requests a hearing on his Motion.

## BRIEF PROCEDURAL HISTORY

On or around September 23, 2021, Mr. Grover filed a Complaint (the "Complaint") against Net Savings Link, Inc. ("NSAV"), Wilton Group, Wilton UK (Group), Limited, China Food and Beverage Co. ("CHIF"), and James A. Tilton ("Mr. Tilton') (collectively the "Defendants"). *See* Dkt. No. 1. Mr. Grover obtained a Judgment against Defendants NSAV and Mr. Tilton on September 5, 2024 in the amount of $64,685,627.57 (the "Grover Judgement"). *See* Dkt. No. 218.

2

After notice and hearings, the Court issued an order appointing David A. Castleman, Esq. as temporary receiver for NSAV to identify any assets that may be used in execution of the Grover Judgment (the "Temporary Receiver"). *See* Dkt. No. 226.

On October 31, 2024, the Temporary Receiver filed his initial written report (the "Initial Report") to apprise the Court of the actions he has taken with respect to NSAV, what assets he discovered, any steps he may have taken to secure or protect such assets, and recommendations for next steps. Dkt. No. 232. The Temporary Receiver's conclusions, "reflect the limited information available to him during the course of his appointment…" *Id*. The Temporary Receiver was informed that the only potential productive asset is the investment in a cryptocurrency exchange (the "AWH Exchange") operated by Active World Holdings, Inc. ("AWH"), a company that is currently seeking protection under subchapter V of Chapter 11 of the U.S. Bankruptcy Code in the Eastern District of Pennsylvania. *Id*.

At all relevant times, Defendant Tilton is, and was, the principal executive and financial officer and control person of NSAV and CHIF, and currently holds 40,000,000 Series A Preferred shares of NSAV stock in his possession, custody and control. *Id*.

## ARGUMENT

This Court, in satisfaction of the executed final judgment against Defendants NSAV, CHIF and Tilton, should order that all available NSAV and CHIF shares, as held by Defendant Tilton be immediately transferred and delivered to the Plaintiff. Under Federal Rule of Civil Procedure 69(a)(1): "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Thus, in Illinois, whose rules regarding

3

judgment relief this Court must follow, the court may, by appropriate order or judgment, "[c]ompel the judgment debtor to deliver up, to be applied in satisfaction of the judgment, in whole or in part, money, choses in action, property or effects in his or her possession or control, so discovered, capable of delivery and to which his or her title or right of possession is not substantially disputed." 735 ILCS 5/2–1402(c)(1).

Furthermore, 735 ILCS 5/2-1402(c)(1) provides that when assets of the judgment debtor not exempt from satisfaction are discovered, a court may compel the judgment debtor to satisfy the judgment by turning over assets in satisfaction of the judgment, i.e., property in the judgment debtor's possession or control capable of delivery. Here, as evidenced by the Temporary Receiver's Report, the only identifiable property belonging to NSAV are its remaining shares and a bank account worth $42.79. As is provided in NSAV's Quarterly Report for the period ending June 30, 2024, NSAV currently holds unissued 12,412,132 Series B shares out of the 1,300,000,000 Series B shares authorized by the Defendant. Further, James A. Tilton currently holds 40,000,000 Series A Preferred shares of NSAV stock. As such, NSAV's 12,412,132 Series B shares and Defendant James A. Tilton's 40,000,000 Series A Preferred shares, as property within their possession and control, should be immediately delivered to the Temporary Receiver in partial execution of the $64,685,627.57 judgment against them.

WHEREFORE, Plaintiff respectfully states that Final Judgment has entered in this action against Defendants Tilton, NSAV and CHIF, moves this Honorable Court for an Order compelling: a) the transfer of any and all shares of NSAV and CHIF, held in Treasury; and b) the transfer of any and all shares of NSAV and CHIF, in the possession, custody and/or control of Defendant Tilton, will assist the Plaintiff in the satisfaction of the Judgment, as he seeks to collect upon his Judgment, and such other relief as is appropriate under the circumstances. The Plaintiff requests a hearing on his Motion.

Dated: November 25, 2024

Respectfully submitted,
PLAINTIFF, Vikram P. Grover,

By his Attorneys,

*/s/ Philip M. Giordano*
Philip M. Giordano, Esq. (admitted *pro hac vice*)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

## **CERTIFICATE OF SERVICE**

  I, Philip M. Giordano, do hereby certify that on the 25th day of November, 2024, I caused to be served a true and correct copy of Plaintiff Vikram P. Grover's Motion to Compel Transfer ALL NSAV and CHIF Shares Held by Defendant Tilton to Plaintiff, and for Supplemental Relief in Aid of Execution of Judgment, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all counsel and parties of record.

Dated: November 25, 2024          */s/ Philip M. Giordano*
                   Philip M. Giordano