UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| **VIKRAM P. GROVER d/b/a** : <br> "IX ADVISORS" a/k/a "IXA," : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **NET SAVINGS LINK, INC.,** a : <br> Colorado corporation and formerly : <br> organized as a Nevada corporation, : <br> **WILTON GROUP, LIMITED,** as : <br> registered in the Isle of Man, U.K., : <br> **WILTON UK (GROUP), LIMITED,** as : <br> registered in England and Wales, U.K., : <br> **CHINA FOOD AND BEVERAGE CO.,** : <br> a Colorado corporation, and : <br> **JAMES A. TILTON,** : <br> : <br> **Defendants,** : <br> : <br> v. : <br> : <br> **PACIFIC STOCK TRANSFER CO.,** : <br> : <br> **Nominee-Defendant.** : <br> : | Civil Action No. 1:21-CV-05054 <br> Honorable Mary M. Rowland <br><br> <u>**REQUEST FOR A HEARING**</u> |

===============================

**PLAINTIFF VIKRAM P. GROVER'S MOTION TO COMPEL FORMER
<u>NSAV CEO ALFONSO KNOLL TO PRODUCE AND DELIVER NSAV PROPERTY</u>**

The Plaintiff, Vikram P. Grover (hereinafter "Mr. Grover") respectfully moves this Honorable Court to compel Alfonso Knoll to transfer and deliver to the Plaintiff all NSAV property, including all electronic documents and things, tangible and intangible, in his custody, possession, or control, within not more than three (3) business days. The Plaintiff requests a hearing on the instant Motion to Compel.

1

## BRIEF PROCEDURAL HISTORY

On or around September 23, 2021, Mr. Grover filed a Complaint (the "Complaint") against Net Savings Link, Inc. ("NSAV"), Wilton Group, Wilton UK (Group), Limited, China Food and Beverage Co. ("CHIF"), and James A. Tilton ("Mr. Tilton') (collectively the "Defendants"). *See* Dkt. No. 1. Mr. Grover obtained a Judgment against Defendants NSAV and Mr. Tilton on September 5, 2024 (the "Grover Judgement"). *See* Dkt. No. 218. After notice and hearings, the Court issued an order appointing David A. Castleman as temporary receiver for NSAV (the "Temporary Receiver"). *See* Dkt. No. 226.

The Temporary Receiver filed his initial written report (the "Initial Report") to apprise the Court of the actions he has taken with respect to NSAV, what assets he discovered, any steps he may have taken to secure or protect such assets, and recommendations for next steps. Dkt. No. 232. The Temporary Receiver's conclusions, "reflect the limited information available to him during the course of his appointment…" *Id*. The Temporary Receiver relied primarily on NSAV's Second Quarter 2024 "Amended Quarterly Report," filed October 2, 2024 (the "Q2 Report"). *Id*.

The Temporary Receiver was informed that the only potential productive asset is the investment in a cryptocurrency exchange (the "AWH Exchange") operated by Active World Holdings, Inc. ("AWH"), a company that is currently seeking protection under Subchapter V of Chapter 11 of the U.S. Bankruptcy Code in the Eastern District of Pennsylvania. *Id*.

Mr. Tilton at all relevant times is the principal executive and financial office of NSAV. *Id*. Mr. Tilton provided the Temporary Receiver with a number of documents relating to the operation of NSAV including various deals and press released related to the investments NSAV made into Silverbear. *Id*. Alfonso Knoll ("Mr. Knoll") is the principal of AWH who resigned as CEO of NSAV

2

on September 26, 2024 (the day before the Temporary Receiver was appointed, but after a hearing for such was scheduled). *Id*.

The Temporary Receiver consulted with Mr. Knoll, and Mr. Knoll provided online whitepapers for the cryptocurrency tokens. *Id*. According to the Q2 Report, NSAV claimed to have received various cryptocurrency assets as payments for services rendered. Tilton and Knoll, among others, indicated that the value of these asserts came from with AWH and either Knoll or Osborne. *Id*. When pressed on the valuation, Knoll was unable to provide any substantiation for the value, and acknowledged that the exchange was merely an "incubator" for speculative token. *Id*.

