## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| VIKRAM P. GROVER, d/b/a IX Advisors a/k/a IXA, | |
| *Plaintiff,* | Case No. 21-cv-5054 |
| v. | Judge Mary M. Rowland |
| NET SAVINGS LINK, INC., a Colorado corporation formerly organized as a Nevada corporation, WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., WILTON UK (GROUP) LIMITED, as registered in England and Wales, U.K., CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and JAMES A. TILTON, | |
| *Defendants.* | |

### ORDER TERMINATING THE RECEIVERSHIP AND
### DISCHARGING THE TEMPORARY RECEIVER

On September 23, 2021, Plaintiff Vikram Grover ("Grover") sued Defendants NSAV, Wilton Group, Limited ("Wilton"), Wilton UK (Group) Limited ("Wilton UK"), China Food and Beverage Co. ("CHIF") (collectively, the "Corporate Defendants"), and James Tilton. On September 5, 2024, judgment against NSAV, Wilton, Wilton UK and CHIF in the amount of $64,685,627.57 was entered, and judgment against Tilton in the amount of $57,903,750.00 plus pre–judgment interest was entered (the "Judgment"). [218].[1]

Grover moved for the appointment of a receiver, styled as a request for the appointment of a Chief Restructuring Officer. [177]. On September 11, 2024, the parties filed a joint status report stating that they were in settlement discussions and requesting an extension to September 13 on

---

[1] Bracketed numbers refer to the docket entries in this action.

the appointment of a receiver. [219]. On September 12, the Court entered a minute order requiring the parties file a further status report on September 13. [220]. After no report was filed, the Court reiterated its order on September 23, and a joint status report was subsequently filed that no settlement or agreement on the appointment of a receiver had been reached. [221, 222].

On September 27, 2024, based on the various submissions of the parties to date, and the hearing before the Court on September 27, the Court found that (i) there is a significant sum due to Plaintiff as a creditor, (ii) there is an imminent danger that the property of NSAV will be concealed, lost, diminished in value, or removed from the jurisdiction of the Court; (iii) there is no other remedy that is practical under the circumstances; and (iv) the appointment of a temporary receiver is appropriate and necessary to assess, preserve, and manage of the assets of NSAV in light of the Grover Judgment entered.

That same day, the Court appointed David A. Castleman as temporary receiver (the "Temporary Receiver") of Net Savings Link, Inc. ("NSAV" or "Receivership Estate") pursuant to a receivership order (the "Receivership Order") entered by the Court in this action on September 27, 2024. [226]. Paragraph 17 of the Receivership Order required that the Receivership Order stay in full force and effect until December 6, 2024, unless further extended by the Court pursuant to 28 U.S.C. § 3203(e), Rule 66, and Local Rule 66.1.

The Receivership Order also required the Temporary Receiver to file with the Court a written report (the "Initial Report") consisting of the actions he has taken with respect to NSAV, what assets he has discovered, any steps he may have taken to secure or protect such assets, and recommendations for next steps. *See* ¶ 9, Receivership Order. The Court extended the due date for this Initial Report to October 31, 2024. [231].

On October 31, 2024, the Temporary Receiver filed his Initial Report, which set forth in detail the Temporary Receiver's initial findings and conclusions, including his preliminary

conclusion that NSAV does not have sufficient funds assets to satisfy the Judgment or to fund a receivership. [232].

On November 4, 2024, the Court, after reviewing the Initial Report, entered a minute order scheduling a status hearing on November 7, 2024. [233]. At the status hearing, among other things, the Court directed the parties to file any objections to the Initial Report by November 25, 2024. [235]. On November 20, 2024, the Temporary Receiver filed an application for fees and expenses in connection with this matter. [240].

Based on the Temporary Receiver's Initial Report and the proceedings in this matter, the Court finds that the Temporary Receiver has completed the duties outlined in the Receivership Order, including the assessment and protection of NSAV's assets as necessary under the circumstances. Accordingly, as the purpose of the receivership has been fulfilled, the Court sees no further need to continue the receivership.

**IT IS THEREFORE HEREBY ORDERED THAT:**

1. The Temporary Receivership over NSAV is hereby terminated and the Temporary Receiver is hereby discharged of all his obligations under the Receivership Order, as well as any other duties or obligations incident to his appointment or service as Temporary Receiver in this case. All possession, control, management, operation, and charge of the Receivership Entities and its Receivership Property, and the authority and jurisdiction over the Receivership Estate and the Receivership Property, shall be re-vested to the person or entity with such possession, control, authority and jurisdiction as existed immediately prior to the entry of the Receivership Order.

2. The Temporary Receiver's authorization to accomplish certain tasks as set forth in Paragraph 3 of the Receivership Order is revoked from the date of the entry of this Order. The Receivership Order shall no longer remain in force and effect as of the date of this Order, except as expressly provided in this Order.

3.      The Temporary Receiver and his attorneys, accountants, and consultants (the "Receivership Team") are discharged from any and all claims and causes of action which might be brought against them for matters arising from their administration of this temporary receivership and the exercise of any powers, duties, and responsibilities in connection therewith, including, without limitation, any claim concerning or relating to the filing of any local, state, or federal tax returns for the Receivership Estate or any of the Defendants herein and/or the reporting of any income, assets, or tax consequences to any person or entity.

4.      Neither the Temporary Receiver nor any member of the Receivership Team shall have any liability to any person or entity for any action taken in good faith in connection with carrying out the procedures set forth in this Order or the Receivership Order.  In the event that such a claim or cause of action is asserted against the Temporary Receiver or any member of the Receivership Team, the Temporary Receiver or Receivership Team member shall be entitled to a defense by counsel of his or her choice, payable as any other fee or expense incurred in connection with this receivership, even if willful misconduct is alleged.

5.      NSAV shall compensate the Temporary Receiver in the total amount of $76,100 for the services he and his Receivership Team rendered pursuant to the Receivership Order, covering the period from the date of the Receivership Order through the date of termination thereof.  NSAV shall reimburse the Temporary Receiver in the total amount of $208 for actual, out-of-pocket expenses incurred by the Temporary Receiver for services authorized by this Court.

6.      The Court shall forever and finally retain jurisdiction over any and all matters relating to the receivership and the Receivership Estate.  The provisions of this Paragraph 6, and of Paragraph 8 of the Receivership Order, shall survive the closure and termination of the above-captioned action. To the extent any dispute arises concerning the Temporary Receiver's administration of the Receivership Estate or to the extent any person or entity seeks to pursue or

4

assert any claim or action against the Temporary Receiver or any member of the Receivership Team arising out of or related to this receivership, the Court shall forever and finally retain jurisdiction to hear and resolve any such dispute or claim, and such person or entity must obtain leave of the Court before filing any such action. *See Barton v. Barbour*, 104 U.S. 126 (1881); *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998); *SEC v. Nutmeg Grp., LLC*, No. 09 C 1775, 2012 WL 3307406, at *2 (N.D. Ill. Aug. 13, 2012). Any party willfully violating this Order may be subject to sanctions arising from such violation.

E N T E R E D:

Dated: December 5, 2024

_____
MARY M. ROWLAND
United States District Judge