UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.1)
Eastern Division

Vikram P Grover
                        Plaintiff,

v.                                          Case No.: 1:21−cv−05054
                                                         Honorable Mary M. Rowland

Net Savings Link, Inc., et al.
                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, January 6, 2025:

       MINUTE entry before the Honorable Mary M. Rowland: Net Savings' and James Tilton's motion to reconsider the default judgment and judgment [224] is denied. A motion to reconsider is appropriate only "where a court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2011), overruled on other grounds by Hill v. Tangherlini, 724 F.3d 965 (7th Cir. 2013). Such circumstances are rare and the "party moving for reconsideration bears a heavy burden" to prove such problems exist. Caine v. Burge, 897 F.Supp.2d 714, 717 (N.D. Ill. 2012); Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). The party moving for reconsideration must establish a manifest error of law or fact or present newly discovered evidence. Vesely v. Armslist LLC, 762 F.3d 661, 666 (7th Cir. 2014). Defendants do not dispute that (1) default was properly entered against Net Savings or (2) judgment was properly entered against Tilton. (See Dkt 211, Order granting summary judgment in favor of Plaintiff.) Instead Defendants argue that the amount of the judgment should be based on the value of the shares at the time they were owing to Plaintiff ($.0001/share) not the highest valuation the held ($.1493/share). Defendant Tilton failed to raise this argument in opposition to the motion for summary judgment. (See Dkt. 207, Tilton Resp to Mot. Sum Judgment). Tilton was represented by counsel at the time. A motion to reconsider is not a proper vehicle to make arguments that were waived. The court does not find the argument persuasive in any event. The motion is denied. Mailed notice. (jg, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.