UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| **VIKRAM P. GROVER d/b/a "IX ADVISORS" a/k/a "IXA,"** : | |
| **Plaintiff,** : | |
| v. : | |
| **NET SAVINGS LINK, INC.,** a Colorado corporation and formerly organized as a Nevada corporation, **WILTON GROUP, LIMITED,** as registered in the Isle of Man, U.K., **WILTON UK (GROUP), LIMITED,** as registered in England and Wales, U.K., **CHINA FOOD AND BEVERAGE CO.,** a Colorado corporation, and **JAMES A. TILTON,** : | **Civil Action No. 1:21-CV-05054** **Honorable Mary M. Rowland** **REQUEST FOR HEARING** |
| **Defendants.** : | |
| v. : | |
| **PACIFIC STOCK TRANSFER, NSAVX, INC.,** a Wyoming corporation, and **JOHN DOES 1-100,** : | |
| **Trustee-Defendants.** : | |

=====================================

**PLAINTIFF VIKRAM GROVER'S MOTION TO MODIFY AND CORRECT ORDER PURSUANT TO RULE 60(a) OF FEDERAL RULES OF CIVIL PROCEDURE**

The Plaintiff, Vikram Grover, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, respectfully moves this Court to modify and correct this Court's *Order on Plaintiff Vikram P. Grover's motion to compel Defendants NSAV, CHIF, and James A. Tilton and Nominee-Defendants to transfer, assign, and deliver all NSAV and CHIF Shares and property to Plaintiff*

1

(hereinafter the "Court's Order"). (Dkt. No. 254). In support hereof, the Plaintiff respectfully states the following:

- On November 25, 2024, Plaintiff filed his Motion to Compel Defendants NSAV, CHIF and James A. Tilton to Transfer, Assign and Deliver all NSAV and CHIF Shares held by the Defendants to Plaintiff (hereinafter the "Plaintiff's Motion").

- As its title suggests, the Plaintiff's Motion was brought for the express intent of seeking injunctive relief in the form of compelling the transfer of *all* shares belonging to the Defendants, Net Savings Link, Inc. ("NSAV"), China Food and Beverage Co. ("CHIF"), and James Tilton (collectively the "Defendants"). Such injunctive relief was requested in order to partially satisfy the $64,685,627.57 judgment ordered by this Court against the Defendants, who otherwise hold negligible and/or non-productive assets.

- Unfortunately, despite the Plaintiff's and this Court's intent to compel the transfer of *all* shares belonging to the Defendants to the Plaintiff, the Court's Order contains limiting language that otherwise prevents the Plaintiff from receiving all available shares of NSAV.

- Specifically, the Court's Order contains the following clause:

> FURTHER ORDERED that, effectively immediately, all available NSAV and CHIF shares, *in Treasury or as held by Defendant James A. Tilton*, including NSAV's 12,412,132 Series B shares and Defendant James A. Tilton's 40,000,000 Series A Preferred shares, be immediately transferred and delivered to the Plaintiff, and within not more than three (3) business days of this Order.

(Dkt. No. 254, p. 3) (emphasis added).

- The language: "in Treasury or as held by Defendant James A. Tilton" fails to encapsulate all available NSAV shares, as NSAV has approximately 185,000,000 authorized, but unissued, Series A Preferred shares which are not assigned to the Treasury or to James Tilton. Due to this limiting language, Plaintiff currently does not have permission from this Court to obtain

2

these authorized and available, yet unissued, shares, and requires modification of the Order to compel Defendants NSAV and CHIF to officially issue such shares to effectuate a complete transfer of all available shares of the Defendants.

