**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

VIKRAM P. GROVER d/b/a
"IX ADVISORS" a/k/a "IXA,"

Plaintiff,

v.

NET SAVINGS LINK, INC., a Colorado Corporation and formerly organized as a Nevada corporation,
WILTON GROUP, LIMITED, as Registered in the Isle of Man, U.K.,
WILTON UK (GROUP), LIMITED, as Registered in England and Wales, U.K.,
CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and
JAMES A. TILTON,

Defendants.

Case No. 1:21-cv-05054

Honorable Mary M. Rowland

**DEFENDANT WILTON GROUP LIMITED'S**
**MOTION UNDER RULE 60(B)(4) TO VACATE JUDGMENT AS VOID**

## INTRODUCTION

Defendant Wilton Group Limited ("Wilton") appearing specially and solely for the purpose of moving under Rule 60(b)(4) to vacate the judgment as void for lack of personal jurisdiction and defective service, and without waiving any defense, objection, or challenge to this Court's jurisdiction, respectfully moves under Federal Rule of Civil Procedure 60(b)(4) to vacate the judgment entered against it because the judgment is void for lack of personal jurisdiction. The record shows that Plaintiff attempted service abroad on Wilton in the Isle of Man without complying with the Hague Service Convention and without obtaining any court order authorizing alternative service under Rule 4(f)(3). Wilton later appeared through counsel solely to contest

personal jurisdiction and sufficiency of service, preserved those objections in two Rule 12(b)(2) motions (Dkts. [52] and [83]), and never received a merits ruling on either motion before judgment was entered.

Plaintiff is attempting to enforce the judgment entered in this action in the Isle of Man. Wilton learned of that enforcement effort on or about March 23, 2026. The address, proceeding number, and/or court reference for that enforcement effort are as follows: Deemsters Walk, Bucks Road, Douglas, Isle of Man, CHP26/0007, *Grover v Wilton Group Limited* in the High Court of Justice of the Isle of Man, Civil Division, Chancery Procedure. *See document set from Isle of Man proceedings attached hereto as* ***Exhibit A***.

In the Seventh Circuit, a judgment entered without personal jurisdiction is void and may be vacated under Rule 60(b)(4). Improper service abroad defeats personal jurisdiction, and the defect is not cured by the plaintiff's unilateral use of some other delivery mechanism where the Hague Convention applies and no court-authorized alternative service was obtained.

## BACKGROUND

Plaintiff filed this action in the Northern District of Illinois on September 23, 2021 against several defendants, including Wilton Group Limited, an Isle of Man entity. Summonses were later returned executed as to Wilton, and Plaintiff filed an affidavit of service stating that Wilton Group Limited in the Isle of Man was served through a local recipient on December 3, 2021.

Wilton consistently maintained that this purported service was invalid. In its first motion to dismiss, Wilton argued that "no delivery of the summons and complaint was made on either of the Wilton Parties in the United States and the Plaintiff made no attempt to comply with the requirements of the Hague Convention as required by Fed. R. Civ. P. 4(f)." [Dkt. No. 52]. Wilton further argued that "delivery of the summons and complaint by local agencies resident in the

United Kingdom and the Isle of Man without compliance with the Hague Convention is not valid service." [Dkt. No. 52]. Wilton renewed the same objection in Docket [83], again asserting lack of personal jurisdiction and defective international service. See the Declaration of Theunis Bassage, attached hereto (the "Bassage Declaration").

This Court has yet to rule on either motion. After the case was referred for settlement, the court denied Wilton's original jurisdictional motion as moot in light of the settlement referral and tentative settlement. When settlement later failed, the court ordered Wilton to refile its motion; Wilton did so at Docket [83]. Plaintiff opposed that motion and argued alter-ego and agency theories, while also requesting limited jurisdictional discovery, but Plaintiff still did not identify Hague-compliant service or any court order authorizing alternative service under Rule 4(f)(3).

Before the court decided Docket [83], Wilton's counsel withdrew. The docket reflects that, after counsel's withdrawal, the court dismissed Wilton's renewed motion without prejudice because a corporation could not proceed without counsel and directed the corporate defendants to obtain new counsel or risk default. Thus, no order ever held that Wilton had been properly served, that the Hague Convention had been satisfied, or that the court had personal jurisdiction over Wilton.

