**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VIKRAM P. GROVER d/b/a<br>“IX ADVISORS” a/k/a “IXA,”<br><br>Plaintiff,<br><br>v.<br><br>NET SAVINGS LINK, INC., a Colorado Corporation and formerly organized as a Nevada corporation,<br>WILTON GROUP LIMITED, as Registered in the Isle of Man, U.K.,<br>WILTON UK (GROUP), LIMITED, as Registered in England and Wales, U.K.,<br>CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and<br>JAMES A. TILTON,<br><br>Defendants. | Case No. 1:21-cv-05054<br><br>Honorable Mary M. Rowland |

**DECLARATION OF THEUNIS BASSAGE**

I, Theunis Bassage, pursuant to 28 U.S.C. § 1746, declare as follows:

1. My name is Theunis Bassage, I am over the age of 18 and competent to testify to the matters set forth herein. I make this declaration based on my personal knowledge gained in my role as head of corporate and legal for Wilton Group Limited, records reviewed by me, inquiries made by me in that role at the relevant time, and information provided to me as stated below. If called as a witness, I could and would testify competently to those matters.

2. I was the head of corporate and legal for Wilton Group Limited from 5 May 2018 until January 2024. In that capacity, I was familiar with Wilton Group Limited’s corporate status, its business operations, its lack of contact with the State of Illinois, the circumstances under which

Wilton Group Limited learned of this action, and the manner in which documents were purportedly delivered in connection with this lawsuit.

3. Based on Wilton Group Limited's corporate records available to me while I was head of corporate and legal, Wilton Group Limited is an entity organized and registered in the Isle of Man. Its principal address at the relevant time was Grosvenor House, 66-67 Athol Street, Douglas, Isle of Man, IM1 1JE, U.K.

4. In dealing with the matter as In-House Legal Counsel I investigated the circumstances surrounding the matter, and based on my research, investigations and records made available to me at the time I established that:

4.1 Wilton Group Limited did not maintain any office in the United States of America and has never maintained any office in the State of Illinois.

4.2 Wilton Group Limited has never transacted business in the State of Illinois.

4.3 No member of the board of Wilton Group Limited ever set foot in the State of Illinois in connection with the matters alleged in the complaint in this action.

4.4 Wilton Group Limited did not enter into any agreement with Plaintiff Vikram P. Grover, did not review or approve any agreement with him, and did not correspond with him regarding the alleged transaction described in the complaint.

4.5 Wilton Group Limited had no business records addressing the allegations of the complaint when this lawsuit first came to its attention, and after inquiry no correspondence between Wilton Group Limited personnel and Plaintiff was located.

4.6 Wilton Group Limited did not authorize James Tilton to act on its behalf in the Grover matter, and James Tilton was not an officer, director, shareholder, employee, or authorized agent of Wilton Group Limited.

5. With respect to service of process in this action, I understand that Wilton Group Limited was not served through the Hague Service Convention, including through any Central Authority process, nor was it served by any other internationally agreed means authorized under Federal Rule of Civil Procedure 4(f)(1).

6. To my knowledge, Plaintiff did not seek and this Court did not enter any order authorizing alternative service on Wilton Group Limited under Federal Rule of Civil Procedure 4(f)(3).

7. To my knowledge, the only purported service on Wilton Group Limited was by delivery through a local person or local agency in or about December 2021, without compliance with the Hague Service Convention and without any advance court order authorizing an alternative method of service.

8. While I was legal adviser to Wilton Group Limited, including at the time the papers in this action were served or purportedly served, I became aware that Wilton Group Limited first learned of the existence of this lawsuit outside any Hague-compliant service process and not through any formal service authorized by this Court under Rule 4(f)(3).

9. After learning of the lawsuit, Wilton Group Limited retained U.S. counsel for the limited purpose of appearing and challenging the Court's exercise of personal jurisdiction and the sufficiency of service of process.

10. Consistent with that limited purpose, Wilton Group Limited, through counsel, moved to dismiss for lack of personal jurisdiction and insufficiency of service. To my knowledge

Wilton Group Limited did not answer the complaint, did not seek affirmative merits relief, and did not provide Rule 26 initial disclosures while its jurisdictional motion was pending.

11. I was aware that Wilton Group Limited participated in settlement-related proceedings only because the Court referred the case for settlement and required the parties to participate in that process. It was my understanding that Wilton Group Limited did not intend by such participation to concede personal jurisdiction, waive its service objections, or abandon its challenge to this Court's authority over it.

12. To the best of my knowledge Wilton Group Limited's jurisdictional objection was never adjudicated on the merits. I understood that the first motion to dismiss was denied as moot following the settlement referral, and the renewed motion was later dismissed without prejudice after counsel withdrew, not because the Court found service valid or personal jurisdiction proper.

13. While I was legal adviser to Wilton Group Limited, my investigations showed that Wilton Group Limited never authorized any person to accept defective service on its behalf in lieu of Hague-compliant service, and never agreed that informal delivery through a local person or agency would constitute valid service in this action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Aug 18, 2026, at London.

Theunis Bassage
Theunis Bassage (Aug 18, 2026 20:51:47 GMT+1)
Theunis Bassage

# Declaration of Theunis Bassage

Final Audit Report 2026-08-18

| | |
|---|---|
| Created: | 2026-08-18 |
| By: | Kellie Turner (kellie.turner@rimonlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA4Xm4reO6GrzM0HpUtwRlg82_4MHT3LN4 |

## "Declaration of Theunis Bassage" History

Document created by Kellie Turner (kellie.turner@rimonlaw.com)
2026-08-18 - 4:56:26 PM GMT

Document emailed to theunis.bassage@yahoo.com for signature
2026-08-18 - 4:57:23 PM GMT

Email viewed by theunis.bassage@yahoo.com
2026-08-18 - 7:43:48 PM GMT

Signer theunis.bassage@yahoo.com entered name at signing as Theunis Bassage
2026-08-18 - 7:51:45 PM GMT

Document e-signed by Theunis Bassage (theunis.bassage@yahoo.com)
Signature Date: 2026-08-18 - 7:51:47 PM GMT - Time Source: server - Signature Appearance Selected: TYPE

Agreement completed.
2026-08-18 - 7:51:47 PM GMT