**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **VIKRAM P. GROVER d/b/a "IX ADVISORS" a/k/a "IXA,"**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NET SAVINGS LINK, INC., a Colorado corporation and formerly organized as a Nevada corporation, WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., WILTON UK (GROUP), LIMITED, as registered in England and Wales, U.K., CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and JAMES A. TILTON,**<br><br>**Defendants.** | **Civil Action No. 1:21-CV-05054**<br>**Honorable Mary M. Rowland** |

**PLAINTIFF VIKRAM P. GROVER'S MOTION FOR LEAVE TO FILE [PROPOSED] SUR-REPLY TO DEFENDANT WILTON GROUP LIMITED'S MOTION UNDER RULE 60(b)(4) TO VACATE JUDGMENT AS VOID**

## I. INTRODUCTION

NOW COMES the Plaintiff, Vikram P. Grover d/b/a "IX Advisors" a/k/a "IXA" (the "Plaintiff" or "Grover"), and respectfully submits this instant Motion for Leave to File the [Proposed] Sur-Reply to the Rule 60(b)(4) Motion to Vacate Judgment as Void (the "Motion to Vacate"), filed by the Defendant, Wilton Group Limited ("Wilton"). Plaintiff seeks leave to file the attached [Proposed] Sur-Reply, attached hereto as **Tab A**, to address a distinct legal issue found within Wilton's Reply to Plaintiff's original Opposition to the Motion to Vacate. Namely, Plaintiff seeks to address, clarify, and rebut Wilton's assertion that the Plaintiff's allegations pertaining to

personal jurisdiction over it at this juncture of the litigation have not been "proven," despite this Court's own legal rulings and factual findings on Plaintiff's Motion for Summary Judgment back in 2024 which clearly establish this Court's power to exercise personal jurisdiction over Wilton due to this Court's finding of a civil conspiracy to defraud the Plaintiff between and among all of the Defendants. The Plaintiff respectfully asserts that the instant [Proposed] Sur-Reply will further aid this Court in adjudicating Wilton's Motion to Vacate.

WHEREFORE the Plaintiff respectfully requests that its Motion for Leave be allowed and Plaintiff be permitted to file the attached [Proposed] Sur-Reply.

Respectfully Submitted,

PLAINTIFF, Vikram P. Grover,

By his Attorneys,

*/s/ Philip M. Giordano*
Philip M. Giordano, Esq. (BBO No. 193530)
Julian A. Frare, Esq. (BBO No. 713102)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, Sixth Floor
Boston, Massachusetts 02109
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com
Email: jfrare@reedgiordano.com

Dated: October 26, 2026

## CERTIFICATE OF SERVICE

I, Philip M. Giordano, do hereby state that on the 26th day of October 2026, I caused to be served the Plaintiff's Motion for Leave to File [Proposed] Sur-Reply to Wilton's Motion to Vacate, by and through this Court's electronic filing system and that such filing is able to be viewed by all counsel of record.

*/s/ Philip M. Giordano*
Philip M. Giordano

Dated: October 26, 2026

# **TAB A**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **VIKRAM P. GROVER d/b/a "IX ADVISORS" a/k/a "IXA,"**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NET SAVINGS LINK, INC., a Colorado corporation and formerly organized as a Nevada corporation, WILTON GROUP, LIMITED, as registered in the Isle of Man, U.K., WILTON UK (GROUP), LIMITED, as registered in England and Wales, U.K., CHINA FOOD AND BEVERAGE CO., a Colorado corporation, and JAMES A. TILTON,**<br><br>**Defendants.** | **Civil Action No. 1:21-CV-05054**<br>**Honorable Mary M. Rowland**<br><br>**REQUEST FOR ORAL ARGUMENT** |

**PLAINTIFF VIKRAM P. GROVER'S [PROPOSED]**
**SUR-REPLY TO DEFENDANT WILTON GROUP LIMITED'S**
**MOTION UNDER RULE 60(b)(4) TO VACATE JUDGMENT AS VOID**

## I. INTRODUCTION

The Plaintiff, Vikram P. Grover d/b/a "IX Advisors" a/k/a "IXA (the "Plaintiff" or "Grover") respectfully submits this instant Sur-Reply to the Rule 60(b)(4) Motion to Vacate Judgment as Void (the "Motion to Vacate"), filed by the Defendant, Wilton Group Limited ("Wilton"), to address a distinct issue found within Wilton's Reply to Plaintiff's original Opposition to the Motion to Vacate. Namely, Plaintiff seeks to address and rebut Wilton's assertion that exercise of personal jurisdiction over it at this juncture of the litigation is inappropriate because "Plaintiff has not established personal jurisdiction through alter ego, agency,

or Wilton's own Illinois contacts" due in part because the "[t]he alter-ego allegations were never proven." *See* Wilton's Reply, p. 8. In essence, Wilton seeks to excuse the Judgment rendered against it due to a purported failure by the Plaintiff to substantiate its jurisdictional allegations detailed within his original Complaint. For the reasons set forth below, this argument is unavailing. As result, Plaintiff respectfully requests again that this Court deny Wilton's Motion to Vacate.