Both Mr. Tilton and Mr. Knoll have requested NSAV fund various activities including purported development costs of the AWH Exchange by selling substantial numbers of NSAV shares. The most recent request was for over 66 million shares – three times the average daily trading volume – in order to pay ordinary course expenses.

## **ARGUMENT**

Further, Alfonso Knoll, as former CEO of NSAV and a participant in the Temporary Receiver's investigation, should be ordered and compelled to produce and deliver any and all NSAV property in his possession, custody or control. Knoll must be ordered to disclose the custodian, location amount, and all complete details, data and information, as to any and all assets, monies, credits, rights, contracts and/or things, tangible and/or intangible related to the operation of NSAV and any and all documents, communications, and related information, requested originally by the Temporary Receiver, and to be delivered to the Plaintiff within three (3) Business days. This Court has broad latitude in compelling third-parties to comply with reasonable requests for a production of documents by plaintiffs. *See In re Plasma-Derivative Protein Therapies Antitrust Litig.*, No. 09 C 7666, 2013 WL 791432, at *2 (N.D. Ill. Mar. 4, 2013).

3

As provided in the Receiver's Report, Alfonso Knoll was a named participant in the Temporary Receiver's investigation, yet failed to adequately cooperate in such. Specifically with regard to Knoll's participation, the Temporary Receiver wrote: "After the Receivership Order was entered, Knoll maintained communication with the Temporary Receiver providing some, *but not all*, requested documents." *See* Temporary Receiver Report, p. 11 (emphasis added). As such, in order to ensure that the full scope of NSAV and Alfonso Knoll's activities, documents, communications, and other information are accounted for, this Court should compel Knoll to furnish all of the Temporary Receiver's requested information.

Alfonso Knoll should additionally comply with further document and information requests regarding NSAV due to this Court's June 26, 2024 Order on the Plaintiff's Emergency Motion for Temporary, Preliminary, and Permanent Injunctive Relief and Specific Performance. *See* Dkt. No. 168. According to the Order, it was:

> "FURTHER ORDERED that the Enjoined Defendants identify and describe, in complete detail, with all relevant information, writing and under oath, *by an authorized officer of each such Defendant* and Enjoined Defendant, the custodian, location amount, and all complete details, data and information, as to any and all assets, monies, credits, rights, contracts and/or things, tangible and/or intangible, that have been removed, sold, encumbered, hypothecated, conveyed, transferred, assigned and/or moved, directly or indirectly, from the Defendants and the Defendant-Agents since the commencement of this litigation."

Dkt. No. 168, p. 4.

It is undisputed that Alfonso Knoll, as CEO of NSAV within the relevant time period, is and was under this Court's mandate to produce all relevant information regarding NSAV's operation. This he has simply failed to do. As such, this Court should compel Alfonso Knoll to adequately comply with all document and information requests made by both the Plaintiff and the Temporary Receiver in this action.

4

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order and compel Alfonso Knoll to transfer and deliver to the Plaintiff all NSAV property, including all electronic documents and things, tangible and intangible, in his custody, possession, or control, within not more than three (3) business days. The Plaintiff requests a hearing on the instant Motion to Compel.

Dated: November 25, 2024

Respectfully submitted,
PLAINTIFF, Vikram P. Grover,

By his Attorneys,

*/s/ Philip M. Giordano*
Philip M. Giordano, Esq. (admitted *pro hac vice*)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, 6th Floor
Boston, Massachusetts 02109-2724
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com

## **CERTIFICATE OF SERVICE**

      I, Philip M. Giordano, do hereby certify that on the 25th day of November, 2024, I caused to be served a true and correct copy of Plaintiff Vikram P. Grover's Motion to Compel Knoll Deliver NSAV Property to Plaintiff, and for Supplemental Relief in Aid of Execution of Judgment, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all counsel and parties of record.


Dated: November 25, 2024                      */s/ Philip M. Giordano*
                                                          Philip M. Giordano