- Despite this language, the Plaintiff's and this Court's intent to compel the transfer of these authorized, yet unissued, shares is clear – as the next clause in the sentence specifically permits the transfer of "12,412,132 Series B shares" which NSAV has authorized, yet to this date has not issued. *See id.*

- This Court has the power to modify and correct an order under Fed. R. Civ. P. 60(a) to make "changes that implement the result intended by the court at the time the order was entered." *Kokomo Tube Co. v. Dayton Equipment Servs. Co.*, 123 F.3d 616, 623 (7th Cir.1997)

- Since the intent of the Plaintiff and this Court was to compel the transfer of *all* available NSAV shares, which includes "authorized, but unissued" shares, modification of the Court's Order should be made to reflect this intent. As such, the Court's Order should instead read:

> FURTHER ORDERED that, effectively immediately, all available NSAV and CHIF shares *currently held by the Defendants*, including NSAV's 12,412,132 Series B shares and Defendant James A. Tilton's Series A Preferred shares, be immediately transferred and delivered to the Plaintiff, *and all authorized, yet unissued common, Series A Preferred, and Series B Preferred shares of NSAV and CHIF be issued by the Defendants or their agents and subsequently delivered to the Plaintiff*, within not more than three (3) business days of this Order.

- Moreover, in order to effectuate this change, alterations to the next clause of the Order need to occur to permit Pacific Stock Transfer, Co., and all other transfer companies employed by the Defendants, to facilitate the issuance of these authorized yet unissued shares. As such, the Court's Order must additionally read:

> - FURTHER ORDERED that Pacific Stock Transfer Co. and/or any successor stock transfer agent of NSAV or CHIF, and NSAVx, Inc. as Nominee-Defendants, and together with James A. Tilton's representatives, employees, agents and persons, and any and all affiliates and/or entities acting in concert with them, comply with such

3

        Order and cooperate, permit, and facilitate the transfer, *issuance,* and delivery of shares *authorized yet unissued,* belonging in Treasury, or as owned, held and/or controlled by Defendant James A. Tilton, to the Plaintiff within not more than three (3) business days of this Order.

- A modified Proposed Order (redlined and clean) implementing these changes is attached hereto as **Exhibits A and B**, respectively.

WHEREFORE the Plaintiff, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, respectfully requests this Court to modify and correct its *Order on Plaintiff Vikram P. Grover's motion to compel Defendants NSAV, CHIF, and James A. Tilton and Nominee-Defendants to transfer, assign, and deliver all NSAV and CHIF Shares and property to Plaintiff.*

        Respectfully submitted,
        PLAINTIFF, Vikram P. Grover,

        By his Attorneys,


        */s/ Philip M. Giordano*
        Philip M. Giordano, Esq. (admitted *pro hac vice)*
        Giordano & Company, P.C.
        REED & GIORDANO, P.A.
        One McKinley Square, 6th Floor
        Boston, Massachusetts 02109-2724
        Telephone: (617) 723-7755
        Facsimile: (617) 723-7756
Dated: March 25, 205        Email: pgiordano@reedgiordano.com

**CERTIFICATE OF SERVICE**

    I, Philip M. Giordano, do hereby certify that on this 25th day of March, 2025, I caused to be served a true and correct copy of Plaintiff Vikram Grover's Motion to Modify and Correct Order, as filed by and through the District Court's electronic filing/ECF system and that such true copy is available for downloading and viewing by all parties or counsel of record.


Dated: March 25, 2025                  */s/ Philip M. Giordano*
                                                  Philip M. Giordano

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| **VIKRAM P. GROVER d/b/a** <br> "**IX ADVISORS**" a/k/a "**IXA**," <br><br> **Plaintiff,** <br><br> v. <br><br> **NET SAVINGS LINK, INC.**, a Colorado corporation and formerly organized as a Nevada corporation, **WILTON GROUP, LIMITED,** as registered in the Isle of Man, U.K., **WILTON UK (GROUP), LIMITED,** as registered in England and Wales, U.K., **CHINA FOOD AND BEVERAGE CO.,** a Colorado corporation, and **JAMES A. TILTON,** <br><br> **Defendants.** <br><br> v. <br><br> **PACIFIC STOCK TRANSFER, NSAVX, INC.,** a Wyoming corporation, and **JOHN DOES 1-100,** <br><br> **Nominee-Defendants.** | <u>Civil Action No. 1:21-CV-05054</u> <br> **Honorable Mary M. Rowland** |

=====================================

**[PROPOSED] ORDER ON PLAINTIFF VIKRAM P. GROVER'S
MOTION TO COMPEL DEFENDANTS NSAV, CHIF, AND JAMES A.
TILTON AND NOMINEE-DEFENDANTS TO TRANSFER, ASSIGN, AND
DELIVER ALL NSAV AND CHIF SHARES AND PROPERTY TO THE PLAINTIFF**