What's more, and for context, Wilton has presented a meritorious defense to any claims made against it by Plaintiff. While any disposition as to those facts is irrelevant to this Motion, the fact remains that Wilton timely came before the Court to contest jurisdiction and offered the foregoing analysis as to ineffective service and a meritorious defense in support of same.

## ARGUMENT

### I. The judgment against Wilton is void if the court lacked personal jurisdiction.

A judgment is void under Rule 60(b)(4) if the court that entered it lacked personal jurisdiction over the defendant. The Seventh Circuit has recognized that a defendant may use Rule 60(b)(4) to attack a default judgment for lack of personal jurisdiction even after significant time has elapsed, because the central question is whether the district court ever had jurisdiction to enter the judgment in the first place. *See Philos Techs., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 855–56 (7th Cir. 2011) (Rule 60(b)(4) applies where a judgment is premised on a jurisdictional error).

That principle applies with particular force where service of process on a foreign defendant was defective. Service of process is the mechanism by which a court asserts jurisdiction over a defendant, and where service abroad did not comply with Rule 4(f) and the applicable international agreement, personal jurisdiction does not attach. Fed. R. Civ. P. 4(f), 4(h)(2); *See Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.*, 177 F.4th 793, 800-02 (7th Cir. 2026) (holding the Hague Service Convention is mandatory and exclusive where it applies, and vacating a default judgment as void under Rule 60(b)(4) because email service in China violated the Convention and Rule 4(f)(3)).

### II. Plaintiff did not effect valid service on Wilton under Rule 4(f).

Federal Rule of Civil Procedure 4(f) provides the exclusive framework for serving an individual in a foreign country, and Rule 4(h)(2) incorporates that framework for serving a corporation abroad. Rule 4(f) permits service abroad by internationally agreed means such as those authorized by the Hague Service Convention; by certain other specified methods if there is no internationally agreed means or if an agreement allows but does not specify other means; or by

other means not prohibited by international agreement, but only if the court orders them in advance under Rule 4(f)(3).

Wilton's motion established that Plaintiff did not attempt to comply with the Hague Convention when serving Wilton in the Isle of Man, but instead used "local agencies resident in the United Kingdom and the Isle of Man." [Dkts. Nos. 52, 83]. The docket confirms service by affidavit only; it contains no request for letters rogatory, no proof of Hague Central Authority service, and no order authorizing any alternative method under Rule 4(f)(3). Plaintiff therefore did not proceed under Rule 4(f)(1), did not establish compliance with Rule 4(f)(2), and never sought permission to proceed under Rule 4(f)(3).

That omission matters. Where the Hague Service Convention governs service abroad, a plaintiff may not simply select a non-Convention method of service; the Convention "provides the permissible means of service and excludes all others," and service in violation of the Convention and Rule 4(f)(3) is improper and defeats personal jurisdiction. *Kangol LLC,* at 800; Even outside the most recent Hague decisions, the Supreme Court has long emphasized that "before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied," and that a defendant "is not obliged to engage in litigation" until properly served in accordance with rule and statute. *Omni Capital Int'l v. Rudolf Wolff & Co*., 484 U.S. 97, 97 (1987); *and Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347 (1999).

Plaintiff may argue that Wilton had actual notice. But actual notice does not cure defective service where the Federal Rules and governing international service regime were not followed. *See Omni Capital* at 104 (personal jurisdiction requires satisfaction of service requirements, not mere notice); *Murphy Bros*. at 347–48 (formal service is necessary to bring a defendant under the court's

authority); *and Kangol LLC* at 801-02 (vacating default judgment for improper Hague-violating service notwithstanding defendants' awareness of the action). The absence of a Rule 4(f)(3) order is especially significant because Plaintiff never even asked the district court to authorize an alternative method. There is accordingly no judicial authorization to which Plaintiff can point as a basis for claiming substantial compliance with Rule 4(f).