## II. <u>ARGUMENT</u>

In its Reply, Wilton attempts to make its substantive arguments against exercise of personal jurisdiction on the belief that: "Plaintiff never obtained an evidentiary finding that Wilton was an alter ego of a domestic defendant, that Tilton possessed actual or apparent authority from Wilton, or that Wilton purposefully availed itself of Illinois." *See id.* at p. 2. Because Wilton withdrew itself from the litigation over three (3) years ago prior to discovery, it may not have realized that this Court has already made several factual findings which has since proven Wilton's connection with Illinois such that exercise of personal jurisdiction is proper. Chief among these findings is this Court's finding of a civil conspiracy between and among all of the Defendants in perpetuating a fraud against the Plaintiff. In its Memorandum and Decision on Plaintiff's Motion for Summary Judgment, this Court clearly stated:

> "As discussed, Tilton, in concert with then-CEO Steven Baritz, CHIF ***and the Wilton Parties***, fraudulently concealed NSAV's change-of-control from Grover to prevent Grover from receiving his commission and refused to compensate him when such change of control occurred. Inferring from the circumstances, ***the fraud was perpetuated by the Corporate Defendants and Tilton, together in concert,*** to avoid any payment to Grover while they reaped the benefits of his services."

Memorandum Opinion, Dkt. No. 211, p. 17 (emphasis added) (citations omitted).

Courts in the Seventh Circuit have long held that nonresident co-conspirators can avail themselves of the privileges of conducting in a forum state such that exercise of personal

jurisdiction is proper when their other co-conspirators have performed substantial acts in the forum state in furtherance of the conspiracy. *See, e.g., Plastic Film Corp. of Am. v. Unipac, Inc.*, 128 F. Supp. 2d 1143, 1146 (N.D. Ill. 2001). Ordinarily, to conform with Illinois' long-arm statute and federal due process standards, a court may exercise jurisdiction over a nonresident co-conspirator when the party asserting jurisdiction:

> (1) make[s] a prima facie *factual* showing of conspiracy (i.e., point[s] to *evidence showing the existence of a conspiracy and the defendant's knowing participation in that conspiracy* ); (2) allege[s] specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) show[s] that the defendant's co-conspirator committed a tortious act pursuant to the conspiracy in the forum.

*See id.* (original emphasis). As Wilton is seeking to vacate a judgment under Rule 60(b)(4) as void, the burden instead rests on it to demonstrate that the Plaintiff has not already satisfied these three (3) elements. *See Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 401 (7th Cir. 1986).

Aside from the insufficiency of Wilton's flimsy Declaration of Theunis Bassage in attempting to overturn the exercise of personal jurisdiction, Wilton additionally cannot overcome this Court's own finding of a civil conspiracy between Wilton and James Tilton. While Wilton remained idle, Plaintiff and Defendant James Tilton did engage in discovery and produce evidence demonstrating Wilton's acts and omissions giving rise to its liability. The factual record, according to this Court's decision on Plaintiff's summary judgment motion, reflected clearly that Wilton was actively and knowingly involved in a conspiracy with James Tilton and that James Tilton, in concert with Wilton, committed a tortious act against Plaintiff in the State of Illinois. Dkt. No. 211, p. 17.

As demonstrated by the summary judgment decision, this Court clearly can exercise jurisdiction over Wilton as a co-conspirator of Defendant James Tilton and the other Defendants.

But even if no finding of a conspiracy had been made, the factual record produced at the summary judgment stage already proved substantially all of the Plaintiff's allegations in his Complaint, that Wilton was an alter-ego of the Defendants, and that it engaged in fraud in the State of Illinois such that jurisdiction could be exercised. *See, e.g.,* Statement of Undisputed Material Facts, Dkt. No. 152, Attachment #1, ¶¶ 21; 25; 27 34; 39; 42; 58; 73; 79; 82; 85. Once again, had Wilton desired to rebut these proven allegations, it had ample time as provided by this Court to engage counsel and respond to Plaintiff's discovery requests. Its unwillingness to do so proved costly. Neither the Court nor the Plaintiff should be punished for Wilton's own mistakes on how it chose to navigate the instant litigation.

## III. CONCLUSION

For the reasons set forth, Plaintiff respectfully requests that this Court **DENY** Wilton's Motion to Vacate.

Respectfully Submitted,

PLAINTIFF, Vikram P. Grover,

By his Attorneys,

*/s/ Philip M. Giordano*

Philip M. Giordano, Esq. (BBO No. 193530)
Julian A. Frare, Esq. (BBO No. 713102)
Giordano & Company, P.C.
REED & GIORDANO, P.A.
One McKinley Square, Sixth Floor
Boston, Massachusetts 02109
Telephone: (617) 723-7755
Facsimile: (617) 723-7756
Email: pgiordano@reedgiordano.com
Email: jfrare@reedgiordano.com

Dated: October 26, 2026

**CERTIFICATE OF SERVICE**

I, Philip M. Giordano, do hereby state that on the 26th day of October 2026, I caused to be served the Plaintiff's Sur-Reply to Wilton's Motion to Vacate, by and through this Court's electronic filing system and that such filing is able to be viewed by all counsel of record.

*/s/ Philip M. Giordano*
Philip M. Giordano

Dated: October 26, 2026