**ROWLAND, J.**

WHEREFORE, upon motion of the Plaintiff, Vikram Grover, and upon review of the Memoranda, Affidavits, Exhibits and other filings, and upon a hearing as to the merits of such applications, and with consideration of the submissions, filings and arguments of the Parties:

1

HOLDING AND FINDING that on September 5, 2024, this Court entered a Final Judgment against the Defendants, Net Savings Link, Inc. ("NSAV"); Wilton Group, Limited; Wilton UK (Group), Limited; and China Food and Beverage Company ("CHIF") in the amount of $64,685,627.57; and against the individual Defendant, James A. Tilton, in the amount of $57,903,750.00 plus pre–judgment interest.

HOLDING AND FINDING that on October 31, 2024, this Court's appointed Temporary Receiver, David A. Castleman, Esq., submitted an Initial Report as to the determination of any and all assets belonging to Defendant NSAV to be used for satisfaction of the Final Judgment. Such Initial Report determined that Defendant NSAV had negligible and/or non-productive assets which would not be able to completely satisfy the Final Judgment rendered in favor of the Plaintiff. Further, the Initial Report detailed substantial noncompliance by Alfonso Knoll, the former Chief Executive Officer of NSAV, throughout the Temporary Receiver's investigation; and

HOLDING AND FINDING that on November 25, 2024, Plaintiff filed his Motion to Compel Defendants NSAV, CHIF and James A. Tilton to Transfer, Assign and Deliver all NSAV and CHIF Shares held by the Defendants and their agents, including transfer agents, to Plaintiff. Specifically, Plaintiff's Motion sought an Order to transfer all shares, whether common stock or preferred shares, in Treasury and/or as authorized and issued by Defendant NSAV and/or held by Defendant James A. Tilton, whether registered with the NSAV stock transfer agent or not, Pacific Stock Transfer Co. (hereinafter the "Pacific Stock" or "Pacific") and/or any successor stock transfer agent (hereinafter the Transfer Agent"), as Nominee-Defendants, together with Tilton's representatives, employees, agents and persons, and any and all affiliates and/or entities acting in concert with them with actual notice of this Court's Orders, to the Plaintiff. Additionally, the Plaintiff's Motion sought an Order to transfer all shares, whether common stock or preferred

shares, in Treasury and/or as authorized and issued by Defendant CHIF and/or held by Defendant James A. Tilton, whether registered with a CHIF Transfer Agent or not, including but not limited to Pacific Stock, as Nominee-Defendants, together with James A. Tilton's representatives, employees, agents and persons, and any and all affiliates and/or entities acting in concert with them with actual notice of this Court's Orders, to the Plaintiff; and

HOLDING AND FINDING that, as is provided in NSAV's Quarterly Report for the period ending June 30, 2024, NSAV currently holds unissued 12,412,132 Series B shares out of the 1,300,000,000 Series B shares authorized by the Defendant, and James A. Tilton currently holds 40,000,000 Series A Preferred shares of NSAV stock. As such, NSAV's 12,412,132 Series B shares and Defendant James A. Tilton's 40,000,000 Series A Preferred shares constitute property within NSAV and James A. Tilton's possession and control; and

HOLDING AND FINDING that the Plaintiff has demonstrated the appropriateness for the Order compelling transfer of such shares in light of the Temporary Receiver's Initial Report and the Final Judgment rendered against the Defendants.

THEREFORE, It is hereby ORDERED that Plaintiff's Motion to Compel Defendants NSAV, CHIF and James A. Tilton to Transfer, Assign and Deliver all NSAV and CHIF Shares held by the Defendants to Plaintiff is **GRANTED**; it is

FURTHER ORDERED that, effectively immediately, all available NSAV and CHIF shares currently held by the Defendants, including NSAV's 12,412,132 Series B shares and Defendant James A. Tilton's ~~40,000,000~~ Series A Preferred shares, be immediately transferred and delivered to the Plaintiff, and all authorized, yet unissued common, Series A Preferred, and Series B Preferred shares of NSAV and CHIF be issued by the Defendants or their agents and subsequently delivered to the Plaintiff, ~~and~~ within not more than three (3) business days of this Order; it is