## III. Wilton did not waive its jurisdictional objection.

The record shows preservation, not waiver. Wilton appeared through counsel in August 2022 and promptly moved to dismiss for lack of personal jurisdiction and insufficient service. In that motion, Wilton challenged both contacts with Illinois and the validity of Plaintiff's foreign service attempts, expressly invoking Rule 12(b)(2) and Rule 4(f). When the first motion was denied as moot because the case was diverted to settlement, Wilton renewed the same jurisdictional motion in March 2023.

The Seventh Circuit has held that a defendant may waive a personal-jurisdiction objection "by giving the plaintiff a 'reasonable expectation' that [the defendant] 'will defend the suit on the merits'" and by engaging in conduct consistent with litigating the merits rather than pressing the jurisdictional defense *German American Financial Advisors and Trust Co. v. Rigsby*, 623 Fed. Appx. 806, 808 (7th Cir. 2015). But that is not this case. Wilton never answered the complaint, never pursued merits discovery, did not serve Rule 26 disclosures because its jurisdictional motion was pending, and never sought affirmative merits relief. Its participation was confined to court-directed settlement proceedings and related status reporting.

That limited participation does not amount to consent to personal jurisdiction. The joint settlement-related statements signed by counsel on behalf of multiple defendants concerned settlement posture and scheduling; they did not withdraw Wilton's Rule 12(b)(2) motion, concede

the sufficiency of service, or stipulate to personal jurisdiction. A defendant does not forfeit a preserved jurisdictional objection merely by complying with court orders requiring participation in settlement discussions while a Rule 12(b)(2) motion remains unresolved. *See Pierson v. National Institute for Labor Relations Research,* 2016 WL 6093490, 4 (N.D. Ill. 2016)) and *KnowledgeAZ, Inc. v. Jim Walter Resources, Inc.*, 452 F.Supp.2d 882, 895 (2006))

**IV. The district court never adjudicated personal jurisdiction over Wilton on the merits.**

This point is central. Docket [52] was denied as moot because the court believed the case had settled. Docket 83, the renewed motion, was later dismissed without prejudice after counsel withdrew and the court directed the corporate defendants to obtain replacement counsel. That procedural disposition was not a ruling that service was valid, not a ruling that jurisdiction existed, and not a ruling that Wilton's objection lacked merit.

Thus, the judgment now challenged was entered against Wilton without any merits determination that the court had acquired personal jurisdiction over Wilton. In Rule 60(b)(4) terms, that matters because there is no prior adjudication to which Plaintiff can point as having conclusively resolved the service or jurisdiction issue.

**V. Relief under Rule 60(b)(4) should be granted notwithstanding the passage of time.**

A motion under Rule 60(b)(4) must be filed within a reasonable time, but where a judgment is truly void for lack of personal jurisdiction, timeliness concerns carry less weight than in ordinary Rule 60(b) cases. The Seventh Circuit in *Philos Technologies, Inc. v. Philos & D, Inc.,* 645 F.3d 851, 855-859 (7th Cir.2011) allowed a post-judgment Rule 60(b)(4) attack on a Northern District of Illinois judgment by foreign defendants challenging personal jurisdiction, reinforcing that voidness, not ordinary excusable neglect, governs the analysis.

Here, Wilton's jurisdictional objection was raised early, preserved repeatedly, and never abandoned. The present challenge arises in direct response to Plaintiff's recent effort to enforce the Illinois judgment in the Isle of Man, the very jurisdiction where Wilton is organized and where the service defect occurred. Under these circumstances, a Rule 60(b)(4) motion filed to prevent enforcement of a void judgment is timely.

## CONCLUSION

Because Plaintiff never properly served Wilton Group Limited under Rule 4(f), never obtained court authorization for any alternative method of foreign service, and never secured a merits ruling establishing personal jurisdiction, the judgment entered against Wilton is void. The Court should vacate the judgment against Wilton Group Limited under Rule 60(b)(4) and grant such further relief as is just and proper.

DATED: August 18, 2026

Respectfully submitted,

By: /s/*Neal H. Levin*

Neal H. Levin
RIMÔN P.C.
875 N. Michigan Avenue, Suite 3100
Chicago, IL 60611
Tel: (312) 224-0966
neal.levin@rimonlaw.com

*Attorney for Defendant*
*Wilton Group, Limited (Isle of Man)*