3

FURTHER ORDERED that Pacific Stock Transfer Co. and/or any successor stock transfer agent of NSAV or CHIF, and NSAVx, Inc. as Nominee-Defendants, and together with James A. Tilton's representatives, employees, agents and persons, and any and all affiliates and/or entities acting in concert with them, comply with such Order and cooperate, permit, and facilitate the transfer, issuance, and delivery of ~~such~~ shares authorized yet unissued, belonging in Treasury, or as owned, held and/or controlled by Defendant James A. Tilton to the Plaintiff within not more than three (3) business days of this Order; it is

FURTHER ORDERED that Alfonso Knoll, as former CEO of NSAV and a participant in the Temporary Receiver's investigation, must produce and deliver any and all NSAV books and records, servers, drives, and/or property (tangible or intangible), in his possession, custody and/or control, to the Plaintiff and his counsel within not more than three (3) business days of this Order; it is

FURTHER ORDERED that Alfonso Knoll, as former CEO of NSAV and a participant in the Temporary Receiver's investigation, must disclose the custodian, location amount, and all complete details, data and information, as to any and all assets, monies, credits, rights, contracts and/or things, tangible and/or intangible related to the operation of NSAV and deliver and produce any and all NSAV or CHIF property, including but not limited to books and records, servers, drives, and/or property (tangible or intangible), documents, communications, and related information, and deliver such NSAV and CHIF property to the Plaintiff and his counsel within not more than three (3) business days of this Order.

**SO ORDERED**.

DATE: _____

/s/_____
Mary M Rowland
United States District Judge

4

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

===============================

| | |
|---|---|
| VIKRAM P. GROVER d/b/a "IX ADVISORS" a/k/a "IXA," : | |
| Plaintiff, : | |
| v. : | |
| NET SAVINGS LINK, INC., a Colorado corporation and formerly organized as a Nevada corporation, WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., WILTON UK (GROUP), LIMITED, as registered in England and Wales, U.K., CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and JAMES A. TILTON, : | Civil Action No. 1:21-CV-05054 Honorable Mary M. Rowland |
| Defendants. : | |
| v. : | |
| PACIFIC STOCK TRANSFER, NSAVX, INC., a Wyoming corporation, and JOHN DOES 1-100, : | |
| Nominee-Defendants. : | |

=======================================

**[PROPOSED] ORDER ON PLAINTIFF VIKRAM P. GROVER'S
MOTION TO COMPEL DEFENDANTS NSAV, CHIF, AND JAMES A.
TILTON AND NOMINEE-DEFENDANTS TO TRANSFER, ASSIGN, AND
DELIVER ALL NSAV AND CHIF SHARES AND PROPERTY TO THE PLAINTIFF**

**ROWLAND, J.**

WHEREFORE, upon motion of the Plaintiff, Vikram Grover, and upon review of the Memoranda, Affidavits, Exhibits and other filings, and upon a hearing as to the merits of such applications, and with consideration of the submissions, filings and arguments of the Parties:

1

HOLDING AND FINDING that on September 5, 2024, this Court entered a Final Judgment against the Defendants, Net Savings Link, Inc. ("NSAV"); Wilton Group, Limited; Wilton UK (Group), Limited; and China Food and Beverage Company ("CHIF") in the amount of $64,685,627.57; and against the individual Defendant, James A. Tilton, in the amount of $57,903,750.00 plus pre–judgment interest.

HOLDING AND FINDING that on October 31, 2024, this Court's appointed Temporary Receiver, David A. Castleman, Esq., submitted an Initial Report as to the determination of any and all assets belonging to Defendant NSAV to be used for satisfaction of the Final Judgment. Such Initial Report determined that Defendant NSAV had negligible and/or non-productive assets which would not be able to completely satisfy the Final Judgment rendered in favor of the Plaintiff. Further, the Initial Report detailed substantial noncompliance by Alfonso Knoll, the former Chief Executive Officer of NSAV, throughout the Temporary Receiver's investigation; and

HOLDING AND FINDING that on November 25, 2024, Plaintiff filed his Motion to Compel Defendants NSAV, CHIF and James A. Tilton to Transfer, Assign and Deliver all NSAV and CHIF Shares held by the Defendants and their agents, including transfer agents, to Plaintiff. Specifically, Plaintiff's Motion sought an Order to transfer all shares, whether common stock or preferred shares, in Treasury and/or as authorized and issued by Defendant NSAV and/or held by Defendant James A. Tilton, whether registered with the NSAV stock transfer agent or not, Pacific Stock Transfer Co. (hereinafter the "Pacific Stock" or "Pacific") and/or any successor stock transfer agent (hereinafter the Transfer Agent"), as Nominee-Defendants, together with Tilton's representatives, employees, agents and persons, and any and all affiliates and/or entities acting in concert with them with actual notice of this Court's Orders, to the Plaintiff. Additionally, the Plaintiff's Motion sought an Order to transfer all shares, whether common stock or preferred

2

shares, in Treasury and/or as authorized and issued by Defendant CHIF and/or held by Defendant James A. Tilton, whether registered with a CHIF Transfer Agent or not, including but not limited to Pacific Stock, as Nominee-Defendants, together with James A. Tilton's representatives, employees, agents and persons, and any and all affiliates and/or entities acting in concert with them with actual notice of this Court's Orders, to the Plaintiff; and

HOLDING AND FINDING that, as is provided in NSAV's Quarterly Report for the period ending June 30, 2024, NSAV currently holds unissued 12,412,132 Series B shares out of the 1,300,000,000 Series B shares authorized by the Defendant, and James A. Tilton currently holds 40,000,000 Series A Preferred shares of NSAV stock. As such, NSAV's 12,412,132 Series B shares and Defendant James A. Tilton's 40,000,000 Series A Preferred shares constitute property within NSAV and James A. Tilton's possession and control; and

HOLDING AND FINDING that the Plaintiff has demonstrated the appropriateness for the Order compelling transfer of such shares in light of the Temporary Receiver's Initial Report and the Final Judgment rendered against the Defendants.

THEREFORE, It is hereby ORDERED that Plaintiff's Motion to Compel Defendants NSAV, CHIF and James A. Tilton to Transfer, Assign and Deliver all NSAV and CHIF Shares held by the Defendants to Plaintiff is **GRANTED**; it is

FURTHER ORDERED that, effectively immediately, all available NSAV and CHIF shares currently held by the Defendants, including NSAV's 12,412,132 Series B shares and Defendant James A. Tilton's Series A Preferred shares, be immediately transferred and delivered to the Plaintiff, and all authorized, yet unissued common, Series A Preferred, and Series B Preferred shares of NSAV and CHIF be issued by the Defendants or their agents and subsequently delivered to the Plaintiff, within not more than three (3) business days of this Order; it is

FURTHER ORDERED that Pacific Stock Transfer Co. and/or any successor stock transfer agent of NSAV or CHIF, and NSAVx, Inc. as Nominee-Defendants, and together with James A. Tilton's representatives, employees, agents and persons, and any and all affiliates and/or entities acting in concert with them, comply with such Order and cooperate, permit, and facilitate the transfer, issuance, and delivery of shares authorized yet unissued, belonging in Treasury, or as owned, held and/or controlled by Defendant James A. Tilton to the Plaintiff within not more than three (3) business days of this Order; it is

FURTHER ORDERED that Alfonso Knoll, as former CEO of NSAV and a participant in the Temporary Receiver's investigation, must produce and deliver any and all NSAV books and records, servers, drives, and/or property (tangible or intangible), in his possession, custody and/or control, to the Plaintiff and his counsel within not more than three (3) business days of this Order; it is

FURTHER ORDERED that Alfonso Knoll, as former CEO of NSAV and a participant in the Temporary Receiver's investigation, must disclose the custodian, location amount, and all complete details, data and information, as to any and all assets, monies, credits, rights, contracts and/or things, tangible and/or intangible related to the operation of NSAV and deliver and produce any and all NSAV or CHIF property, including but not limited to books and records, servers, drives, and/or property (tangible or intangible), documents, communications, and related information, and deliver such NSAV and CHIF property to the Plaintiff and his counsel within not more than three (3) business days of this Order.

**SO ORDERED**.

DATE: _____

/s/_____
Mary M Rowland
United States District Judge